FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

08 NOV 13 PM 4:12

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARIA GUZMAN MORALES & <br> MAURICIO R. GUARJARDO, & <br><br> On behalf of themselves and all other <br> similarly situated individuals. <br><br> Plaintiffs, <br><br> v. <br><br> FARMLAND FOODS, INC. <br> & SMITHFIELD FOODS, INC. <br><br> Defendants. | CIVIL ACTION <br><br> Case No. 8:08CV504 <br><br><br><br><br><br><br><br> **JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiffs, Mauricio Guarjardo, & Maria Guzman Morales, on behalf of themselves and other similarly situated employees (hereinafter collectively referred to as "Plaintiffs"), brings this lawsuit against Defendant, Farmland Foods, Inc., Smithfield Foods, Inc. (hereinafter collectively referred to as "Defendants") seeking to recover for Defendants' violations of the Fair Labor Standards Act of 1938 (hereinafter "FLSA"), and Nebraska the Nebraska Wage & Hour Act, R.R.S NEB. §§ 48-1201-1209; and the Nebraska Wage Payment & Collection Act, R.R.S. Neb. § 48 – 1228 – 1232. Plaintiffs allege, upon information and belief, except as to the allegations that pertain to the named Plaintiffs and their counsel, which are based upon personal knowledge, as follows:

### I. INTRODUCTION

1.  This is a class action brought by Plaintiffs on behalf of themselves and all other similarly situated current and former hourly production and support employees of

1

Defendants, at their hog slaughter and processing facility located in Crete, Nebraska.

2. Plaintiffs were employees of Defendants. Defendants have failed to pay Plaintiffs their minimum hourly rate of pay for all hours of work they performed in addition to overtime as required by Federal law.

3. The uncompensated time includes, but is not limited to, all time spent preparing, donning and doffing PPE, waiting to receive protective equipment and sanitize their persons, walking to work stations waiting for production work to begin, sanitizing sanitary and safety equipment, persons and clothing, waiting in line to sanitize their persons, protective equipment and work tools, time spent sharpening knives, and all other activities in connection with these job functions, before and after paid time, and during both paid breaks and unpaid lunch breaks.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiffs claims because they are brought pursuant to the Fair Labor Standards Act, 29 U.S.C. 216(b), and because they raise a Federal question pursuant to 28 U.S.C. §1331. This Court also has jurisdiction in this matter over Plaintiffs' state law class claims pursuant to 28 U.S.C. § 1332(d) since the matter is a class action in which the aggregate claims of the individual class members exceeds the sum or value of $5,000,000 exclusive of interest and costs, and Defendants are not a citizens of the state of Nebraska as defined by 28 U.S.C. § 1332(c). Defendant Farmland, is a Delaware Corporation and a subsidiary of Smithfield Foods. Defendant, Smithfield Foods is a Virginia Corporation with its principal place of business being located in Smithfield, Virginia.

5. Venue is proper in their District pursuant to 28 U.S.C. 1391 (a) and because a

substantial amount of the events or omissions giving rise to these claims occurred within this judicial district and because defendant resides within this judicial district and thus, is subject to personal jurisdiction within this judicial district.

### III. PARTIES

6. Plaintiffs, Maria Guzman Gonzalez, & Mauricio Guarjardo respectively reside in Dorchester, Nebraska and Columbus, Nebraska.

7. Defendants' hog slaughter and processing facility is located in Crete, Nebraska. Defendants regularly sell pork products within the District of Nebraska. Defendants are corporations engaged in interstate commerce and in the production of goods for commerce throughout the United States.

### IV. CLASS ACTION ALLEGATIONS

8. Plaintiffs bring this class action for all state law claims on behalf of themselves and all other similarly situated current and former production and support employees of Defendants hog slaughter and processing facility located in Crete, Nebraska ("class members"). Moreover, the named plaintiffs assert individual Federal claims under the Fair Labor Standards Act.

9. Plaintiffs believe that there are at least 6000 present and former production and support employees in the class during the relevant state class period of September 2005 to the present.

