IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MARIA GUZMAN MORALES and )
MAURICIO R. GUARJARDO, )
 )
             Plaintiffs, )        8:08CV504
 )
             v. )        ORDER
 )
FARMLAND FOODS, INC., )
a Delaware Corporation and subsidiary )
of Smithfield Foods, )
 )
             Defendant. )

    This matter is before the court on the defendant's Motion to Change Place of Trial to Lincoln, NE (Filing No. 27). The defendant filed a brief (Filing No. 28) and an affidavit (Filing No. 27-2) in support of the motion. The plaintiffs filed a brief (Filing No. 31) and an affidavit (Filing No. 32) in opposition to the plaintiffs' motion. In reply, the defendant filed a brief (Filing No. 35) and an index of evidence (Filing No. 36).

## BACKGROUND

    According to the allegations in the complaint, the plaintiffs brought this action on behalf of themselves and other similarly situated as employees or former employees of the defendant's hog slaughter and processing facility in Crete, Nebraska. **See** Filing No. 6 - Amended Complaint p. 1-2. The plaintiffs filed the instant action in Omaha, Nebraska, on November 13, 2008, and filed an amended complaint on November 17, 2008, alleging violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201 to 219, and Nebraska's Wage and Hour Act, Neb. Rev. Stat. §§ 48-1201 to 48-1209, and the Nebraska Wage Payment and Collection Act (Wage Payment Act), Neb. Rev. Stat. §§ 48-1228 to 48-1232. Specifically, the plaintiffs allege the defendant failed to pay a minimum hourly rate of pay for all hours worked in addition to overtime as required by law. **See** Filing No. 6 - Amended Complaint p. 2. The plaintiffs allege the uncompensated time includes time spent at work donning, doffing, and cleaning personal protective equipment, and other similar

activities.  *Id.*  The named plaintiffs live in Dorchester and Columbus, Nebraska.  *Id.* p. 3.  Counsel for the plaintiffs have offices in Omaha, Nebraska; California; and Pennsylvania.

The defendant filed its answer (Filing No. 24) on January 20, 2009, and the instant motion (Filing No. 27) to change the location of trial on February 2, 2009.  Counsel for the defendant have offices in Omaha, Nebraska, and in Georgia.  The defendant is a Delaware corporation.  **See** Filing No. 6 - Amended Complaint p. 3.  The defendant states the plant at issue in this litigation is in Crete, Nebraska, which is approximately 40 minutes by car from Lincoln, Nebraska.  **See** Filing No. 27-2 - Wilson Aff. ¶¶ 1-2.  The distance between Crete and Omaha, Nebraska is approximately 1 hour and 40 minutes.  *Id.* ¶ 3.  The defendant contends almost all of the witnesses including most of the plaintiffs and current supervisors and managers reside in and around Crete, Nebraska.  *Id.* ¶ 4.  Further, the defendant argues it would cause less disruption for the defendant and the witnesses who would travel from the Crete facility in terms of time spent driving.  *Id.* ¶ 5.  The defendant states they currently have 2091 employees of which 938 live in Crete, Nebraska, and 740 live in Lincoln, Nebraska.  **See** Filing No. 36 - Ex. 1 Willson Aff. ¶¶ 2-4.  Additionally, 359 other employees live in cities or towns south and/or west of Lincoln.  *Id.* ¶ 5.  The defendant asserts that it cannot operate without a minimum number of employees.  *Id.* ¶ 6.  Accordingly, if an employee is absent to provide testimony in this case, a replacement must be secured and the employee will be asked to return to the facility after testifying.  *Id.*

The plaintiffs state they, counsel, and expert witnesses would be inconvenienced by moving trial to Lincoln, Nebraska.  **See** Filing No. 31.  Specifically, the plaintiffs assert that of the named plaintiffs, one lives equidistant between Omaha and Lincoln, while the other lives approximately ten miles closer to Omaha.  **See** Filing No. 32 - Downey Aff. ¶ 2.  Additionally, the plaintiffs dispute the move would have any appreciable effect on testifying employees because such employees would likely have to take an entire day away from work.  **See** Filing No. 31 - Brief p. 2-3.  Finally, the plaintiffs contend it would be easier for counsel from Omaha, or from other states, and any out-of-state expert witnesses to travel to Omaha, rather than Lincoln.  *Id.* p. 3.

