## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MARIA GUZMAN MORALES, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | 8:08CV504 |
| | ) | |
| v. | ) | **ORDER FOR INITIAL** |
| | ) | **PROGRESSION OF CASE** |
| **FARMLAND FOODS, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

Counsel have conducted their conference required by Fed. R. Civ. P. 26(f) and have filed their report of such conference which has now been reviewed by the court.

**IT IS ORDERED:**

1. **Authorization and Sequence of Discovery.** The parties may now commence discovery. That discovery required to prepare the case for **mediation** or other settlement negotiations and that discovery required to prepare the case for possible summary judgment disposition shall be conducted before other discovery.

2. **Mediation.** If mediation has not heretofore been conducted, counsel shall immediately advise the parties that the court expects them to mediate their dispute if they have not already done so, and may order them to participate in settlement discussions, in the presence of the judge if appropriate. Counsel shall notify the undersigned magistrate judge by joint or separate letters by **June 8, 2009**, addressing the following:

   a. That they have advised their clients of the court's expectations respecting mediation;
   b. That they have hired a mediator and the name of the mediator hired;
   c. The date of their scheduled mediation;
   d. Their joint, or if necessary, separate views on whether the progression of the case should be stayed pending the outcome of their mediation;
   e. If no mediator has been hired by that time, counsel's estimate of when a mediator can be hired and a mediation held;
   f. If a mediation previously has been held, the identity of the mediator, the date of the mediation, and their views as to whether another mediation at this time might be successful in resolving the dispute; and
   g. Whether the parties object to mediation and if so, what the objections are; and

      h.      If the parties have not discussed mediation, what settlement efforts have been undertaken and what actions are planned for the future, together with the timing of such anticipated actions.

Failure to provide the required report will result in postponement of the planning conference until the report has been received.

Counsel are reminded that if parties do not have the funds immediately available to pay a mediator's fees, the court's Plan for Administration of the Federal Practice Fund and the Mediation Plan (both available at www.ned.uscourts.gov) make the Federal Practice Fund available to advance such fees; if the case ends with any payment of money to that party, the Federal Practice Fund must be reimbursed.

3.      The **filing of disclosures** under Fed. R. Civ. P. 26(a)(1), and (2), as well as the filing of discovery documents, depositions, and disclosures required by this order shall be governed by NECivR 26.1.  The disclosures required by Fed. R. Civ. P. 26(a)(3) shall be filed when served.  **Note:  Disclosures that are filed should be redacted so no personal information (e.g., home addresses, phone numbers, Social Security numbers, etc.) is made part of the public record.**

4.      **Withholding Documents from Disclosure or Discovery.**  If any document is withheld from production or disclosure on the grounds of privilege or work product, the producing party shall disclose the following information about <u>each</u> such document withheld: a description of the document withheld with as much specificity as is practicable without disclosing its contents, including (a) the general nature of the document; (b) the identity and position of its author; (c) the date it was written; (d) the identity and position of its addressee; (e) the identities and positions of all persons who were given or have received copies of it and the dates copies were received by them; (f) the document's present location and the identity and position of its custodian; and (g) the specific reason or reasons why it has been withheld from production or disclosure.

5.      **Limits on Discovery.**  Each party is limited to serving **twenty-five (25)** interrogatories on any other party.  The plaintiffs as a group, and the defendants as a group, are each limited to taking **ten (10)** depositions in this case, without leave of court.

6.      **Adding Parties; Amending Pleadings.**  Any motion to amend pleadings and/or add parties shall be filed by the plaintiffs **not later than May 15, 2009**, and by the defendant **not later than June 15, 2009**.

7.      **Certifying Class Actions.**  Any motion to certify this case as a class action shall be filed **on or before June 30, 2009.**  Such motion shall contain a detailed statement identifying the class(es) and subclass(es) for which certification is sought, detailing the facts upon which satisfaction of the requirements of Fed. R. Civ. P. 23(a) is asserted, including but not limited to:

      a.    statements of class numerosity beyond mere speculation; the geographic location of the class members; statements of numerosity of all subclasses beyond mere speculation; the geographic location of the subclass members; and a statement of the notice plaintiffs would give the class and subclass members and the method for achieving such notice;

      b.    an analysis of commonality of questions of law or fact; and statements of whether the claims of the class members are within the periphery of the claims raised by the named plaintiffs;

      c.    an analysis of typicality of claims between the class representative and class members; statements demonstrating similarities of grievances between the class representative and class members; and an analysis of similarity of legal theories despite any factual differences among class members' claims and the claims of the class representative;

      d.    an analysis of the adequacy of the class representative and adequacy of counsel for the representative to represent the interests of the class members; an analysis of whether the interests of the named representative is co-extensive with the interests of the other members of the class; and an analysis of whether the interests of the representative is antagonistic in any way to the interests they represent.

      e.    The movant shall also state the facts upon which satisfaction of Fed. R. Civ. P. 23(b) is asserted, including but not limited to an analysis of which subdivision of Rule 23(b) is most appropriate for certification of the proposed class; an analysis of whether dividing the class into subclasses of those seeking injunctive, declaratory, and monetary relief is appropriate; and statements of the proposed notice plaintiffs would give to the class members should the court find certain class members should be given the opportunity to opt out of the class and when such opt out election should be made.

    8.    **On or before July 31, 2009**, the defendant shall file and serve any objections to class certification specifying with particularity the factual and legal basis of the objections and identifying any facts in which an evidentiary dispute exists.

    9.    **On August 26, 2009, at 10:00 a.m.**, an evidentiary hearing will be held before the undersigned United States Magistrate Judge in Courtroom No. 7, Second Floor,

Roman L. Hruska, U.S. Courthouse, 111 South 18th Plaza, Omaha, Nebraska, to consider all questions coming within the class action issues under Fed. R. Civ. P. 23(a) and (b). At such hearing, the parties may present extracts of depositions, interrogatories, and documentary evidence relevant to any factual dispute, and only upon a showing of good cause will a party be permitted to call a witness to testify in person at the hearing. Following the hearing, the undersigned magistrate judge shall submit a Report and Recommendation to Judge Bataillon regarding class certification in this matter.

10.   **Planning Conference.**  A conference with the undersigned magistrate judge will be held following the class certification hearing on **August 26, 2009**, for the purpose of reviewing the preparation of the case to date and the scheduling of the case to trial. Prior to the conference, counsel for the parties shall have:

- a. Disclosed the names, addresses, and affiliations with any party of all non-expert witnesses;
- b. Disclosed at least the names and addresses of all expert witnesses expected to testify for that party at trial;
- c. Completed a conference with opposing counsel concerning outstanding discovery disputes as required by NECivR 7.1(i);
- d. Discussed with opposing counsel plans for completing the depositions of expert witnesses and other remaining discovery and the filing of motions for summary judgment;
- e. Provided their report(s) on the status of mediation and other settlement efforts as required in paragraph 2, above; and
- f. Discussed with opposing counsel any other matters which may influence the setting of this case for trial.

11.   **Motions to alter dates**.  All requests for changes of deadlines established by this order shall be directed to the magistrate judge by appropriate motion.

12.   The stipulations of the parties regarding discovery and progression matters set forth in their planning report to the court, not in conflict with the provisions of this order, are approved and adopted. The stipulations for dismissal and/or striking of claims and/or defenses contained in the parties' planning report are approved and adopted, and all of such claims and/or defenses are hereby dismissed and/or stricken.

DATED this 18th day of March, 2009.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge