IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MARIA GONZALES MORALES, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **8:08CV504** |
| | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **FARMLAND FOODS, INC.,** | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court on the plaintiffs' Motion to Proceed as a Collective Action and Facilitate Notice Under 29 U.S.C. § 216(b) (Filing No. 50).  The plaintiffs filed a brief (Filing No. 51) and an index of evidence (Filing No. 52) in support of the motion.  The defendant filed a brief (Filing No. 61) and an index of evidence (Filing No. 62) in opposition to the motion.  The plaintiffs filed a brief (Filing No. 64) and an index of evidence (Filing No. 65) in reply.


**INTRODUCTION**

The plaintiffs in this case are the defendant's current and former employees who worked at some time during the period November 13, 2005, to the present.  The plaintiffs allege violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201 to 219 (2006).  The plaintiffs seek relief for the alleged failures to pay minimum wage and overtime compensation for pre- and post-production line and pre- and post-break activities, including "donning and doffing" safety gear, sanitization, and other activities in connection with job functions.  The plaintiffs filed the action on November 13, 2008.  **See** Filing No. 1. The plaintiffs filed an amended complaint (Filing No. 6) on November 17, 2008, and a second amended complaint (Filing No. 49) on April 27, 2009.  The defendant denies violations of federal law by virtue of its wage and payment practices.  **See** Filing No. 58 - Answer.  On April 13, 2009, the plaintiffs filed the instant motion to seek conditional certification of their claim as a collective action and to facilitate notice to all potential

interested members.  **See** Filing No. 50 - Motion.  Thereafter, briefing on the motion was completed.

## FACTUAL BACKGROUND

The following facts are alleged in the plaintiffs' complaint.  The defendant operates a meat processing facility in Crete, Nebraska.  **See** Filing No. 49 - Complaint ¶ 7.  Based on the defendant's wage compensation system, the defendant does not pay employees for performance of various tasks completed at the beginning of each shift, during unpaid meal periods, paid rest periods, and at the end of each shift.[1]  *Id.* ¶ 2.  Specifically, the plaintiffs allege they are not compensated for the following activities, which are integral to their overall employment responsibilities:

> obtaining tools, equipments, and supplies necessary for the performance of their jobs; obtaining, preparing, donning, doffing, and sanitizing protective clothing and gear ("PPE"); sharpening knives or using knife maintenance equipment known as "steels" or "mousetraps;" and walking between work sites before the first work activity and after the last work activity of the day.

*Id.*

Additionally, the defendant's employees are required to wear uniforms and personal protective equipment (PPE) for protection and sanitary reasons.  *Id.* ¶ 8.  The PPE may vary depending on job duties, but generally includes plastic aprons, steel aprons, cloth aprons, belly guards, arm guards, steel sleeves, sheaths, gloves, mesh gloves, mesh aprons, hardhats, scabbards, hairnets, earplugs, coveralls, eye protection, and other protective equipment and coverings.  *Id.*  The defendant does not compensate employees for up to an hour each day spent removing, replacing, or cleaning their PPE at the beginning or end of shifts, and paid or unpaid meal or break periods.  *Id.* ¶¶ 3, 9-11.  The plaintiffs allege the putative class of individuals should include all current and former non-

---

[1] The defendant relies on a compensation system known as "gang time," which pays production employees only during the time period they are present on the actual production assembly line.  **See** Filing No. 62 - Collective Bargaining Agreement (CBA) Art. 20.1.

exempt production and support employees employed since November 13, 2005, to present, who use PPE.  **See** Filing No. 51 - Brief p. 2.

