# EXHIBIT 10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MARIA GUZMAN MORALES &amp;     )
MAURICIO R. GUAJARDO, &amp;     )
On behalf of themselves and all other     )
similarly situated individuals,     )
    )
    Plaintiffs,     )    CASE NO. 8:08-cv-504
    )
v.     )
    )
FARMLAND FOODS, INC., a Delaware     )
Corporation and subsidiary of     )
Smithfield Foods,     )
    )
    Defendant.     )

## DEFENDANT'S RESPONSES TO PLAINTIFF MAURICIO GUAJARDO'S AMENDED FIRST SET OF INTERROGATORIES

Defendant Farmland Foods, Inc. ("Farmland" or the "Company"), by and through its

attorneys, pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby answers and

objects to Plaintiff Mauricio Guajardo's First Set of Interrogatories ("Plaintiff's Interrogatories")

as follows:

### GENERAL OBJECTIONS

All responses herein are subject to and limited by the following objections:

1.     Farmland objects to the "definitions" provided in Plaintiff's Interrogatories.

Plaintiff's use of such definitions is expressly prohibited by NECivR 33.1(b).

2.     Plaintiff's Interrogatories, including subparts, exceed the maximum number of 25

Interrogatories permitted under Fed.R.Civ.P. 33(a)(1) and as calculated in NECivR 33.1(c).

3.     Farmland objects to Plaintiff's Interrogatories to the extent Plaintiff requests

information that is subject to the attorney-client privilege, or that constitutes trial preparation

materials or attorney work product or that is otherwise privileged or protected and not subject to

discovery.   The information that falls within the scope of this objection includes:   (a) communications between attorneys from Jackson Lewis LLP or Baird Holm, LLP and current and former employees of Farmland, including but not limited to human resources personnel; and (b) communications, prepared at the direction of counsel, between Farmland's human resources personnel and other employees of Farmland.

4.      Farmland objects to Plaintiff's Interrogatories to the extent Plaintiff requests information that constitutes trade secrets or other confidential research, development or commercial information.  Farmland will only produce such information, if not subject to any other objections, pursuant to an appropriate stipulation and order of confidentiality.

5.      Farmland objects to Plaintiff's Interrogatories to the extent Plaintiff requests information regarding current or former employees of Farmland, other than Plaintiff, that are personal or confidential.  Farmland will only produce such information, if not subject to any other objections, pursuant to an appropriate stipulation and order of confidentiality.

6.      Farmland objects to each Interrogatory (or part of an Interrogatory) to the extent such Interrogatory would require Farmland to warrant the information provided is exhaustive. Farmland will endeavor to provide information in good faith and consistent with its obligations under the Federal Rules of Civil Procedure and the Local Rules for the District of Nebraska. Farmland reserves the right to supplement these Interrogatories as appropriate.

7.      Farmland objects to the extent the Interrogatories are overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeking information not in the possession of the Company but rather the Company's non-management employees.

2

8.      Farmland objects to the extent the Interrogatories exceed the present scope of this lawsuit. Farmland objects because the Interrogatories exceed the permissible scope of discovery under Federal Rule of Civil Procedure 26(b). Some of Plaintiff's Interrogatories improperly proceed on a class-wide basis as if a proposed class has been certified. See Tracy v. Dean Witter Reynolds, Inc., 185 F.R.D. 303, 304-305 (D. Colo. 1998) ("Discovery is not to be used as a weapon, nor must discovery on the merits be completed precedent to class certification."); West v. Border Foods, Inc., 2006 U.S. Dist. LEXIS 46506, 2006 WL 1892527, at *9 n. 6 (D. Minn. Jul. 10, 2006) (denying motion to compel discovery because conditional certification denied and refusing to allow any discovery regarding putative class members prior to conditional certification); Salazar v. Agriprocessors, Inc., 2008 U.S. Dist. LEXIS 40363 (N.D. Iowa Mar. 17, 2008); Huang v. Gateway Hotel Holdings, 248 F.R.D. 225, 227 (E.D. Mo. 2008); See also Hoffman-LaRoche, Inc. v. Sperling, 493 U.S. 165, 170 (1989).

