IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARIA GUZMAN MORALES and MAURICIO R. GUAJARDO, | ) ) ) | 8:08CV504 |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | ORDER |
| FARMLAND FOODS, INC., a Delaware Corporation and subsidiary of Smithfield Foods, | ) ) ) ) ) | |
| Defendant. | ) | |

This matter is before the court on the plaintiffs' Motion for Protective Order (Filing No. 158). The plaintiffs filed a brief (Filing No. 159), a declaration (Filing No. 160), and an index of evidence (Filing No. 161) in support of the motion. The plaintiffs seek protection from responding to discovery requests including interrogatories, requests for production, and requests for admission served on nearly all of the almost 300 FLSA opt-in plaintiffs. The plaintiffs suggest limiting the responses to a random sample of fifteen percent of the opt-in plaintiffs. The plaintiffs also agree to limit the plaintiffs' trial testimony to those who provide discovery responses. The defendant filed a brief (Filing No. 206) and an index of evidence (Filing No. 207) in opposition to the motion. The plaintiffs filed a brief (Filing No. 214) in reply.

**INTRODUCTION**

The plaintiffs are employees or former employees of the defendant's hog slaughter and processing facility in Crete, Nebraska. The case was filed as a class action alleging violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201, *et seq.*, regarding pay for pre- and post-production line activities, including "donning and doffing," and other activities in connection with job functions. The plaintiffs seek relief for alleged violations of federal wage-and-hour laws, including for alleged failures to pay overtime compensation for uncompensated job-related activities. The court conditionally certified a class of current and formerly employed hourly production employees on September 4, 2009. *See* Filing No. 81. The plaintiffs include two named plaintiffs and 296 opt-in class

members. The deadline for fact discovery in this case is currently October 31, 2010. **See** Filing No. 219 Order ¶ 4. The matter has not yet been set for trial.

The parties have engaged in a variety of discovery and dispositive motion practice. In June 2010 the defendant served thirty opt-in class members with discovery requests including interrogatories, requests for production, and requests for admission. **See** Filing No. 147 - Certificate of Service. The defendant served the same written discovery on the remaining opt-in class members, with minor exceptions, on July 16, 2010. **See** Filing No. 155 - Certificate of Service. The parties engaged in sufficient attempts to resolve their dispute without court involvement to comply with the federal and local rule requirements. **See** Fed. R. Civ. P. 37; NECivR 7.0.1.

On July 26, 2010, the plaintiffs filed the instant motion with suggestions for limiting discovery to a sub-set of the opt-in class members. The plaintiffs contend failure to limit the discovery results in undue burden and expense on the plaintiffs. Specifically, the plaintiffs argue discovery should be limited to a representative sampling of the class members, which would be consistent with the goals of the FLSA. The plaintiffs assert the proposed class-wide discovery, on 281 opt-in class members, is unreasonable and the defendant has failed to provide justification by demonstrating a particularized need for such discovery. Further, the plaintiffs argue the discovery sought is cumulative or duplicative, and a less expensive or more convenient method of discovery exists, which outweighs the burden of responding to the current requests. In support, the plaintiffs demonstrate responses to the discovery are lengthy (the named plaintiffs' responses were 47 and 58 pages long, respectively). Finally, the plaintiffs suggest the defendant use a discovery form that could easily be translated into Spanish, rather than the current complex form.

By contrast, the defendant argues individualized discovery is necessary to refute the plaintiffs' assertions that the plaintiffs are similarly situated. The defendant contends the plaintiffs provide specific plaintiffs' affidavits in opposition to summary judgment, but the defendant is otherwise unable to determine differences among opt-in class members. The defendant suggests the current discovery provides some indication of the differences between members, however the defendant seek to explore the nature of all factual distinctions. Although the defendant notes it remains the plaintiffs' burden to prove that the plaintiffs are similarly situated, the defendant seeks discovery to disprove any such assertion. Additionally, the defendant seeks to bind the non-responding plaintiffs to the

responses made by any representative sample. The defendant is concerned about the plaintiffs' ability to call witnesses at trial from the opt-in class who had never before provided discovery.

## ANALYSIS

As a starting point, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents . . ." Fed. R. Civ. P. 26(b)(1). However, "[t]he District Court does have discretion to limit the scope of discovery." *Credit Lyonnais v. SGC Int'l, Inc.*, 160 F.3d 428, 431 (8th Cir. 1998). To determine if a matter is discoverable, the court must first evaluate whether the sought discovery is relevant to a claim or defense. Accordingly, although limited, relevant evidence includes "any matter that could bear on, or that reasonably could lead to other matter that bears on" the claims or defenses of any party. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). "Determinations of relevance in discovery rulings are left to the sound discretion of the trial court and will not be reversed absent an abuse of discretion." *Hayden v. Bracy*, 744 F.2d 1338, 1342 (8th Cir. 1984). Once the requesting party meets the threshold relevance burden, generally "[a]ll discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden." *Continental Ill. Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 684-85 (D. Kan. 1991) (citation omitted).

The defendant has met its burden of showing the discovery sought is relevant to the claims and defenses in this matter, in a broad sense. Similarly, the plaintiffs have met their burden to show the plaintiffs are subject to unusual, undue or extraordinary burden by having to respond on behalf of each separate opt-in class member. Allowing the defendant to obtain the discovery sought from each opt-in class member is inappropriate in this FLSA lawsuit. **See** *Reich v. Homier Distr. Co.*, 362 F. Supp. 2d 1009, 1015 (N.D. Ind. 2005) ("The individual discovery required . . . would destroy 'the economy of scale envisioned by

the FLSA collective action procedure.'"). The defendant seeks to obtain information about the differences between each opt-in class member, however the defendant fails to explain how the representative sampling method suggested by the plaintiffs is deficient for the purpose of establishing (or refuting) similarity between the opt-in class members. Furthermore, the extensive nature of the discovery sought outweighs the benefit. **See *Geer v. Challenge Fin. Investors Corp.*, No. 05-1109, 2007 WL 1341774 (D. Kan. May 4, 2007)** (finding "the burden and expense the requested discovery (depositions of [each of the 272] opt-in plaintiff[s]) would impose on Plaintiffs clearly outweighs the likely benefit of such discovery"); **see also *Fast v. Applebee's Int'l, Inc.*, No. 06-4146, 2008 WL 5432288 (W.D. Mo. Dec. 31, 2008)** (denying motion to compel interrogatory responses from each opt-in plaintiff). The plaintiffs' generous proposal of limiting discovery to a random sample of fifteen percent of the opt-in class members is reasonable. **See *Nerland v. Caribou Coffee Co.*, Inc., 564 F. Supp. 2d 1010, 1016 (D. Minn. 2007)** (noting the court had "authorized individualized discovery for eighty-five randomly selected opt-in plaintiffs through completion of questionnaires and a limited number of depositions"). The court will not determine the content of the discovery requests as it appears the parties will be able to resolve the issue without court intervention. Upon consideration,

**IT IS ORDERED:**

The plaintiffs' Motion for Protective Order (Filing No. 158) is granted as follows.

1. The defendant may take full discovery of the two named plaintiffs.
2. The defendant may serve discovery on a random sample of fifteen percent of the FLSA opt-in class members.
3. No opt-in class member will be allowed to testify at trial unless first responding to the discovery discussed in paragraph 2 above.

DATED this 27th day of August, 2010.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.