IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARIA GUZMAN MORALES & MAURICIO R. GUARJARDO,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>FARMLAND FOODS, INC. A Delaware Corporation and Subsidiary of Smithfield Foods,<br><br>　　　　　Defendant. | CASE NO. 8:08-cv-504<br><br>DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO COMPEL PLAINTIFFS TO RESPOND TO REQUESTS FOR ADMISSIONS AND PROVIDE DISCOVERY RESPONSES FROM ALL CLASS MEMBERS PROVIDING TESTIMONY |

## I.
## INTRODUCTION

On August 27, 2010, this Court issued an Order granting, in part, Plaintiffs' motion for a Protective Order. In that Order, the Court indicated that "defendant may serve discovery on a random sample of fifteen percent of the FLSA opt-in class members" and that "[n]o opt-in class member will be allowed to testify at trial unless first responding to the discovery discussed in paragraph 2 above." (Doc. No. 221). The parties have agreed on a method of random selection of the fifteen percent, are in the process of negotiating the scope of interrogatories and document requests. However, there are two issues on which the parties cannot agree. First, despite the fact that the Court has ordered Plaintiffs to provide responses to written discovery from selected opt-in class members, Plaintiffs now flatly refuse to provide responses from any opt-in class member to any requests for admission. Farmland therefore has filed this motion seeking an order compelling Plaintiffs to provide responses from the selected opt-in class members to Defendant's requests for admissions. Second, the parties are in dispute as to whether Plaintiffs should provide discovery responses from any opt-in class member who provides testimony that

1

Plaintiffs use on the merits of pretrial motions. Farmland therefore requests that the Court modify or clarify its prior order to require any opt-in class member who provides testimony to also respond to written discovery, whether that testimony is presented by declaration or at trial.

## II.
## ARGUMENT

### A. NeCivR. 7.0.1(i) Personal Consultation

Pursuant to NeCivR. 7.0.1(i), Farmland's counsel personally conferred with the Plaintiffs' counsel in a sincere attempt to resolve the discovery dispute at issue. Specifically, Farmland's counsel emailed Plaintiffs' counsel on August 28, 2010, and again on August 31, 2010, seeking to reach an agreement on the issues raised in this Motion. (Declaration of Allison D. Balus, attached as Exh. 1, ("Balus Decl.") at ¶ 3 and 5). Plaintiffs' counsel responded to Defendant's counsel's emails on August 31, 2010, and again on September 3, 2010, indicating that Plaintiffs would not provide responses to requests for admission from the randomly selected class members and would not provide discovery responses from class members who provided testimony used by Plaintiffs on the merits in pretrial motions. (Balus Decl. at ¶ 4 and 6). Defendant's counsel spoke with Plaintiffs' counsel by telephone on September 14, 2010 at approximately 4:15 p.m. and confirmed that Plaintiffs refused to provide the discovery Farmland is requesting in this Motion. (Balus Decl. at ¶ 7).

### B. Class Members Selected To Provide Discovery Responses Should Be Compelled To Respond to Farmland's Requests for Admission

On or before July 16, 2010, Farmland served on all opt-in class members interrogatories, requests for production, and requests for admission. (Declaration of Allison D. Balus, attached to the index as Exh. A1, ("Balus Decl.") at ¶ 1). Farmland has attached as Exhibit A5 to its Index of Evidence in support of this motion its requests for admission. Plaintiffs sought a protective order limiting discovery to a random sample of the class members. (Doc. No. 158).

2

In their motion for such protective order, Plaintiffs argued that Farmland "does not and cannot possibly demonstrate any particularized need for [its] overbroad and sweeping discovery," which included Farmland's requests for admission. (Doc. No. 159 at 7). Despite Plaintiffs' opposition to what it argued were "unreasonable" discovery requests, the Court found that Farmland "has met its burden of showing that the discovery sought is relevant to the claims and defenses in this matter, in a broad sense." (Doc. No. 221). As explained in Defendant's opposition to Plaintiffs' motion for protective order, "Farmland's discovery [including the requests for admissions] largely asks Plaintiffs specific information about what items of PPE they wore and what they were required to do with that PPE; it is beyond doubt that Plaintiffs have knowledge of what PPE they wore and what they were required to do with it." (Doc. No. 206 at 12). Specifically, many of Farmland's requests for admission ask Plaintiffs to admit or deny statements related to, *inter alia*, compensation for donning and doffing activities, the accuracy of Farmland's employment records, and statements related to PPE worn and tools used by Plaintiffs. (*See* Exh. 2). There can be no dispute that such inquiries go to the heart of Plaintiffs' claims, and Farmland is entitled to know prior to trial whether Plaintiffs will put on evidence to challenge the accuracy of its records. Accordingly, Farmland respectfully requests that the class members selected to respond to discovery (in the manner directed by the Court) be compelled to provide responses to Farmland's requests for admission.

