IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARIA GUZMAN MORALES and MAURICIO GUAJARDO, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FARMLAND FOODS, INC., a Delaware Corporation and subsidiary of Smithfield Foods,<br><br>Defendant. | Case No. 8:08-cv-504- JFB-TDT<br><br>**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL RESPONSES TO REQUESTS FOR ADMISSIONS AND DISCOVERY RESPONSES FROM ALL CLASS MEMBERS PROVIDING TESTIMONY** |

Plaintiffs Maria Guzman Morales and Mauricio Guajardo ("Plaintiffs"), on behalf of themselves and all other similarly situated employees of Defendant Farmland Foods, Inc. ("Defendant"), through their undersigned counsel, respectfully submit this memorandum of law in opposition to Defendant's Motion to Compel Plaintiffs to Respond to Requests for Admissions and Discovery Responses From All Class Members Providing Testimony.

I.   **INTRODUCTION**

On August 27, 2010, this Court issued an Order granting Plaintiffs' motion for a protective order and denying Defendant's abusive request for full discovery responses from almost 300 Opt-In Plaintiffs. The Court ordered that discovery could be taken from fifteen percent (15%) of the Opt-Ins, a procedure Plaintiffs had proposed prior to filing their motion. Pursuant to that Order, the parties agreed on a procedure to randomly select forty-four Opt-Ins who would respond to discovery. Neither the parties nor the Court

1

specifically addressed responses to Defendant's Requests for Admissions. For the reasons discussed below, Plaintiffs respectfully request that the Court clarify its August 27, 2010 Order and decline to force Plaintiffs to collect responses to Defendant's Requests for Admissions from the Opt-In Plaintiffs. In the alternative, Plaintiffs request that the Court place a reasonable limit on the number of Requests for Admissions not to exceed twenty, counting subparts.

Defendant's Motion is an effort to circumvent both the spirit and the explicit ruling of the Court's August 27, 2010 Order. Defendant has served no less than 66 Requests for Admission on each of the 44 Opt-In Plaintiffs, which totals *two thousand, nine hundred and four (2,904) requests for admission*. Moreover, many of the Requests for Admission have *numerous* subparts, which exponentially increase this number.

Defendant seeks to compel responses to its extensive and abusive Requests for Admissions notwithstanding that the majority of the requested information is already in Defendant's possession, custody or control. The burden of this extremely expensive and time consuming process vastly outweighs the evidentiary value of the information Defendant seeks. Defendant also attempts to expand the sampling of Opt-Ins to respond to discovery requests beyond the fifteen percent dictated by this Court's ruling. Defendant does not have a right to this discovery and is simply attempting to obtain responses from more Opt-Ins than the Court permitted. As discussed below, both of Defendant's efforts should be denied.

**II.    The Opt-In Plaintiffs Should Not Be Compelled To Respond To Defendant's Requests For Admissions**

In it's August 27, 2010 Order, the Court granted Plaintiffs' Motion for a Protective Order against discovery of all Opt-Ins, and found that "… plaintiffs have met

their burden to show that the plaintiffs are subject to unusual, undue or extraordinary burden by having to respond on behalf of each separate opt-in class member" and that "… the extensive nature of the discovery sought outweighs the benefit." Court's Order dated Aug. 27, 2010 at 3-4. While the Court nor the parties focused specifically on responses to Defendant's Requests for Admission, the reasoning underlying the Court's Order applies here with equal weight. Obtaining responses to Defendant's numerous Requests for Admissions will impose a extremely large time and expense burden on the Opt-In Plaintiffs and Plaintiffs' counsel, while netting little information to which Defendant is not already privy.

Defendant's Requests for Admissions aimed at each of the 44 Opt-In Plaintiffs subject to discovery contain **66** independent requests, which balloon out to **306 separate requests** when subparts are included. The vast majority of requests simply seek confirmation of information Farmland already knows, or can readily ascertain from its own resources. In addition, many requests seek admissions of facts for which no regular line worker would ever have the basis to admit or deny, and is solely within Farmland management's ambit of knowledge. The amount of attorney time required to obtain responses to each and every inquiry, for all forty-four responding Opt-Ins, *mostly through interpreters*, **would be monumental -- requiring thirteen thousand, four hundred and sixty-four (13,464) separate responses**.[1] The burden of this effort, when compared: 1) to

---

[1] Indeed, Plaintiffs have already submitted responses to Defendant's Requests for Admissions for named Plaintiffs Maria Guzman and Mauricio Guarjardo. Ms. Guzman's responses were 39 pages long, and Mr. Guarjardo's was 31 pages. If every Opt-In's responses were 35 pages, an average estimate, Plaintiffs would be required to collect, confirm, edit, format and submit 1,540 pages of responses. This would impose a substantial burden on the Opt-In Plaintiffs and Plaintiffs' counsel.

the paucity of relevant evidence the Requests would yield; and 2) to the total value of this case, weighs strongly against granting Defendant's Motion.

