# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARIA GUZMAN MORALES and<br>MAURICIO R. GUAJARDO,<br><br>Plaintiffs,<br><br>vs.<br><br>FARMLAND FOODS, INC., a Delaware<br>Corporation and subsidiary of<br>Smithfield Foods,<br><br>Defendant. | 8:08CV504<br><br>ORDER |

This matter is before the court on the defendant's Motion to Compel Plaintiffs to Respond to Requests for Admissions and Provide Discovery Responses From All Class Members Providing Testimony (Filing No. 235). The defendant filed a brief (Filing No. 236) and an index of evidence (Filing No. 238) in support of the motion. The plaintiffs filed a brief (Filing No. 259) in opposition to the motion. The defendant filed a brief (Filing No. 260) and an index of evidence (Filing No. 261) in reply.

## BACKGROUND

The plaintiffs are employees or former employees of the defendant's hog slaughter and processing facility in Crete, Nebraska. The case was filed as a class action alleging violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201, *et seq.*, regarding pay for pre- and post-production line activities, including "donning and doffing," and other activities in connection with job functions. The plaintiffs seek relief for alleged violations of federal wage-and-hour laws, including for alleged failures to pay overtime compensation for uncompensated job-related activities. The court conditionally certified a class of current and formerly employed hourly production employees on September 4, 2009. **See** Filing No. 81. The plaintiffs include two named plaintiffs and 296 opt-in class members. The deadline for fact discovery in this case is currently February 18, 2011. **See** Filing No. 271 - Order. The matter has not yet been set for trial.

The parties have engaged in a variety of discovery and dispositive motion activity. In June 2010 the defendant served thirty opt-in class members with discovery requests including interrogatories, requests for production, and requests for admission. **See** Filing

No. 147 - Certificate of Service.  The defendant served the same written discovery on the remaining opt-in class members, with minor exceptions, on July 16, 2010.  **See** Filing No. 155 - Certificate of Service.  On August 27, 2010, the court granted the plaintiffs' motion for protective order (Filing No. 158), in part, to limit discovery to full discovery of the two named plaintiffs and a random sample of fifteen percent of the FLSA opt-in class members, with the provision that no opt-in class member will be allowed to testify at trial unless first responding to discovery.  **See** Filing No. 221.

After entry of the August 27, 2010, order, the parties engaged in negotiations about the method, process, and scope of discovery.  On September 15, 2010, the defendant filed the instant motion to compel.  **See** Filing No. 235.  The defendant seeks an order compelling the plaintiffs to provide "(1) responses to Defendant's requests for admissions from the random sample of fifteen percent of the FLSA opt-in class members selected to respond to discovery; and (2) discovery responses from any opt-in class member who provides testimony that Plaintiffs present on the merits of any pretrial motions."  *Id.*  The plaintiff opposes such requirements.  The parties engaged in sufficient attempts to resolve their dispute without court involvement, in compliance with the federal and local rule requirements.  **See** Fed. R. Civ. P. 37; NECivR 7.0.1.

First, the defendant wants to serve requests for admission on the random sampling of opt-in class members.  The defendant argues the court, in the August 27, 2010, order, already made a finding the discovery sought was relevant.  Specifically, the requests for admission, served on July 16, 2010, were part of the disputed discovery at issue in the plaintiffs' motion for protective order.  **See** Filing No. 158 - Plaintiffs' Motion; Filing No. 236 - Defendant's Brief p. 2-3; Filing No. Ex. 1(A)(5) - Request for Admissions.  The defendant contends the content of the requests relates to the heart of the plaintiffs' case, including the types of tools and clothing worn; compensation paid for various activities; and the accuracy of the defendant's records.  **See** Filing No. 236 - Defendant's Brief p. 3.  The defendant asserts such information will enable it to learn whether the plaintiffs "will put on evidence to challenge the accuracy of its records."  *Id.*

The plaintiffs oppose the use of requests for admissions in this case.  **See** Filing No. 259 - Response.  In the alternative, the plaintiffs suggest the court limit the number of requests to twenty, including sub-parts, rather than the 66 requests (with additional sub-parts) served by the defendant.  *Id.*  The plaintiffs argue the majority of the requests

proposed by the defendant contain information already in the defendant's possession, yet probably not known by the "regular line worker." *Id.* at 2-5.  Further, the plaintiffs argue that given the nature of these requests, the time consumption and expense involved is unduly burdensome and outweighs any benefit. *Id.*  Specifically, the plaintiffs assert the use of interpreters and attorney time to respond to each request for each of forty-four opt-in members is "monumental." *Id.* at 3-5 (describing process and suggesting each member's response would consume eight hours of attorney time, resulting in forty-four days spent on this task).

Additionally, the defendant seeks to modify or clarify the August 27, 2010, order by requiring "any opt-in class member who provides testimony to also respond to written discovery, whether that testimony is presented by declaration or at trial." **See** [Filing No. 236](#) - Defendant's Brief p. 2.  Specifically, the defendant wants discovery responses from any opt-in class member who provides testimony that the plaintiffs present on the merits of any pretrial motions. *Id.* at 3.  The defendant uses, as examples, its July 29, 2010, motion to dismiss ([Filing No. 165](#)) and other motions.  The plaintiffs oppose those motions by using declarants who are neither the class representatives, nor in the random sampling of opt-in class members.  **See** [Filing No. 236](#) - Defendant's Brief p. 4.  The defendant argues it is unable to "probe or test the testimony" proffered or determine whether these declarants have information that could support the defendant's defenses. *Id.*  The defendant contends the same principle–namely, the necessity for giving the defendant a means to probe the testimony–applies for trial witnesses as well as for these declarants. *Id.* at 4-5.  The defendant asserts obtaining discovery from these declarants cannot be overly burdensome because the plaintiffs, in support of their own claims, have previously secured information from the declarants. *Id.* at 5.

