IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARIA GUZMAN MORALES, on behalf of themselves and all other similarly situated individuals, and MAURICIO GUAJARDO, on behalf of themselves and all other similarly situated individuals,<br><br>        Plaintiffs,<br><br>        v.<br><br>FARMLAND FOODS, Inc.,<br><br>        Defendant. | 8:08CV504<br><br>MEMORANDUM AND ORDER |

This matter is before the court on the following motions: motion for partial summary judgment by defendant, Filing No. 133; motion for partial summary judgment by defendant, Filing No. 137; motion for partial summary judgment by defendant, Filing No. 139; motion for partial summary judgment by defendant, Filing No. 141; motion for partial summary judgment by defendant, Filing No. 143; motion to dismiss by defendant, Filing No. 165; motion to dismiss by defendant, Filing No. 169; motion for summary judgment by defendant, Filing No. 175; motion to dismiss by defendant, Filing No. 179; motion for partial summary judgment by plaintiffs Mauricio Guajardo and Maria Guzman Morales, Filing No. 192; and motion to amend and for interlocutory appeal by defendant, Filing No. 223.

Plaintiffs, employees at defendant's slaughter and processing facility located in Crete, Nebraska, filed this case alleging they are entitled to unpaid wages and overtime wages for time spent donning, doffing, and washing clothes/personal protective equipment; time spent walking to and waiting at the meat production line after donning or washing; and time spent walking from the meat production line and waiting to doff clothing/personal

protective equipment.  Filing No. 1.  Plaintiffs assert that defendant compensates them on a "gang time" basis, meaning that plaintiffs receive compensation only for the time plaintiffs are on the meat production line and meat actually moves down the line.

## STANDARD OF REVIEW

Summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.  If the moving party meets the initial burden, the burden then shifts to the opposing party to produce evidence of the existence of a genuine issue for trial. *Id.* at 324.

"The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  A "genuine"

2

issue of material fact exists "when there is sufficient evidence favoring the party opposing the motion for a jury to return a verdict for that party." *Id*. at 249-52 (noting the inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law). If "reasonable minds could differ as to the import of the evidence," summary judgment should not be granted. *Id.* at 250-51.

The evidence must be viewed in the light most favorable to the nonmoving party, giving the nonmoving party the benefit of all reasonable inferences. *Kenney v. Swift Transp., Inc.*, 347 F.3d 1041, 1044 (8th Cir. 2003). "In ruling on a motion for summary judgment, a court must not weigh evidence or make credibility determinations." *Id.* "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Koehn v. Indian Hills Cmty. Coll.*, 371 F.3d 394, 396 (8th Cir. 2004).

## DISCUSSION

### *A. Filing No. 133*

Defendant asks this court to dismiss all overtime pay claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., for a number of required activities, including: swiping in; walking or waiting; carving with light tools; use of draw knives—defendant argues that these items were not used by any of the named plaintiffs; harness and belts—defendant claims there is no evidence and very few employees use these; and sharpening or steeling knives—defendant argues plaintiffs already get paid for this time. These acts, argue defendant, are preliminary activities and not compensable under the Portal-to-Portal Act, 29 U.S.C. § 254(a).

Plaintiffs ask this court to deny the motion for partial summary judgment. Filing No. 196. Plaintiffs contend that they swipe in after the first principal work activity of the day, which is gathering and donning their protective work equipment. Further, plaintiffs contend that they have submitted evidence that they do in fact clean, sharpen and steel the knives and equipment they use. In addition, the plaintiffs argue that nearly all of the facts set forth by the defendant are in fact controverted and must go to trial. The court has carefully reviewed the briefs, evidence and argument. The court agrees with the plaintiffs that these issues are factual in nature and should proceed to court.

### *B. Filing No. 137*

Defendant moves for summary judgment on the basis that the claims of the named plaintiffs and the opt-in plaintiffs are based on events which allegedly occurred more than two years ago and are thus barred by the statute of limitations. *See* 29 U.S.C. § 257 and § 255(a) (FLSA) (two-year statute of limitations unless violation is willful). Defendant argues that the claims of 27 of the plaintiffs are filed as consents more than two years after their last day of employment with the defendant. Additionally, in any event, defendant argues that the court should dismiss all claims that occurred after three years pursuant to 29 U.S.C. § 255(a).

Plaintiffs ask the court to deny the motion and contend that the defendant did in fact deliberately ignore the legal obligations under the compensation scheme and, therefore, the three-year statute of limitations applies. Again, the court finds the argument of the plaintiffs is correct. There are significant disputes as to the behavior of the defendant, and it is a jury question at this point as to whether defendant acted in a willful manner. *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988 ). Accordingly, the court will

deny this motion until the evidence is adduced at trial, at which time the defendant may raise this issue again if appropriate.[1]

### *Filing No. 139*

Defendant also moves for summary judgment against the class plaintiffs who allegedly do not fit within the class definition. Defendant contends that certain of the opt-in plaintiffs did not hold the jobs designated as part of the class, and certain members did not hold the jobs during the relevant time period. According to defendant, fourteen plaintiffs never held these positions and thirty-six did not hold the jobs in the relevant time period. Plaintiffs argue that these allegations are incorrect. First, plaintiffs contend that this is a damages question to be decided at trial. Second, plaintiffs cite to evidence indicating that nearly all of the fourteen plaintiffs appear to be appropriate class members as do the thirty-six plaintiffs. The court agrees there are genuine issues of material fact on this issue and will allow it to proceed to trial. If at trial it appears that one or more of these plaintiffs are not part of the class, the court will be receptive to an appropriate motion.