10. Given the Defendants size and the systematic nature of defendant's failure to comply with Nebraska statutory law and common law, the members of the class are so

numerous that joinder of all members is impractical.

11.  The named Plaintiffs claims are typical of the claims of the class members because they are or were hourly production workers who, like the class members, sustained damages arising out of Defendant's unlawful compensation system as described in more detail herein.

12.  Plaintiffs will fairly and adequately protect the interests of the Class members. Plaintiffs have retained counsel, competent and experienced in complex action and wage and hour litigation.

13.  Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual class members. Among the questions of law and fact common to Plaintiffs and the Class are:

- a.  Whether the worked performed by Plaintiffs and the class is included in the type of work Defendants employed Plaintiffs and the class to perform;

- b.  Whether the work performed by Plaintiffs and the class is compensable under Nebraska law;

- c.  Whether the Defendants have engaged in a pattern and/or practice in Nebraska of forcing coercing and/or permitting Plaintiffs and the class to perform work for Defendants' benefit which was not compensated;

    d.    Whether Defendants failed to permit meal and rest periods as required by Nebraska law, other applicable regulations, and/or Defendant's stated policies;

    e.    Whether Defendants have failed to properly compensate Plaintiffs and the class in connection with interruptions to their meal or rest periods;

    f.    Whether Defendants have failed to keep true and accurate time records for all hours worked by its employees as required by Defendant's policies and the Nebraska Wage and Hour Act. R.R.S. Neb. §§ 48-1201-1209.

    g.    Whether Defendants have failed to pay plaintiffs and the class for all of the work Defendant required them to perform;

    h.    Whether Defendants violated the Nebraska Wage and Hour Act R.R.S. Neb §§ 48-1201-1209.

    i.    Whether the Defendants violated the Nebraska Wage Payment and Collection Act, R.R.S. Neb. §§48-1228-1232; and

    j.    The nature and extent of class – wide injury and the measure of damages for the injury.

14.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number

of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Class is readily identifiable from the Defendants own employment records.

15. Prosecution of separate class actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to the individual members of the Class that would establish incompatible standards of conduct for Defendant.

16. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all class members is impractical. Furthermore, the amounts at stake for many of the class members, while substantial, are not great enough to enable them to maintain separate suits against the Defendants.

17. Without a class action, the Defendants will likely retain the benefit of their wrong doing and will continue a course of action which will result in further damages to Plaintiffs and the Class. Plaintiffs envision no difficulty in the management of this action as a class action.

## V.   PELIMINARY ALLEGATIONS

18. Defendants own and operate a hog processing facility located in Crete, Nebraska. The complained of unlawful compensation system at issue in this

complaint has affected, and continues to adversely affect, Defendant's present and former production and support employees at this location.

19. Under Defendants' wage compensation system, Defendants paid/pays Plaintiffs and class members only during the time that the processing line is running under a system known as "gang time."

20. Defendants, as a matter of policy and practice, do not pay their employees for all required pre production and post production work activities that are necessary and integral to their overall employment responsibilities. These pre processing and post processing work activities are all integral and indispensable to the performance of the jobs of the Plaintiffs and the Class.

21. Pursuant to federal regulations and Defendant's own internal policies and procedures, Plaintiffs and Class members are required to wear uniforms and special personal protective equipment ("PPE") for protection and sanitary reasons. Uniforms include shirts, pants and boots. PPE includes, *inter alia*, plastic aprons, belly guards, wrist guards, sleeves, sheaths, gloves, mesh gloves, mesh aprons, hardhats, hairnets, earplugs, coveralls, eye protection, and other protective equipment and coverings. Most of Defendant's employees use knives and other sharp instruments in the course of their work and the PPE is designed to protect Defendant's pork product from contamination by food borne diseases.

22. Plaintiffs were paid an hourly wage and were not exempt from the wage and hour requirements set forth in the FLSA.

23. Plaintiffs were required to don and doff various clothing, gear and protective

equipment, sanitize persons and equipment, sharpen knives, and wait in lines after the continuous work day's first principal activity (i.e., donning personal protective equipment (hereinafter "PPE")), all of which was an integral and indispensable part of the principal activities for which she was employed.