## ANALYSIS

In deciding the place of trial, "the judge shall consider the convenience of litigants, witnesses and counsel." NECivR 40.1(b)(2). Such consideration involves weighing the interests similar to that performed by a court in consideration of a motion for change of venue pursuant to 28 U.S.C. § 1404(a), which provides for transfers from one district to another or from one division within a district to another. **See** 28 U.S.C. § 1404(a). Section 1404(a) provides that the convenience of the parties and of witnesses, as well as the interest of justice, must be considered in transferring a case to another district. *Id.* Under section 1404(a), the convenience of litigants and witnesses are generally considered to be the most critical factors, while the convenience of counsel, though a factor to be considered, is seldom of controlling weight. *Standard Office Sys. v. Ricoh Corp.*, 742 F. Supp. 534, 537 (W.D. Ark. 1990). The court's local rules contain no provision similar to the provision contained in section 1404(a) regarding consideration of the "interest of justice." **Compare** 28 U.S.C. § 1404(a) (requiring courts to consider convenience of witnesses and parties along with the "interest of justice"), **with** NECivR 40.1(b)(2) (instructing judges to consider the convenience of the parties, witnesses, and counsel).

The party seeking to change the place of trial within this district bears the burden of establishing that the transfer should be granted. **See** NECivR 40.1(b); **compare** *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997) (movant bears burden under section 1404(a)). The plaintiff's choice of forum is given great weight and should not be disturbed unless the movant makes a clear showing that the balance of interests weighs in favor of the movant. *BASF Corp. v. Symington*, 50 F.3d 555, 557 (8th Cir. 1994); *Gen. Comm. of Adjustment v. Burlington N.R.R.*, 895 F. Supp. 249, 252 (E.D. Mo. 1995). A transfer should not be granted if the effect is to merely shift the inconvenience from one party to the other. *Nelson v. Bekins Van Lines Co.*, 747 F. Supp. 532, 535 (D. Minn. 1990) (**citing** *Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964)); *General Comm.*, 895 F. Supp. at 252; **see also** *Ferens v. John Deere Co.*, 494 U.S. 516, 522-23 (1990).

The plaintiffs initially chose Omaha, Nebraska, as the location of trial. However, the defendant seeks to move trial to Lincoln, Nebraska. The convenience to the named

plaintiffs, their counsel, and other witnesses supports keeping trial in Omaha, Nebraska. For the defendant and some potential witnesses, Lincoln appears to be a more convenient location for trial. However, the defendant attempts to show how Lincoln is actually more convenient for the plaintiffs by arguing there may be putative class members who reside near or in Lincoln. The plaintiffs have already chosen the place of trial as Omaha, accordingly the court is unlikely to change the location based on the defendant's argument about the plaintiffs' convenience. While there may be witnesses who work or reside nearer to Lincoln, it is unclear at this time how many such witnesses will be required for trial. Certainly, the trial will not require the testimony of the thousands of employees who work for the defendant. Additionally, any parties or witnesses residing outside of Nebraska may just as conveniently travel to Lincoln as to Omaha, Nebraska. Counsel for neither party is located in Lincoln. The relative convenience of trial to the parties and counsel in Omaha outweighs the convenience to others in having trial in Lincoln. After reviewing the materials submitted by the parties at this time, the court finds that, upon consideration of all factors pursuant to [NECivR](#) 40.1(b)(2), the place of trial should be Omaha, Nebraska. Upon consideration,

**IT IS ORDERED:**

The defendant's Motion to Change Place of Trial to Lincoln, NE ([Filing No. 27](#)) is denied.

DATED this 3rd day of March, 2009.

                                                BY THE COURT:

                                                s/Thomas D. Thalken
                                                United States Magistrate Judge