The defendant admits certain employees are required to wear varying types of PPE to perform the functions of their job but denies all of its employees wear all such equipment.  **See** Filing No. 58 - Answer ¶ 8.  The defendant specifically lists different departments in which no employees wear PPE.  **See** Filing No. 62 - Vesely Decl. ¶¶ 24-25. The defendant notes it currently employs approximately 1,930 current employees and 1,560 former employees who would fit the "production employees" classification within the plaintiffs' proposed class definition.  *Id.* ¶ 6.  The defendant shows 45% of the employees fitting the plaintiffs' proposed class definition are not paid on a gang time basis.  *Id.* ¶ 23. Therefore, the defendant does not dispute as many as 1,919 members remain from the plaintiffs' proposed class of 3,490 who are paid on a gang time system.  Specifically, the defendant shows employees in fifteen different production departments are not paid on a gang time basis, but rather are paid through a punch-to-punch system.  *Id.* ¶¶ 13-15.  A punch-to-punch system uses a time clock to record the actual time employees punch in and punch out.  *Id.* ¶ 16.  The defendant submits employees paid on a punch-to-punch system put on required PPE after they punch in, and take off PPE before they punch out. *Id.* ¶ 20.  The defendant also notes some employees work from a set start time to a punch out time.  *Id.* ¶ 17.  Employees who do work based on gang time are compensated based on "when the animals to be processed enter and leave the production line."  **See** Filing No. 61 - Brief p. 4; Filing No. 62 - CBA Art. 20.1.  However, the defendant shows employees paid on gang time are compensated an additional $7.87 each week for any doffing or donning time and related activities, as well as an additional six paid minutes per day to those employees with knife jobs that require safety or other equipment.  **See** Filing No. 62 - Memorandum of Understanding (MOU) ¶ 1, 7.  In addition, the defendant states the "support employee" classification included in plaintiffs' putative class definition does not exist as a practical matter, making it impossible to decide which employees would be included in the classification.  **See** Filing No. 62 - Vesely Decl. ¶ 8.

For these reasons, the defendant contends the plaintiffs' proposed class definition is overly broad and the plaintiffs cannot show the putative class members are similarly

situated.  *Id.* at 8.  The defendant argues the plaintiffs never address the grounds for similarity among those employees not paid under gang time, those employees who do not work in the production line or the departments other than named plaintiffs' departments, or those employees who do not wear protective clothing.  *Id.* at 10.  The plaintiffs contend they are similarly situated to the putative class members because they all worked as non-exempt, hourly production workers at the same plant, all wore PPE, and all were subjected to the same gang time compensation system, and this is sufficient to satisfy the lenient standard required for conditional certification.  **See** Filing No. 64 - Brief p. 2.

### ANALYSIS

The plaintiffs seek to conditionally certify their FLSA claim, pursuant to 29 U.S.C. § 216(b) to facilitate notification to all potential interested members of the pendency of the action and their ability to join as parties.  Pursuant to the FLSA, a collective action may be maintained "by any . . . employee[ ] for and in behalf of himself . . . and other employees similarly situated" to recover damages for the failure to pay minimum or overtime wages. 29 U.S.C. § 216(b); **see also** 29 U.S.C. § 207.  An FLSA "collective action" is different from a Rule 23 class action.  "In a class action, a potential plaintiff's claim is automatically included in the case unless he expressly 'opts out' of the class.  By contrast, [in an FLSA collective action] a potential plaintiff's claim will be included in a collective action *only* if he expressly opts *in* to the action."  ***Parker v. Rowland Express, Inc.***, 492 F. Supp. 2d 1159, 1163 (D. Minn. 2007) (emphasis in original).  The district court, in its discretion, may authorize the named plaintiffs to transmit notice of the lawsuit to other potential claimants upon a showing the named plaintiffs are similarly situated to the others whom they seek to represent.  *Id.*  "[C]ourts generally follow a two-stage approach when deciding whether the named plaintiffs in an FLSA action are 'similarly situated' to other potential plaintiffs." *Id.* at 1164.