9.      Farmland objects to the instructions and definitions to the extent they differ from or exceed the requirements of the Federal Rules of Civil Procedure.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

Please identify and describe the policies and practices at Farmland Foods' Crete, Nebraska facility regarding any system used to keep track of the time at which production-line employees arrive at their respective positions or work stations.

### RESPONSE:

**Farmland objects to Interrogatory No. 1 on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence in this case. As explained in General Objection No. 8 above, class-wide discovery is premature as no class**

3

has been certified by the Court. Subject to the foregoing and general objections, Farmland states that it does not record the precise time at which production employees arrive at their respective work stations.

**INTERROGATORY NO. 2:**

Please identify and describe the policies and practices at Farmland Foods' Crete, Nebraska facility regarding whether production-line employees are compensated for the time spent at their respective positions or work stations waiting for the production line of their shifts to start and, if so, the method or procedure by which the amount of time spent on such tasks is recorded and added to each production-line employee's time records.

**RESPONSE:**

Farmland objects to Interrogatory No. 2 on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence in this case. As explained in General Objection No. 8 above, class-wide discovery is premature as no class has been certified by the Court. Subject to the foregoing and general objections, Farmland states that it does not require its production line employees to arrive at their work stations early and wait. Therefore, there is no compensable time for waiting.

**INTERROGATORY NO. 3:**

Please identify and describe the policies and practices at Farmland Foods' Crete, Nebraska facility regarding rules, procedures, penalties and/or consequences for production-line employees who are late arriving at their position or work station.

4

**RESPONSE:**

Farmland objects to Interrogatory No. 3 on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence in this case. As explained in General Objection No. 8 above, class-wide discovery is premature as no class has been certified by the Court. Farmland further objects to Interrogatory No. 3 on the grounds that it is at least two interrogatories in one. Subject to the foregoing and general objections, Farmland refers Plaintiff to documents Bates labeled 000059-000060 which state Farmland's policies concerning tardiness and absenteeism.

**INTERROGATORY NO. 4:**

Please identify and describe the task or activity that you consider to be the first principal activity of each production-line employee at Farmland Foods' Crete, Nebraska facility who is required to either wear PPE and/or sanitize his/her body or PPE.

**RESPONSE:**

Farmland objects to Interrogatory No. 4 because it calls for a legal conclusion from Farmland regarding what constitutes "the first principal activity" of each production line employee. Furthermore, Farmland objects on the grounds that it is not obligated to respond to this Interrogatory until discovery is complete and it has had an opportunity to fully ascertain the applicability of its defenses, as permitted by Federal Rule of Civil Procedure 33(a)(2). By way of further response, Farmland objects to this Interrogatory on the grounds that it is unduly burdensome to the extent it purports to require Farmland to provide information about each of its current or former production line employees, and not categories of employees. Farmland further objects to Interrogatory No. 4 on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible

5

evidence in this case. As explained in General Objection No. 8 above, class-wide discovery is premature as no class has been certified by the Court.

**INTERROGATORY NO. 5:**

Please indicate whether any production-line employees at Farmland Foods' Crete, Nebraska facility are required to pick-up or collect any PPE prior to what you consider to be the first principal activity of the employee's shift.

**RESPONSE:**

Farmland objects to Interrogatory No. 5 because it calls for a legal conclusion from Farmland regarding what constitutes "the first principal activity" of each production line employee. Furthermore, Farmland objects on the grounds that it is not obligated to respond to this Interrogatory until discovery is complete and it has had an opportunity to fully ascertain the applicability of its defenses, as permitted by Federal Rule of Civil Procedure 33(a)(2). By way of further response, Farmland objects to this Interrogatory on the grounds that it is unduly burdensome to the extent it purports to require Farmland to provide information about each of its current or former production line employees, and not categories of employees. Farmland objects to Interrogatory No. 5 on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence in this case. As explained in General Objection No. 8 above, class-wide discovery is premature as no class has been certified by the Court.