C.  **Class Members Providing Testimony Upon Which Plaintiffs Rely in their Briefing On Pretrial Motions Should Be Compelled To Respond to Farmland's Discovery Requests**

Farmland also respectfully requests an order compelling discovery responses from class members who provide written testimony upon which Plaintiffs rely in supporting their own, or opposing Farmland's, pretrial motions. For example, in opposition to Farmland's Motions to Dismiss, or Alternatively, for Summary Judgment, Against Plaintiff Maria Guzman Morales and

3

Certain Opt-in Plaintiffs for Failing to Disclose Their Alleged Claims Against Farmland in Bankruptcy (Doc. Nos. 165, 169, and 179), Plaintiffs filed declarations executed by opt-in class members Sebastian Alfaro, Robert Lamar Radin ( f/k/a Robert Grannas), and Kenneth Scott Snyder. (Doc. No. 231, Exhs. D, F and G). In opposition to Defendant's Motion for Partial Summary Judgment Regarding Class Plaintiffs Who Do Not Fit Within the Class Definition, Plaintiffs submitted declarations from Orion Bandlow, Brian Bitenieks, Sheila Renschler, and Rosa Diaz. (Doc. No. 205, Exhs. 5, 6, 12, and 21). In opposition to Farmland's Motions for Partial Summary Judgment on Swiping In, Being Checked, Walking, Waiting, Straight Knives, Draw Knives, Hooks and Other Light Tools and on Non-Unique Items (Doc. Nos. 133 and 141), and in support of their own motion for summary judgment, Plaintiffs relied on declarations from Arturo Pulido. (Doc. Nos. 197, Exh. 15, and 194, Exh. 5). Though Mr. Snyder is part of the fifteen percent of class members randomly selected to respond to Farmland's discovery, the other declarants are not. Accordingly, without the opportunity to obtain discovery from Mr. Alfaro, Mr. Radin, Mr. Bandlow, Mr. Bitenieks, Ms. Renschler, Ms. Diaz, and Mr. Pulido, Farmland is left without any opportunity to probe or test the testimony for which they are offered as witnesses (via carefully-tailored declarations drafted by Plaintiffs' counsel) or whether they have information that could support Farmland's defenses.

Defendant acknowledges that the Court's Order granting Plaintiffs' motion for protective order did not require discovery responses from such class members. In fact, neither party specifically addressed the issue in their briefing. However, the Court did order that "[n]o opt-in class member will be allowed to testify at trial unless first responding to discovery ... ." (Doc. No. 221 at 4). The purpose of requiring discovery from class members providing declarations would be the same as requiring discovery from those who will testify at trial, *i.e.* to

provide Defendant the opportunity to test and probe via discovery the testimony provided by that class member. Moreover, Plaintiffs' argument that obtaining discovery responses from opt-in class members is too burdensome is severely weakened when they have already obtained testimony from these class members to support their own claims. Farmland should have the same opportunity to determine whether these class members have testimony that would support its defenses or tend to undermine, limit, or counter the carefully-tailored version of testimony drafted for these persons by counsel. The Court should not allow Plaintiffs' counsel to unilaterally control what information these witnesses provide. For these reasons, Farmland respectfully requests the Court to compel discovery responses from class members who provide testimony upon which Plaintiffs rely in their briefing on pretrial motions.

### III.
### CONCLUSION

For the foregoing reasons, Farmland respectfully requests this Court grant its Motion to Compel and issue an Order requiring Plaintiffs to: (1) provide responses to Defendant's requests for admissions from the opt-in class members selected to respond to discovery; and (2) provide discovery responses from any opt-in class member who provides testimony that Plaintiffs use in briefing on pretrial motions.

Respectfully submitted this 15th day of September, 2010.

*s/L. Dale Owens, Esq.*
L. Dale Owens, Esq.
Admitted *Pro Hac Vice*
Georgia Bar No. 557482
Jackson Lewis LLP
1155 Peachtree Street, NE, Suite 1000
Atlanta, GA 30309-3600
Tel: (404) 525-8200
Fax: (404) 525-1173
owensd@jacksonlewis.com

*s/Allison D. Balus*
Steven D. Davidson, Esq. (NE # 18684)
Allison D. Balus, Esq. (NE # 23270)
Baird Holm, LLP
1500 Woodmen Tower
1700 Farnam Street
Omaha, Nebraska 68102-2068
Tel: (402) 636-8254
Fax: (402) 344-0588
sdavidson@bairdholm.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2010, I served the foregoing **DEFENDANT FARMLAND FOODS, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO COMPEL PLAINTIFFS TO RESPOND TO REQUESTS FOR ADMISSIONS AND PROVIDE DISCOVERY RESPONSES FROM ALL CLASS MEMBERS PROVIDING TESTIMONY** through electronic filing. Notice of this filing will be sent to the following by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    Carolyn H. Cottrell
    Christopher P. Welsh
    James R. Welsh
    Philip A. Downey
    Shanon J. Carson
    Todd M. Schneider

I hereby certify also that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

    None.

                                            s/Allison D. Balus