Under Fed. R. Civ. P. 26(b)(2)(a), courts may limit the number of requests for admission made under Rule 36.  Rule 26(c)(1) states that the court may "for good cause issue an order to protect the party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  Courts routinely rely on these rules to limit the number of requests for admissions for which a party must respond.  *See Murray v. U.S. Dept. of Treasury*, 2010 WL 3464914 (E.D. Mich. Sept. 1, 2010) (holding that 182 requests "is oppressive and unduly burdensome."); *Jadwin v. County of Kern*, 2008 WL 3820288 (E.D. Cal. Aug. 8, 2008) (excusing party from responding to 290 requests for admissions); *Taylor v. Great Lakes Waste Services*, 2007 WL 422036 (E.D. Mich. Feb. 2, 2007) (holding that 297 requests for admissions placed an undue burden on plaintiff); *Joseph v. Conn. Dept. of Children and Families*, 225 F.R.D. 400 (D. Conn. 2005) (holding that 163 responses were burdensome); *Haley v. Harbin*, 933 So.2d 261 (Miss. 2005) (holding that 250 requests for admissions was unduly burdensome and oppressive); *Giddens v. Nunez*, 2003 WL 23162320 (Va. Cir. Ct. June 2, 2003) (holding that 110 requests for admissions were "unreasonably cumulative and duplicative, are obtainable from other sources and are unduly burdensome …."). 

Obtaining responses to Defendant's Requests for Admission for all 44 Opt-Ins would require a herculean effort by Plaintiffs' counsel, even if the number of requests was substantially reduced.  *See* Declaration of Carolyn H. Cottrell, Esq. at ¶¶ 18-19 (attached to Memorandum of Law in Support of Plaintiffs' Motion for a Protective Order).  Opt-Ins need to be interviewed to obtain the initial responses.  The Responses

then need to be typed and formatted, and then provided to the Opt-In for their review and approval. Then there needs to be a second interview with the Opt-In to determine if any changes need to be made to the responses. If changes need to be made, the Response must be edited and provided to the Opt-In again for review. Since most Opt-Ins do not speak English, each interview would need to be conducted through an interpreter. The final responses then need to be edited and reviewed before being submitted to Defendant. This process would result in several hours worth of work for each individual Opt-In's response and impose a substantial burden on Plaintiffs' counsel. *Id.* This amount of time would be magnified given the number of Requests at issue here, such that Plaintiffs' counsel estimates that it would take at least one full day worth of time to respond to each of the 44 sets of Requests for Admission at issue, i.e., at least 44 full days worth of time for attorneys who are busy not only with other matters in this case, but with a full docket of other cases as well.

Moreover, most of Defendant's Requests would not yield any information that Defendant does not already know. Several of the Requests simply ask the Opt-Ins to verify Defendant's own records. *See, i.e.*, Defendant's Requests for Admissions Nos. 1-4. These Requests are totally unnecessary since Farmland, and not the Opt-Ins, have a legal duty to maintain accurate time and pay records for its employees. Furthermore, the Opt-Ins do not have access to information to confirm or deny Defendant's records. Twelve questions have numerous subparts, nine of which inquire individually about **_twenty-six_** different pieces of PPE. *See* Defendant's Requests for Admissions at Nos. 8-17. These Requests too are unnecessary, as Defendant is fully aware of what PPE it requires for each position at its plant. The vast majority of the remaining Requests

5

simply go through a shift's procedures, which are completely under Defendant's control and within the knowledge of its management staff.

Because of the substantial time and cost burden that collecting answers to Defendant's Requests for Admissions would impose on the Opt-Ins and Plaintiff's counsel and the limited utility that they will serve Defendant, Plaintiffs respectfully request that the Court deny Defendant's motion. Defendant has received detailed responses to their Requests from both the named Plaintiffs. Plaintiffs contend that these responses are more than sufficient as it concerns requests for admission.

Alternatively, should the Court disagree and find that Defendant is entitled to responses from the Opt-In Plaintiffs to its Requests for Admission, then Plaintiffs request that the Court order the parties to meet and confer and limit the number of Requests to twenty in each set (20), including subparts.