The plaintiffs argue that the defendant is not entitled to discovery from each of the declarants.  **See** [Filing No. 259](#) - Response p. 6-7.  The plaintiffs contend the responses from the opt-in members who provide discovery would not differ from those who do not. *Id.*  Accordingly, the defendant will not gain additional information from those opt-in members who provide declarations, but who are not part of the random sampling of opt-in members for discovery. *Id.*  Further, the plaintiffs assert the defendant is merely trying to punish the declarants for providing testimony when the defendant is otherwise capable of

filing rebuttal testimony gathered from other sources. *Id.* The plaintiffs argue that the defendant is attempting to circumvent the court's earlier order limiting discovery. *Id.* at 7.

## ANALYSIS

As a starting point, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents . . ." Fed. R. Civ. P. 26(b)(1). However, "[t]he District Court does have discretion to limit the scope of discovery." *Credit Lyonnais v. SGC Int'l, Inc.*, 160 F.3d 428, 431 (8th Cir. 1998). To determine if a matter is discoverable, the court must first evaluate whether the sought discovery is relevant to a claim or defense. Accordingly, although limited, relevant evidence includes "any matter that could bear on, or that reasonably could lead to other matter that bears on" the claims or defenses of any party. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). "Determinations of relevance in discovery rulings are left to the sound discretion of the trial court and will not be reversed absent an abuse of discretion." *Hayden v. Bracy*, 744 F.2d 1338, 1342 (8th Cir. 1984). Once the requesting party meets the threshold relevance burden, generally "[a]ll discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden." *Continental Ill. Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 684-85 (D. Kan. 1991) (citation omitted).

Previously, the court held the defendant had met its burden of showing discovery sought from the opt-in members was relevant to the claims and defenses in this matter, in a broad sense. Further, the court held the plaintiffs had met their burden to show the plaintiffs would be subject to unusual, undue, or extraordinary burden by having to respond on behalf of each opt-in class member. The court limited discovery because allowing the defendant to obtain discovery from each opt-in class member is inappropriate in this type of lawsuit. **See** *Reich v. Homier Distr. Co.*, 362 F. Supp. 2d 1009, 1015 (N.D. Ind. 2005)

("The individual discovery required . . . would destroy 'the economy of scale envisioned by the FLSA collective action procedure.'").

As in the previous discovery dispute, the defendant seeks to obtain information about the differences between the opt-in class members in relation to the claims and defenses of the parties. The defendant meets its burden of explaining the need for the some of the discovery sought. However, the defendant fails to suggest how the representative sampling method already in place is deficient for the purpose of establishing (or refuting) similarity between the opt-in class members and addressing the other issues raised in the lawsuit. Additionally, the nature of discovery now sought by the defendant remains overly extensive when compared to the projected benefit. See *Geer v. Challenge Fin. Investors Corp.*, No. 05-1109, 2007 WL 1341774 (D. Kan. May 4, 2007) (finding "the burden and expense the requested discovery . . . would impose on Plaintiffs clearly outweighs the likely benefit"); **see also** *Fast v. Applebee's Int'l, Inc.*, No. 06-4146, 2008 WL 5432288 (W.D. Mo. Dec. 31, 2008) (denying motion to compel interrogatory responses from each opt-in plaintiff). The court finds the previous, yet broad, limitation on discovery from a random sample of opt-in members should be reasonably expanded. See *Nerland v. Caribou Coffee Co.*, Inc., 564 F. Supp. 2d 1010, 1016 (D. Minn. 2007) (noting individualized discovery for sub-set of plaintiffs through completion of questionnaires and depositions).

Previously, the court refrained from determining the content of the discovery requests, but as it appears the parties were not able to resolve the issue without court intervention. The court has reviewed the defendant's sample requests for admission and finds they would create an undue burden on the plaintiffs beyond any minimal benefit to the defendant. However, the defendant will be allowed to serve requests for admission in accordance with the alternative proposal offered by the plaintiffs. The defendant may serve a total of twenty requests for admission, including any sub-parts. The limitation should adequately address the plaintiffs' concerns regard content and magnitude of the requests while allowing the defendant to obtain narrowly tailored and reasonable discovery. With the stated limitations, the defendant's motion to compel answers to requests for admissions is granted.

In contrast, allowing individual discovery from each declarant is inconsistent with the court's prior order and goes outside the bounds of essential discovery by negating the purpose behind limited discovery in representative actions. The court previously allowed

5

the defendant to obtain discovery from any opt-in member who will also be a trial witness. However, the defendant need not obtain similar discovery from mere declarants. The defendant has other means to challenge affidavits filed by the plaintiffs relative to motions filed. Further, the defendant may obtain representative discovery from the opt-in members as outlined above, without the addition of the specific non-random declarant plaintiffs. Accordingly, the defendant's motion to compel will be denied with respect to discovery responses from any opt-in class member who provides testimony that the plaintiffs present on the merits of any pretrial motions. Upon consideration,

**IT IS ORDERED:**

The defendant's Motion to Compel Plaintiffs to Respond to Requests for Admissions and Provide Discovery Responses From All Class Members Providing Testimony (Filing No. 235) is granted, in part, and denied, in part. The defendant is granted leave to serve twenty requests for admissions on the random sample of fifteen percent of the FLSA opt-in class members previously selected to respond to discovery. The motion is denied in all other respects.

DATED this 30th day of November, 2010.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.