### *Filing No. 141*

Defendant also moves for summary judgment as to those non-unique items that plaintiffs were required to don and doff. In short, defendant asks this court to dismiss all items that are generic as not compensable work time under the Portal-to-Portal Act, 29 U.S.C. § 254(a); *see, e.g., Hertz v. Woodbury County, Iowa*, 566 F.3d 775, 783 (8th Cir. 2009). Plaintiffs argue that there is significant evidence in the record to dispute the

---

[1] Defendant argues that there might be two plaintiffs who are barred by the three-year statute of limitations and refers to a Vesely Declaration. However, the court is unable to connect the references with particular filing numbers and exhibits. Possibly there is a missing index of evidence. Accordingly, if the defendant wishes to file a motion for summary judgment with regard to these specific plaintiffs, fully supported by evidence, then it may do so. The plaintiffs may thereafter file a response, and the court will consider this very narrow issue. However, the court is not interested in another barrage of filings and arguments. On the contrary, if defendant chooses to address this issue, the court expects the filings to be succinct and to the point and relevant only to this question.

arguments of the defendant.  In addition, plaintiffs note that additional depositions have been taken that will also support their arguments.  At the time of the briefing, plaintiffs had not yet received copies of these depositions.  Plaintiffs note that the correct legal inquiry is not whether these are unique or non-unique times, but whether the activities are integral and indispensable to the principal work activity.  See *IBP v. Alvarez,* 546 U.S. 21, 33-34 (2005).  The parties clearly dispute what constitutes the beginning and end of their work day.  The court agrees and will allow this issue to proceed to trial.

### *Filing No. 143*

Defendant also moves for summary judgment arguing that the claims based on time in excess of "reasonable time" and de minimum activities should be dismissed.  The issues raised in this filing are virtually the same as those raised in Filing No. 133, with the difference being that this motion relates to overtime.  The court has already determined that these issues will continue to trial.  Accordingly, this motion is likewise denied.

### *Filing Nos. 165 and 169*

Defendant moves to dismiss this case or in the alternative for summary judgment against plaintiff Maria Guzman Morales and other plaintiffs for failing to disclose her alleged claims against Farmland in bankruptcy.  Following the signing of a consent but before filing of this lawsuit, Maria Guzman Morales apparently filed for bankruptcy.  She failed to list this potential claim in her schedules and her bankruptcy was discharged.  Plaintiffs contend that Ms. Morales does not speak English and did not understand that she had to file this potential case in bankruptcy court.  A similar scenario apparently occurred with several of the plaintiffs.  She and the other plaintiffs are willing to reopen their bankruptcy cases if necessary.  The defendant has not submitted any evidence that any of the plaintiffs intended to defraud the court, and thus judicial estoppel is not appropriate.

See *Total Petroleum, Inc. v. Davis*, 822 F.2d 734, 738 n.6 (8th Cir. 1987 ).  The court notes that the plaintiffs did not become a party in this lawsuit until after the bankruptcy was discharged or a plan confirmed.  Further, it is questionable whether plaintiffs have gained any advantage in any event, as any judgment, or portion of a judgment, might prove to be exempt under Neb. Rev. Stat. § 25-1552.  Finally, the court notes that the defendant has waited a considerable amount of time to make this objection.  The court agrees with the plaintiff.  *See United States ex. rel. Gebert v. Transport Admin. Servs.*, 260 F.3d 909, 913 (8th Cir. 2001) (property of bankruptcy estate includes all causes of action debtor could have brought at time of bankruptcy petition). Such assets are not abandoned by the case closing because they were not scheduled or "otherwise administered." 11 U.S.C. § 554(c).  The court shall allow the plaintiffs to reopen their bankruptcy cases and allow the trustee to determine if he/she wants to pursue these claims or not.  The court will deny the motion to dismiss/summary judgment and allow those plaintiffs who filed bankruptcy to reopen their bankruptcy cases and file these claims.  The bankruptcy court can determine if these plaintiffs have the right to continue this lawsuit in their names, or if a trustee shall consider the claims, or if the bankruptcy court chooses to abandon these claims.

### *Filing No. 175*

Defendant also moves to dismiss plaintiff Mauricio R. Guajardo's overtime pay claims under the FLSA.  Defendant contends that Guajardo's claims fail to the extent they are based on tools he carried in his employment as they were light tools and not work tools.  Defendant also argues that the statute of limitations applies and that Guajardo never held any of the jobs in this class definition.  The court has already addressed both of these issues and need not do so again.

### *Filing No. 179*

Defendant moves to dismiss or for summary judgment against plaintiff Sebastian Alfaro who also failed to disclose his bankruptcy case. The court has already addressed this issue and the same analysis and requirements will apply to this plaintiff.