24. At the beginning of the work day, before and after paid and unpaid breaks, and at the conclusion of the work day, Plaintiffs were required to sanitize their person, and various pieces of protective equipment and gear.

25. Plaintiffs were not paid for all of their pre-processing line, pre break, post break and post processing line work, including *inter alia,* time spent waiting to pick up their clothing/gear/equipment, donning & doffing their PPE, waiting to receive PPE, sanitizing their hands/gear/equipment, traveling to their work station, waiting at their work stations for production to begin, waiting to sanitize their persons and PPE, walking time.

## COLLECTIVE CLASS ACTION ALLEGATIONS

26. Plaintiffs bring their FLSA claim pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following opt in litigants:

> All individuals employed by Defendants at their Crete, Nebraska since November 4, 2008.

27. Plaintiffs and the above class members are "similarly situated" as that term is defined in 29 U.S.C. § 216(b), because, *inter alia,* all class members worked pursuant to Defendant's common business practices and, as a result of such practices, were not compensated for all work performed during the workday and, with respect to such work,

were not paid the legally mandated overtime premium.

28.     Class certification is appropriate under FRCP 23(b)(1) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendant and/or because adjudications with respect to individual class members would as a practical matter be dispositive of the interests of other class members.

29.     Class certification is appropriate under FRCP 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the class, making appropriate declaratory and injunctive relief with respect to the Plaintiffs and the class as a whole. Class members are entitled to injunctive relief to end Defendant's common business practices of *inter alia*, failing to compensate class members for all hours worked and with respect to such hours, failing to pay class members the legally mandated overtime premium.

30.     Class certification is appropriate under FRCP 23(b)(2) because 23(b)(3) because common questions of law and fact predominate over any questions affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of their litigation. The damages suffered by individual class members are small compared to the expense and burden of individual prosecution of their litigation. In addition, class certification is superior because, *inter alia*, it will obviate the need for unduly duplicative litigation, which might result in inconsistent judgments about Defendant's business practices.

31.     Plaintiffs know of no difficulty that will be encountered in the management of their litigation and preclude its maintenance as a class action.

32.     Plaintiffs will fairly and adequately protect the interests of the Class members.

Plaintiffs have retained counsel competent and experienced in complex class action wage and hour litigation.

33. Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual Class members. Among the questions of law and fact common to Plaintiffs and the Class are:

    a. Whether the work performed by Plaintiffs and the Class is included in the type of work Defendant employed Plaintiffs and the Class to perform;

    b. Whether the work performed by Plaintiffs and the Class is compensable under Federal law;

    c. Whether Defendants have engaged in a pattern and/or practice of forcing, coercing, and/or permitting Plaintiffs and the Class to perform work for Defendant's benefit which was not compensated;

    d. Whether Defendants have engaged in a pattern and/or practice of disciplining or retaliating against Plaintiffs and the Class for not performing certain work without being compensated;

    e. Whether Defendants have failed to permit meal and rest periods as required by Nebraska law, other applicable regulations, and/or Defendant's stated policies;

    f. Whether Defendants have failed to properly compensate Plaintiffs and the Class in connection with interruptions to their meal or rest periods;

    g. Whether Defendants failed to pay Plaintiffs and the Class for all of the work Defendant required them to perform;

    h. The nature and extent of class-wide injury and the measure of damages

for the injury.

## COUNT I
## VIOLATION OF THE NEBRASKA WAGE & HOUR ACT
## R.R.S NEB. §§ 48-1201-1209

34. All previous paragraphs are incorporated as though fully set forth hereunder.

35. Upon information and belief, this statute has a three year statute of limitations.

36. Defendants are required to compensate its employees per the very specific terms of the Nebraska Wage & Hour Act R.R.S NEB. §§ 48-1201-1209, which mandates that employees pay all employees a wage no less than the minimum wage.

37. Defendants, as a matter of policy, fails to pay their employees for all hours worked, in direct violation of the Nebraska Wage & Hour Law.