Succinctly put,

> At the first stage, a class is conditionally certified on a relatively minimal showing, and then prospective plaintiffs can opt in to the action by filing consent forms. At the second stage, which almost always follows substantial discovery, plaintiffs must

> make a stronger showing to continue to proceed on a collective basis. If plaintiffs cannot make this stronger showing at the second stage, the conditionally certified class is decertified. Typically the second stage is triggered when the defendant moves to decertify the conditionally certified class.

*Parler v. KFC Corp.*, 529 F. Supp. 2d 1009, 1011 (D. Minn. 2008) (internal citation omitted).

Furthermore, the first stage or "notice stage" may be based only on the pleadings and any affidavits in the record. *Parker*, 492 F. Supp. 2d at 1164. At this stage, "[t]he court does not make any credibility determinations or findings of fact with respect to contrary evidence presented by the parties." *Burch v. Qwest Commc'ns Int'l, Inc.*, 500 F. Supp. 2d 1181, 1186 (D. Minn. 2007) (citation omitted). The plaintiffs have the burden of presenting evidence "establishing a colorable basis that the putative class members are the victims of a single decision, policy, or plan." *Id.* "A colorable basis means that plaintiff must come forward with something more than the mere averments in its complaint in support of its claim." *Severtson v. Phillips Beverage Co.*, 141 F.R.D. 276, 278-79 (D. Minn. 1992) (affirming language from Mag. J. order adopted in District Court opinion). Ultimately, there must be meaningful identifiable facts or legal nexus binding the claims "so that hearing the cases together furthers the purposes of section § 216, is fair to both parties, and does not result in an unmanageable trial." *Falcon v. Starbucks Corp.*, 580 F. Supp. 2d 528, 535 (S.D. Tex. 2008); **see** *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 507-08 (M.D. La. 2005). "Courts who have faced the question of whether movants established substantial allegations have considered factors such as whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; and whether evidence of a widespread discriminatory plan was submitted." *H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999) (internal citations omitted). A showing that most production employees are paid on a gang time basis provides ample evidence of a "single decision, policy or plan." *Bouaphakeo v. Tyson Foods, Inc.*, 564 F. Supp. 2d 870, 896 (N.D. Iowa 2008); **see also** *Garcia v. Tyson Foods, Inc.*, 255 F.R.D. 678 (D. Kan. 2009) (indicating defendant's admissions with regard to gang time system and failure to record actual time spent on activities provided support for plaintiffs'

assertions employees were not compensated for time spent performing work activities). Additional factors suggesting similarity include whether a significant number of the plaintiffs are from the same geographical location or facility.  **See** *Bouaphakeo*, 564 F. Supp. 2d at 894.  After conditional certification, discovery may continue as a collective action. *Parker*, 492 F. Supp. 2d at 1164.

In contrast, a second stage or final determination is usually made "after discovery is largely complete and the matter is ready for trial" when the court is able to make "a factual determination on the similarly situated question." *Id.* (citation omitted).  "During this second stage analysis, a court reviews several factors, including (1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendant which appear to be individual to each plaintiff; [and] (3) fairness and procedural considerations." *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102-03 (10th Cir. 2001) (internal quotations and citation omitted); **see also** *Bouaphakeo*, 564 F. Supp. 2d at 897-900.

In the instant case, there exists no dispute the conditional certification process is at the "notice stage" and based on a more lenient standard.  Discovery is ongoing.  The court has scheduled a planning conference for September 25, 2009, to review the preparation of the case and to schedule the case to trial.  **See** Filing No. 38 - Order ¶ 5.

The plaintiffs propose a collective action consisting of:

> All current and former non-exempt production and support employees who have been employed at any time by Farmland Foods, Inc., at its hog processing plant in Crete, Nebraska during the time period November 13, 2005, to the present, and who use personal protective equipment.