**INTERROGATORY NO. 6:**

Please identify and describe the task or activity that you consider to be the last principal activity of each production-line employee at Farmland Foods' Crete, Nebraska facility who is required to either wear PPE and/or sanitize his/her body or PPE.

6

<u>RESPONSE:</u>

Farmland objects to Interrogatory No. 6 because it calls for a legal conclusion from Farmland regarding what constitutes "the last principal activity" of each production line employee. Furthermore, Farmland objects on the grounds that it is not obligated to respond to this Interrogatory until discovery is complete and it has had an opportunity to fully ascertain the applicability of its defenses, as permitted by Federal Rule of Civil Procedure 33(a)(2). By way of further response, Farmland objects to this Interrogatory on the grounds that it is unduly burdensome to the extent it purports to require Farmland to provide information about each of its current or former production line employees, and not categories of employees. Farmland objects to Interrogatory No. 6 on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence in this case. As explained in General Objection No. 8 above, class-wide discovery is premature as no class has been certified by the Court.

<u>INTERROGATORY NO. 7:</u>

Please indicate whether any production-line employees at Farmland Foods' Crete, Nebraska facility are required to drop-off or return any PPE after what you consider to be the last principal activity of the employee's shift.

<u>RESPONSE:</u>

Farmland objects to Interrogatory No. 7 because it calls for a legal conclusion from Farmland regarding what constitutes "the last principal activity" of each production line employee. Furthermore, Farmland objects on the grounds that it is not obligated to respond to this Interrogatory until discovery is complete and it has had an opportunity to fully ascertain the applicability of its defenses, as permitted by Federal Rule of Civil

Procedure 33(a)(2). By way of further response, Farmland objects to this Interrogatory on the grounds that it is unduly burdensome to the extent it purports to require Farmland to provide information about each of its current or former production line employees, and not categories of employees. Farmland objects to Interrogatory No. 7 on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence in this case. As explained in General Objection No. 8 above, class-wide discovery is premature as no class has been certified by the Court.

**INTERROGATORY NO. 8:**

For each production-line employee who is required to wear PPE at Farmland Foods' Crete, Nebraska facility, please indicate whether the production-line employee is compensated for the time it takes to don and doff the required PPE and travel to/from the changing area to the employee's work station. If you indicate that a production-line employee is compensated for this time, please identify the method or procedure by which time spent donning, doffing and traveling to/from the changing area is recorded and added to each employee's time records.

**RESPONSE:**

Farmland objects to Interrogatory No. 8 on the grounds that it is vague and ambiguous and does not state with particularity what constitutes "PPE." Farmland further objects to this Interrogatory on the grounds that it is unduly burdensome to the extent it purports to require Farmland to provide information about each of its current and former production line employees, and not categories of employees. By way of further response, Farmland objects to this Interrogatory on the grounds that it is at least two interrogatories in one. Farmland further objects on the grounds that this Interrogatory is overly broad and impermissibly seeks information about current and former Farmland

8

employees who are not parties to this litigation. Subject to the foregoing and general objections, and pursuant to Fed.R.Civ.P. 33(d), Farmland refers Plaintiff to the Collective Bargaining Agreement between the United Food and Commercial Workers International Union ("UFCW") and Farmland for the Crete, Nebraska facility (Bates labels 000001-000051) and the Memorandum of Understanding that amended the Collective Bargaining Agreement when it was signed in June 2005 (Bates labels 000052-000056) which identify the compensable items and equipment for which Farmland pays donning and doffing time as well as the amount of time Farmland pays its employees to perform donning, doffing, walking and related activities. By way of further response, Farmland states the items worn by employees vary from position to position. Employees don and doff their uniforms and other safety items such as hard hats, hair nets, and beard nets at their lockers before entering the production floor. Farmland does not compensate its employees for donning or doffing of these items. Farmland distributes certain safety clothing, which the Company considers compensable personal protective clothing (e.g. belly guards, arm guards, mesh sleeves, mesh gloves, and mesh aprons) to employees on the production floor and employees don and doff these items on the floor near their workstations. Pursuant to the Collective Bargaining Agreement and the Memorandum of Understanding, Farmland pays employees in gang time departments who wear such identified safety clothing four minutes per day (in addition to gang time) for donning, doffing, walking and related activities. For those employees who work in departments that are paid on a punch-to-punch basis, employees don such safety clothing after they punch in and they take off such safety clothing before they punch out. Those employees perform such activities on paid time.