### III.   Defendant's Motion To Expand The Court's August 27, 2010 Order Should Be Denied

Defendant also seeks to expand the Court's August 27, 2010 Order and obtain discovery from more Opt-Ins than the Court ordered. Defendant demands that each Opt-In who provides written testimony in support of any motion be subject to full discovery, regardless of whether they are part of the fifteen percent of Opt-Ins ordered to respond to Defendant's discovery requests by the Court.

Defendant does not have a right to discovery of every Opt-In who provides written testimony in support of a motion, and indeed, fails to cite a single authority for this extraordinary proposition. Plaintiffs have agreed, and the Court subsequently ordered, that any Opt-Ins who will testify at trial will provide discovery responses. Furthermore, for purposes of discovery, nothing differentiates Opt-Ins who provide

declarations in support of motions and Opt-Ins that do not.  The claims of each are identical, and Defendant's defenses to each will be identical.   Defendant will learn nothing more from discovery of Opt-Ins who provide declarations than from Opt-Ins who do not.

Defendant asserts that it has a need to "test" the declarations submitted by Opt-Ins in support of any of Plaintiffs' motions.  But Defendant has the ability to rebut any declaration submitted by an Opt-In with a declaration of its own from another Farmland employee, thus there is no inherent need to "test" Opt-Ins who submit declarations.  This request is simply an effort by Defendant to punish any Opt-In who submits a declaration.

Defendant's request is even more extraordinary when taken to its logical end.  If every  Opt-In who provides a declaration in support of a Plaintiff motion is required to submit to full discovery, Defendant would effectively be given unlimited discovery.  Since several motions will be litigated after the close of discovery, Defendant would be given the benefit of a new round of discovery for every Plaintiff motion.  Not only would this result be inequitable, it would produce another layer of work for Plaintiffs' counsel for every motion, response, and reply submitted.  In addition, such a ruling would encourage additional motion practice by Defendant, since every new motion it files would give it another opportunity to "test" new Opt-Ins when Plaintiffs respond.

The Court ordered that fifteen percent of the Opt-In class submit to discovery.  The parties have identified who these individuals are, and Plaintiffs are in the process of collecting responses.  Defendant's demand is a bold attempt to circumvent the Court's ruling, and get discovery from more people than the Court ordered.  Defendant's request should be squarely denied.

**IV.     CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant's Motion in its entirety.  Alternatively, Plaintiffs respectfully request that the Court at least limit the number of requests for admission to twenty in each set, including subparts.

Dated: October 4, 2010                    Respectfully submitted,

 s/Shanon J. Carson
Shanon J. Carson (admitted *pro hac vice*)
Russell D. Henkin (admitted *pro hac vice*)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, Pennsylvania 19103
Tel: (215) 875-4656
Fax: (215) 875-4604
scarson@bm.net
rhenkin@bm.net

Todd M. Schneider (*pro hac vice*)
Carolyn H. Cottrell (*pro hac vice*)
SCHNEIDER WALLACE
COTTRELL BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Tel: (415) 421-7100
Fax: (415) 421-7105
tschneider@schneiderwallace.com
ccottrell@schneiderwallace.com

Philip A. Downey (admitted *pro hac vice*)
P.O. Box 736
Unionville, Pennsylvania 19375
Tel: (610) 324-2848
Fax: (610) 347-1073
downeyjustice@gmail.com

James R. Welsh
Christopher P. Welsh
WELSH & WELSH, PC, LLO
9290 West Dodge Rd
100 The Mark

Omaha, NE  68114
Tel:  402 384 8160
Fax:  402 384 8211
jwelsh@welsh-law.com

Attorneys for Plaintiffs and the Class

9

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2010 I electronically filed the above document with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

>L. Dale Owens, Esq.
>Jackson Lewis LLP
>1155 Peachtree Street, NE, Suite 1000
>Atlanta, GA 30309-3600
>Tel: (404) 525-8200
>Fax: (404) 525-1173
>owensd@jacksonlewis.com
>
>Allison D. Balus, Esq.
>Steven D. Davidson, Esq.
>Baird Holm, LLP
>1500 Woodman Tower
>1700 Farnam Street
>Omaha, NE 68102-2068
>Tel: (402) 636-8254
>Fax: (402) 344-0588
>abalus@bairdholm.com
>sdavidson@bairdholm.com

Date: October 4, 2010                                  Respectfully submitted,
                                                       James A. Wells, Esq.