### *Filing No. 192*

Plaintiffs move for partial summary judgment asking this court to find that the defendant has in fact violated the FLSA by failing to pay hourly production workers for all the hours worked. Defendant contends that it adequately pays the plaintiffs for the time worked. Plaintiffs contend they are not paid for this time. As the plaintiffs have argued in their opposition to the defendant's motions for summary judgment, these are factual issues better left for trial.

### *Filing No. 223*

Defendant moves the court to amend its August 16, 2010 order, Filing No. 208, to: (1) grant it summary judgment on time spent donning or doffing certain items (namely, sweatshirts, pants, coveralls, and T-shirts), and as to time spent washing the person; and (2) to certify to the Eighth Circuit on interlocutory appeal pursuant to 28 U.S.C. § 1292(b) the issue of defining "clothes" and "washing" so the Eighth Circuit can decide if the terms are exemptions or definitions.

28 U.S.C. § 1292(b) provides:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). A district court must find that an order meets three criteria to be immediately appealable under § 1292(b): (1) the order must involve a controlling question of law; (2) there must be a substantial ground for difference of opinion as to the issue in question; and (3) certification must materially advance the ultimate termination of the litigation. *Union County v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008) (citing *United States Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966) *(citing* *White v. Nix,* 43 F.3d 374, 377 (8th Cir. 1994)). The district court must address all three criteria when certifying an issue for interlocutory appeal pursuant to § 1292(b). *White,* 43 F.3d at 377 ("[W]e hold that the district court abused its discretion by failing adequately to consider all the relevant criteria before granting the motion for certification."). Defendant argues these are both pure questions of law. Second, defendant contends that there is disagreement in the Fourth, Fifth, Seventh and Eleventh Circuits with regard to the meaning of clothes and washing versus the view taken by the Ninth Circuit. Finally defendant argues that allowing the Eighth Circuit to make these determinations will substantially alter and shorten this litigation.

Plaintiffs oppose this motion. Filing No. 238. Plaintiffs argue that this court has already ruled on these issues in its previous order on summary judgment. In addition plaintiffs note that defendant has filed numerous additional motions to which plaintiffs have been forced to respond. Plaintiffs argue that the Eighth Circuit does not favor "piece-meal" appeals. See *White,* 43 F.3d at 376 ("It has, of course, long been the policy of the courts to discourage piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants. Permission to allow interlocutory appeals should thus be granted sparingly and with discrimination."). *See* *Union County, Iowa v.*

*Piper Jaffray & Co., Inc.*, 525 F.3d 643 (8th Cir. 2008) (the party requesting an interlocutory appeal "bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted.") (citing to White, 43 F.3d at 376).

The court agrees with the plaintiffs.  The court has decided the clothing and washing issues to the extent necessary for trial.  Additional issues may arise at trial where in the court might revisit the issues of clothing and washing, depending on the development of the evidence.  As currently set forth in the claims in this case, these issues are both factual and legal.  Testimony will determine what is part of the continuous workday and what is not and what are or are not the beginning and ending principal activities.  But for the moment, and until the evidence is reviewed during trial, the court has sufficiently addressed these issues.[2]

With regard to the request for interlocutory appeal, the court will deny the motion. The fact that the Eighth Circuit has not decided this issue is not sufficient to justify the interlocutory appeal.  See *Union County*, 525 F.3d at 647 (". . . we do not see how the court's only stated reason for certifying the appeal—the lack of Eighth Circuit precedent—demonstrates that this requirement [for interlocutory appeal] has been met."). As plaintiffs point out, the defendant has filed numerous motions to which they have had to respond.  Now, defendant is attempting to perfect an interlocutory appeal which will further delay the case and cause additional expense to the plaintiffs.  See Cortez v. Nebraska Beef, Inc., No. 8:08CV90, 8:08CV99 (D. Neb. April 14, 2010) (J. Bataillon) (denying interlocutory appeal because "[t]he court agrees with the plaintiffs that these

---

[2]If the defendant intended these issues to be purely legal ones, it would have been better advised to not raise the numerous and extensive motions in the context of so many factual situations.

cases involve routine wage and hour violations" and that "defendants are free to appeal these issues following trial."). Additionally, the court has already found that these questions as currently posed to the court are mixed questions of fact and law.

THEREFORE, IT IS ORDERED:

1. Defendant's motions for summary judgment/motions to dismiss/motion for interlocutory appeal, Filing Nos. 133, 137, 139, 141, 143, 165, 169, 179, 192, and 223, are denied.

2. Plaintiffs who filed bankruptcy wherein the claims in this litigation should have been included are hereby given 30 days from the date of this order to reopen their cases in bankruptcy or file whatever is required. Thereafter, the plaintiffs shall give the court a written status report to be filed in CM/ECF outlining what measures, if any, are being taken by the bankruptcy court and/or the bankruptcy trustee, pursuant to the discussion set forth in this memorandum and order.

3. Plaintiffs' motion for summary judgment, Filing No. 175, is denied.

DATED this 1st day of February, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.