38. As a result of Defendants' illegal pay policies, Plaintiffs and other hourly employees, employed at Defendant's Omaha, Nebraska processing facility have not been paid for all hours worked, and have suffered economic damages in an amount to be determined at trial, together with statutory interest, costs, and attorney's fees.

39. As a result of Defendants' illegal pay practices, Plaintiffs and other employees have been denied over time compensation, which they otherwise would have earned had they been paid for all hour s worked.

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated individuals, pray for judgment against the Defendants as follows:

1. That their action may proceed as a class action pursuant to FRCP 23;

2. That this Court order an accounting of lost wages.

3. That this Court award lost wages, lost over time wages, statutory penalties, interests, costs, and attorneys' fees.

## COUNT II

### Violation of the Nebraska Wage Payment Collection Act
### R.R.S. Neb. § 48 – 1228 – 1232

40. All previous paragraphs are incorporated as though fully set forth hereunder.

41. Defendants have failed to pay their employees for all time worked in direct contravention of the Nebraska Wage Payment Collection Act.

42. Specifically, Defendants fail to pay their hourly employees for all pre and post processing line work activities including, but not limited to, donning clothing and protective equipment (hereinafter "PPE"), time spent waiting in line to receive PPE, time spent walking to work stations, time spent doffing during the 30 minute lunch break, time spent donning during the 30 minute lunch break, time spent sanitizing during the unpaid 30 minute break, time spent doffing at the end of the shift, time spent waiting to sanitize at the end of the shift, time spent sanitizing at the end of the shift, time spent returning to locker rooms after sanitizing, time spent changing out of PPE into street clothes, time spent waiting in line for security checks.

43. Defendants' failure to pay the plaintiff's for all pre processing line and post processing line work activities is in violation of the Nebraska Wage Payment Collection Act.

44. As a result of Defendants' systematic violation of the Nebraska Wage Payment

Collection Act, Plaintiffs and all other similarly situated individuals have not received all wages to which they are entitled to under Nebraska law.

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated individuals, pray for judgment against the Defendants as follows:

1. That their action may proceed as a class action pursuant to FRCP 23;

2. That this Court order an accounting of lost wages.

3. That this Court award lost wages, lost over time wages, statutory penalties, interests, costs, and attorneys' fees.

## COUNT III

### Violation of the Federal Fair Labor Standards Act
### 29 U.S.C. § 201, *et seq.*

45. The FLSA requires that covered employees receive overtime compensation not less than one half times the employees regular rate of pay for all hours worked over 40 hours in a work week. *See* 29 U.S.C. § 207(a)(1).

46. Plaintiffs and the class are covered employees entitled to the FLSA's protections.

47. Plaintiffs and the class are not exempt from receiving FLSA overtime benefits because *inter alia* they are not executive, administrative, or professional employees as those terms are defined under the FLSA. *See* 29 C.F.R. §§541.0, *et seq.*

48. Defendants are covered employers required to comply with the FLSA's mandates.

49. Defendants have violated the FLSA with respect to the Plaintiff and the class by, *inter alia,* failing to compensate Plaintiffs and the class for all hours worked and, with respect to such hours, failing to pay Plaintiffs and the class the legally

mandated overtime premium for such work.

50. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for judgment against the Defendant as follows:

1. That their action may proceed as a class action pursuant to 29 U.S.C. § 216(b), and as a class action pursuant to FRCP 23;

2. Prompt notice, pursuant to 29 U.S.C. § 216(b) of ttheir litigation to all potential class members;

3. Compensatory and back pay damages to the fullest extent permitted under Federal Law;

4. Liquidated damages to the fullest extent permitted under Federal Law;

5. Litigation costs, expenses and attorneys' fees to the fullest extent permitted under Federal law.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury as to all claims so triable.

Respectfully submitted,

By: *[signature]*

Christopher Welsh, #22279
James R. Welsh, #14459
WELSH & WELSH, PC, LLO
9290 West Dodge Road
100 The Mark
Omaha, Nebraska 68114
(402) 384-8160
(402) 384-8211 (fax)
ATTORNEYS FOR PLAINTIFFS