**See** Filing No. 50 - Motion p. 1.   The plaintiffs seek to facilitate class notice by having this court:

    1)    order notice by mail and radio, and by posting a copy of
          the notice in all departments of its Crete facility in both
          English and Spanish;
    2)    require the defendant to disclose in a computer-
          readable form the names, addresses, telephone
          numbers, and social security numbers of the group of
          class members to be notified within ten days from the
          court's order; and

3) allow 120 days after the mailing of the notice for potential plaintiffs to opt in to the case

**See** Filing No. 51 - Brief p. 13-14.

The plaintiffs contend the defendant utilized a gang time compensation scheme that regularly forced employees to work without compensation. *Id.* at 1-2. According to the plaintiffs, employees are not compensated for a number of activities including donning and doffing  PPE pre- and post- shift and pre- and post- break, cleaning of their PPE, and sharpening knives. *Id.* at 4. The plaintiffs submit declarations stating employees knew of no other hourly employee to whom the defendant paid completely for all of these activities. **See** Filing No. 52 - Ex. 1-3. Although the employees paid under gang time are compensated an additional $7.87 each week for any doffing or donning time and related activities, as well as an additional six paid minutes per day to those employees with knife jobs that require safety or other equipment, the plaintiffs contend between thirty-eight and fifty-four minutes each day is spent performing these activities and, therefore, such compensation is inadequate. **See** Filing No. 62 - MOU ¶ 1, 7; **see also** Filing No. 52 - Ex. 1-3. The plaintiffs argue they are similarly situated to the potential class members for the purposes of the motion because both the named plaintiffs and potential class members (1) perform similar duties or have similar titles; (2) have the same or similar hourly pay structure; (3) work or have worked in the same processing plant owned by the same company; and (4) claim to have been forced to perform job-related activities without compensation. **See** Filing No. 51 - Brief p. 2.

The defendant argues the plaintiffs' proposed putative class is overly broad and would include production employees who *are* paid for donning, doffing, and related activities, such as those departments in which employees paid on a punch-to-punch system punch in before donning and after doffing PPE. **See** Filing No. 61 - Brief p. 2. **see also** Filing No. 62 - Vesely Decl. ¶¶ 13-16, 20. The defendant also argues the plaintiffs' declarations are limited in relevance to employees who work in the Loin or Cut Floor departments. **See** Filing No. 61 - Brief p. 6-7. Consequently, the defendant argues the declarations do not show how similar the pay structure in those departments is to departments other than the Loin or Cut Floor, or if those employees don, doff, or sanitize

7

items similar to the plaintiffs.  *Id.*  For these reasons, as well as the fact the "support employee" classification does not exist, the defendant argues the plaintiffs cannot show how the putative class members are similarly situated and, therefore, the court should deny the plaintiffs' motion to conditionally certify a collective action.  *Id.* p. 12, 16.

Without making any credibility determinations, the court finds the plaintiffs have met their burden of presenting evidence establishing a colorable basis that the putative class members are the victims of a single decision, policy, or plan.  Based on the defendant's admissions, the pleadings, and the evidence before the court, there is little doubt a common policy or practice exists with regard to pay.  The gang time system facilitates the practice.   The policy or practice in issue may require the employees to perform uncompensated activities related to donning and doffing PPE.  There exist meaningful identifiable facts and a legal nexus binding the claims of the proposed collective action members.  The proposed members are subject to a common payment system, work at the same plant owned by the same company, and are required to wear special safety equipment.  The differences concerning the types of equipment and amount of time spent do not diminish this predominant relevant similarity.   Whether certain activities are compensable will not be determined at this stage of the litigation.  Under the circumstances presented, the plaintiffs are adequate representatives of the defendant's past and current employees who engage in allegedly compensable, but uncompensated work activity.  The plaintiffs are similarly situated to members of the putative class.  Furthermore, the plaintiffs have identified several individuals who may have claims against the defendant even though only one individual has opted in so far.  At this time, it appears hearing the class members' cases together furthers the purposes of section § 216 of the FLSA, is fair to the parties, and will not result in an unmanageable trial.