9

**INTERROGATORY NO. 9:**

For each production-line employee who is required to sanitize his/her body or clothing at Farmland Foods' Crete, Nebraska facility, please indicate whether the production-line employee is compensated for the time it takes to sanitize her/her body or clothing and travel to/from the sanitizing area to the employee's work station. If you indicate that a production-line employee is compensated for this time, please identify the method or procedure by which time spent sanitizing and traveling to/from the sanitizing area is recorded and added to each employee's time records.

**RESPONSE:**

Farmland objects to Interrogatory No. 9 on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence in this case. As explained in General Objection No. 8 above, class-wide discovery is premature as no class has been certified by the Court. Farmland further objects to Interrogatory No. 9 on the grounds that it is vague and ambiguous and does not state with particularity what is meant by the terms "sanitize" and "clothing". The term "sanitize" could refer to cleansing which entails only the use of soap and water or cleansing which requires the use of special solutions and/or products. The term "clothing" could refer to an employee's street clothing or an employee's uniform or any other gear and/or equipment. Farmland further objects to this Interrogatory on the grounds that it is unduly burdensome to the extent it purports to require Farmland to provide information about each of its current and former production line employees, and not categories of employees. By way of further response, Farmland objects to this Interrogatory on the grounds that it is at least two interrogatories in one. Subject to the foregoing and general objections, Farmland states that, with the

10

exception of uniforms and Kevlar gloves, it does not require any production employees to wash or sanitize clothing at its Crete, Nebraska facility; this is done by an independent cleaning company. Farmland requires only that all of its production employees sanitize their hands. Farmland provides automated hand sanitizers for its employees to use to sanitize their hands. The sanitizers are conveniently located such that employees need only place their hands under the sanitizers as employees pass them on their way to their respective work stations. Production employees' boots are sanitized automatically by special foam Farmland has on the plant floor on the way to the production lines; employees need only walk through the foam on their way to their respective workstations. Furthermore, Farmland pays its employees an additional $7.87 per week to compensate employees who wear uniforms (such as pants and shirts or coveralls) and Kevlar gloves, for washing those items at home, as well as for any compensable donning and doffing activities. Additionally, pursuant to the Collective Bargaining Agreement and the Memorandum of Understanding, Farmland pays its employees in gang time departments who wear specified items of safety clothing (as identified in response to Interrogatory No. 8) four minutes per day (in addition to gang time) for donning, doffing, walking and related activities. For those employees who are paid on a punch-to-punch basis, with the exception of a deduction for an unpaid meal break, Farmland pays those employees for all of the time between the time these employees punch in and the time these employees punch out. Thus, all of the time employees spend walking after they clock in before production begins and before they clock out after production ends is done on paid time.

11

**INTERROGATORY NO. 10:**

Please indicate whether production-line employees at Farmland Foods' Crete, Nebraska facility are compensated for the time it takes to pick-up or drop-off PPE and, if so, identify the method or procedure by which that time is recorded and added to each employee's time records.