The plaintiffs have failed to meet their burden with regard to the similarity of those employees paid on a punch-to-punch system.  The evidence does not support a finding that employees not compensated under the gang time system are similarly situated to the plaintiffs in regard to a common policy or practice.  Additionally, the plaintiffs have failed to meet their burden to show which employees are included in the plaintiffs' definition of "support employees" or if such employees are similarly situated to plaintiffs.  Thus,

8

conditional class certification is warranted with regard to those production employees who use PPE and are paid under the gang time system only.

For these reasons, the court recommends granting the plaintiffs leave to proceed with class notice, with the exceptions noted above.  Also, the court recommends the defendant be required to circulate the agreed-upon notice form to each potential class member who cannot be reached by mail. The plaintiffs proposed a notice form to be distributed to the potential class members.  **See** Filing No. 52 - Proposed Notice.  The defendant objected to the proposed notice form requested by the plaintiffs.[2]  Additionally, the proposed notice form does not take into consideration the specific ruling of this court.  The court will grant additional time for the parties to propose a joint notice form.  The defendant also objected to the proposed methods of notice.  In this regard, the plaintiffs have failed to provide sufficient evidence to show three methods of notice are necessary or reasonable.  The plaintiffs rely on this court's decision in ***Cortez v. Nebraska Beef, Inc.,*** No. 8:08CV90, 2008 WL 5076254 (D. Neb. Nov. 21, 2008) (**see** Filing No. 50 in case No. 8:08CV90), to support their request for three forms of notice.  However, the issue of the manner or methods of notice was not contested in ***Cortez***, the court's order adopted the parties' stipulation on the matter.  At this time, the court recommends the plaintiffs' request for radio and posting methods of notice be denied absent a showing of necessity for such methods or an ineffectiveness of the mailed forms.  The defendant fails to suggest an appropriate alternative to posting the notice form in order to circulate the notice to proposed members who cannot be reached by mail. Accordingly, the plaintiffs' motion should be granted but additional time should be allowed for the parties to propose a joint notice form and an agreed method to circulate the notice to those employees who cannot be reached by mail. To the extent the parties are unable to agree, the court will resolve any dispute about the content or method of notice by appropriate motion.

---

[2] The defendant argues the proposed notice form exceeds the applicable statute of limitations.  **See** Filing No. 61 - Brief p. 14.  The applicable statute of limitations differs if the plaintiffs can prove the defendant committed a willful violation of the FLSA.  The applicable statute of limitations for the current and opt-in plaintiffs will not be decided at this time.

**IT IS RECOMMENDED TO CHIEF JUDGE JOSEPH F. BATAILLON that:**

1.      The plaintiffs' Motion to Proceed as a Collective Action and Facilitate Notice Under 29 U.S.C. § 216(b) (Filing No. 50) of the Fair Labor Standards Act be granted to include:

> All current and former non-exempt production employees who have been employed at any time by Farmland Foods, Inc. at its hog processing plant in Crete, Nebraska, during the time period November 14, 2005, to the present, who used or use personal protective equipment, and were or are compensated based on a gang time compensation system.

2.      The defendant be required to produce a computer-readable database including each class member's name, last known mailing address, telephone number, and social security number within ten (10) business days of entry of an order on this matter.

3.      The parties have ten (10) business days of entry of an order on this matter to confer regarding a proposed Notice form, and seek court approval therefore.

4.      The plaintiffs be permitted to send the approved Notice form to each potential class member and the defendant be required to circulate the approved Notice form to each potential class member who cannot be reached by mail.

**ADMONITION**

Pursuant to NECivR 72.3 any objection to this Report and Recommendation shall be filed with the Clerk of the Court within ten (10) business days after being served with a copy of this Report and Recommendation.  Failure to timely object may constitute a waiver of any objection.  The brief in support of any objection shall be filed at the time of filing such objection.   Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 21st day of July, 2009.

BY THE COURT:
 s/ Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.