**RESPONSE:**

Farmland objects to Interrogatory No. 10 on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence in this case. As explained in General Objection No. 8 above, class-wide discovery is premature as no class has been certified by the Court. Farmland further objects to this Interrogatory on the grounds that it is at least two interrogatories in one. Farmland objects to Interrogatory No. 10 on the grounds that it is vague and ambiguous and does not state with particularity what constitutes "PPE." Farmland further objects to this Interrogatory on the grounds that it is unduly burdensome to the extent it purports requires Farmland to provide information about each of its current and former production line employees, and not categories of employees. Subject to the foregoing and general objections, and pursuant to Fed.R.Civ.P. 33(d), Farmland refers Plaintiff to the Collective Bargaining Agreements between the United Food and Commercial Workers International Union ("UFCW") and Farmland for the Crete, Nebraska facility (Bates labels 000001-000051) and the Memorandum of Understanding that amended the March 15, 2005 Collective Bargaining Agreement when it was signed (Bates labels 000052-000056).   Pursuant to the Memorandum of Understanding, Farmland compensates employees in gang time departments for four minutes per day (in addition to gang time) for time related to specified compensable personal protective clothing (as defined by Farmland in response to

12

Interrogatory No. 8 above) and related activities. For those employees who are paid on a punch-to-punch basis, employees "pick-up" safety clothing after they punch in and "drop-off" the clothing before they clock out. As such, such activities are performed on paid time.

**INTERROGATORY NO. 11:**

Please identify the individual(s) with the most knowledge of your present and past time record keeping systems at Farmland Foods' Crete, Nebraska facility, including the individual(s) with the most knowledge of the development, implementation, modification and oversight of your time keeping policies.

**RESPONSE:**

Farmland objects to Interrogatory No. 11 on the grounds that it is at least two interrogatories in one. Farmland further objects to Interrogatory No. 11 as overly broad, unduly burdensome, and not stated with reasonable particularity. The responsibility for development, implementation, modification, and oversight of Farmland policies is a collaborative effort and is shared by a large number of persons employed by Farmland. Farmland may provide further information, including names and titles of persons, at such time as plaintiffs can provide narrower or more specific responsibilities on which they seek information.

**INTERROGATORY NO. 12:**

Please identify all claims and/or investigations by any individual or agency that have ever been made against you pursuant to the Fair Labor Standards Act. For all such claims or investigations, please include: (1) the nature of the claim or investigation; (2) the person or entity that instituted the claim or conducted the investigation; (3) the plant, division and job titles

involved in the claim or investigation; and (4) the outcome, resolution or settlement of the claim or investigation.

**RESPONSE:**

Farmland objects to Interrogatory No. 12 on the grounds that it is overbroad and not reasonably calculated to the discoverable of admissible evidence in this case as required by Fed.R.Civ.P. 26(b)(1). By way of further response, Farmland objects to this Interrogatory to the extent Plaintiff seeks information about investigations that are wholly unrelated to the donning, doffing, walking, and sanitizing activities at issue in this case. Furthermore, this Interrogatory would encompass claims and investigations related to facilities other than the Crete facility at issue in this case. Subject to the foregoing and general objections, Farmland states that, other than the Complaint filed by Plaintiffs in this action, there have been no claims or investigations at the Crete facility related to donning, doffing, walking, and sanitizing from September 2005 through the present.

**INTERROGATORY NO. 13:**

Please identify all *internal* reviews (including, but not limited to, investigations, audits, inspections, examinations, research and/or any other internal reviews) of your time keeping policies and/or practices at Farmland Foods' Crete, Nebraska facility. For each review, identify: (1) the purpose and scope of the review; (2) the person or department that initiated the review; (3) the plant, division and job titles that were subject to the review; (4) the dates during which the review was conducted; and (5) the outcome or resolution of the review.

14

**RESPONSE:**

Farmland objects to Interrogatory No. 13 to the extent it seeks information that is subject to the attorney-client privilege, or that constitutes trial preparation materials or attorney work product or that is otherwise privileged and not subject to discovery. Farmland further objects to this Interrogatory on the grounds that it is at least five interrogatories in one. Farmland further objects to this Interrogatory on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence as to the claims or defenses in this case and seeks information related to internal reviews that do not involve the donning, doffing, walking, and sanitizing activities at issue in this case.

**INTERROGATORY NO. 14:**

Please identify and describe your policies, practices and procedures regarding the job classifications considered to be subject to federal and/or state overtime requirements between September 2005 and the present at Farmland Foods' Crete, Nebraska facility.

**RESPONSE:**

Farmland objects to Interrogatory No. 14 on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence as to any claims or defenses at issue in this case. Specifically, there is no dispute as to whether Farmland improperly classified Plaintiffs or any putative class members for purposes of overtime eligibility and Plaintiffs' claims implicate only the overtime and minimum wage provisions of the FLSA; Plaintiffs' claims neither implicate nor involve the exemption provisions of the FLSA. Furthermore, this Interrogatory is overbroad to the extent it seeks information

15

concerning state law. Plaintiffs are not asserting any claims arising under state law in this case.

**INTERROGATORY NO. 15:**

Please identify and describe your policies, practices and procedures regarding any job classification deemed exempt from federal and/or state overtime requirements, specifying the nature of each such exemption, between September 2005 and the present at Farmland Foods' Crete, Nebraska facility.

**RESPONSE:**

Farmland objects to Interrogatory No. 15 on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence as to any claims or defenses at issue in this case. Specifically, there is no dispute as to whether Farmland improperly classified Plaintiffs or any putative class members for purposes of overtime eligibility and Plaintiffs' claims implicate only the overtime and minimum wage provisions of the FLSA; Plaintiffs' claims neither implicate nor involve the exemption provisions of the FLSA. Furthermore, this Interrogatory is overbroad to the extent it seeks information concerning state law. Plaintiffs are not asserting any claims arising under state law in this case.

**INTERROGATORY NO. 16:**

Please identify and describe your policies, practices and procedures regarding how overtime was calculated at Farmland Foods' Crete, Nebraska facility between September 2005 and the present.

16

**RESPONSE:**

Farmland objects to Interrogatory No. 16 to the extent it seeks information protected by the attorney-client privilege or attorney work product or that is otherwise privileged or protected and not subject to discovery. Subject to the foregoing and general objections, Farmland refers Plaintiff to Article 9 of the Collective Bargaining Agreements between Farmland and the UFCW (Bates numbers 000001-000051 and 001127-001177).

**INTERROGATORY NO. 17:**

Please identify and describe your policies, practices and procedures regarding when overtime was paid and the rate at which it was paid at Farmland Foods' Crete, Nebraska facility between September 2005 and the present.

**RESPONSE:**

Farmland objects to Interrogatory No. 17 to the extent it seeks information protected by the attorney-client privilege or attorney work product or that is otherwise privileged or protected and not subject to discovery. Subject to the foregoing and general objections, Farmland refers Plaintiff to Articles 8 and 9 of the Collective Bargaining Agreement between Farmland and the UFCW (Bates numbers 000001-000051 and 001127-001177).

**INTERROGATORY NO. 18:**

Please identify and describe your policies, practices and procedures regarding the process(es) used at Farmland Foods' Crete, Nebraska facility between September 2005 and the present to verify compensable hours worked by Farmland Foods' production-line employees.

17

<u>RESPONSE:</u>

Farmland objects to Interrogatory No. 18 on the grounds that it is vague and ambiguous. Farmland is uncertain what is meant by the phrase "verify compensable hours." Farmland interprets this Interrogatory to request information regarding Farmland's policies and procedures for determining paid time. Farmland further objects to this Interrogatory on the grounds that it is unduly burdensome to the extent it purports to require Farmland to provide information about each of its current and former production employees, and not categories of employees. Subject to the foregoing and general objections, Farmland states that paid time for production employees is dependent upon the job, assignment, department in which the employee works, as more fully described below. For those employees who work in departments that Farmland pays on a punch-to-punch basis (i.e., Cure, Bacon, Box Room (this department actually has employees who are paid on both "gang time" and non "gang time"), Inventory, Control, Knife Room, Load, Precook Sausage, Rendering, Sanitation, Smoke House, Smoke Meats, Trim Blend, Training and Maintenance), employees are paid for all time between the time they punch in at the beginning of their shift and the time they punch out (other than a deduction for an unpaid meal break) at the end of their shift. For those employees who work in departments that Farmland pays on a "gang time" basis (i.e., Kill, Cut, Ham Boning, Fab-Loins, Fab-Picnics, Scalding, Special Fab-JBO, Chop, Shop and Pork Converting), paid time is based upon the beginning and end of productive activities in each department, or, in some cases, based upon the beginning and end of productive activities for a given process located within a department. Employees who are paid in this manner receive four additional minutes of compensation for time they spend donning and doffing

18

compensable personal protective clothing (as defined in response to Interrogatory 8 above), and performing related activities, pursuant to the Memorandum of Understanding between the UFCW and Farmland. Employees in the Case Ready department are paid from a set start time to punch out. In addition, every department has set up and tear down employees who perform activities before and after the shift to prepare the department for the next shift's employees. Set up and tear down employees hold these positions in addition to their production jobs. Farmland pays employees in gang time departments who perform set up activities from punch-in to gang end time; Farmland pays employees who perform tear down activities in gang time departments from gang start time to punch-out. Farmland pays employees who perform both set up and tear down activities in gang time departments, from the time the employees punch in to the time the employee punch out (other than deductions for an unpaid meal break).

By way of further response, some departments have employees whose job title is "general labor." These employees work anywhere in the department where they are qualified to work. These employees sometimes work in positions where Farmland requires them to wear compensable personal protective clothing (as defined by Farmland in response to Interrogatory No. 8) and sometimes work in positions that do not require them to wear compensable personal protective clothing. In gang time departments, supervisors indicate on daily sheets when a "general labor" employee worked in a job that day which required the use of compensable personal protective clothing to ensure that the employee is paid for the additional minutes for clothes changing, as required by the Collective Bargaining Agreement and the Memorandum of Understanding. Finally, most departments have what Farmland calls "red hat" employees. "Red hats" are assistants to

supervisors, are paid hourly, and are paid from punch-to-punch (even in "gang time" departments).

Gang time is recorded by supervisors for each work day.  Supervisors in each department are responsible for reviewing and editing a daily clock in report for their department, which lists all employees in that department, and for making sure that all employees are paid according to the provisions of the Collective Bargaining Agreement.

**INTERROGATORY NO. 19:**

Please specify whether Farmland Foods ever compensated its production-line employees with compensatory time off in lieu of cash payments for overtime hours worked.

**RESPONSE:**

Farmland objects to Interrogatory No. 19 on the grounds that it is overly broad, is not limited temporally, and purports to require Farmland to provide information going back in perpetuity concerning whether Farmland "ever compensated its production line employees with compensatory time off in lieu of cash payments for overtime hours worked." Subject to the forgoing and general objections, Farmland states that for the time period between September 2005 and the present, it has not compensated its production line employees with compensatory off in lieu of cash payments for overtime hours worked.

**INTERROGATORY NO. 20:**

Please identify the individual(s) with the most knowledge of Farmland Foods' policies, practices and procedures regarding the payment of overtime to production-line employees at Farmland Foods' Crete, Nebraska facility.

**RESPONSE:**

Farmland objects to Interrogatory No. 20 on the grounds that it is at least two interrogatories in one. Farmland further objects to Interrogatory No. 20 as overly broad, unduly burdensome, and not stated with reasonable particularity. The responsibility for development, implementation, modification, and oversight of Farmland policies is a collaborative effort and is shared by a large number of persons employed by Farmland. Farmland may provide further information, including names and titles of persons, at such time as plaintiffs can provide narrower or more specific responsibilities on which they seek information.

**INTERROGATORY NO. 21:**

Please identify and describe all surveillance systems used at Farmland Foods' Crete, Nebraska facility between September 2005 and the present, including, but not limited to, closed circuit video or security cameras.

**RESPONSE:**

In response to Interrogatory No. 21, Farmland states it has not used any surveillance systems between September 2005 and the present.

**INTERROGATORY NO. 22:**

Please specify whether any of the surveillance systems identified in response to Interrogatory No. 21 above observe or record production-line employees performing their employment duties.

**RESPONSE:**

In response to Interrogatory No. 22, Farmland states it has not used any surveillance systems between September 2005 and the present and thus has no response to Interrogatory No. 22.

**INTERROGATORY NO. 23:**

Please specify whether any of the surveillance systems identified in response to Interrogatory No. 21 above observe or record production-line employees walking between the changing or sanitization areas and their work stations.

**RESPONSE:**

In response to Interrogatory No. 23, Farmland states it has not used any surveillance systems between September 2005 and the present and thus has no response to Interrogatory No. 23.

**INTERROGATORY NO. 24:**

Please specify whether any of the surveillance systems identified in response to Interrogatory No. 21 above observe or record production-line employees waiting in line to pick-up and/or drop-off PPE.

**RESPONSE:**

In response to Interrogatory No. 24, Farmland states it has not used any surveillance systems between September 2005 and the present and thus has no response to Interrogatory No. 24.

**INTERROGATORY NO. 25:**

Please specify whether any of the surveillance systems identified in response to Interrogatory No. 25 above observe or record production-line employees waiting in line to sanitize any portion of their bodies or PPE.

**RESPONSE:**

**In response to Interrogatory No. 25, Farmland states it has not used any surveillance systems between September 2005 and the present and thus has no response to Interrogatory No. 25.**

Respectfully submitted this 10th day of June, 2009.

L. Dale Owens, Esq.
Admitted *Pro Hac Vice*
Georgia Bar No. 557482
Jackson Lewis LLP
1155 Peachtree Street, NE, Suite 1000
Atlanta, GA  30309-3600
Tel: (404) 525-8200
Fax: (404) 525-1173
owensd@jacksonlewis.com

and

Steven D. Davidson, Esq.
Allison D. Balus, Esq.
Baird Holm, P.A.
1500 Woodmen Tower
1700 Farnam Street
Omaha, Nebraska  68102-2068
Tel: (402) 636-8254
Fax: (402) 344-0588
sdavidson@bairdholm.com
abalus@bairdholm.com

ATTORNEYS FOR DEFENDANT
FARMLAND FOODS, INC.

23

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARIA GUZMAN MORALES & | ) | |
| MAURICIO R. GUAJARDO, & | ) | |
| On behalf of themselves and all other | ) | |
| similarly situated individuals, | ) | |
| | ) | |
| Plaintiffs, | ) | CASE NO. 8:08-cv-504 |
| | ) | |
| v. | ) | |
| | ) | |
| FARMLAND FOODS, INC., a Delaware | ) | |
| Corporation and subsidiary of | ) | |
| Smithfield Foods, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of June, 2009, I served the foregoing **DEFENDANT'S RESPONSES TO PLAINTIFF MAURICIO GUAJARDO'S FIRST AMENDED INTERROGATORIES TO DEFENDANT** by causing a copy to be sent via electronic mail and by depositing the same in the United States mail, first class, postage prepaid to:

Carolyn H. Cottrell
Christopher P. Welsh
James R. Welsh
Philip A. Downey
Shanon J. Carson
Todd M. Schneider
W. Hank Willson, IV

/s/ L. Dale Owens
L. Dale Owens, Esq.
Admitted *Pro Hac Vice*
Georgia Bar No. 557482
Jackson Lewis LLP
1155 Peachtree Street, NE, Suite 1000

Atlanta, GA 30309-3600
Tel: (404) 525-8200
Fax: (404) 525-1173
owensd@jacksonlewis.com

ATTORNEY FOR DEFENDANT
FARMLAND FOODS, INC.