IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARIA GUZMAN MORALES & | ) | |
| MAURICIO R. GUARJARDO, & | ) | |
| On behalf of themselves and all other | ) | |
| similarly situated individuals, | ) | |
| | ) | |
| Plaintiffs, | ) | CASE NO.  8:08-cv-504 |
| | ) | |
| v. | ) | |
| | ) | |
| FARMLAND FOODS, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT FARMLAND FOODS, INC.'S RESPONSE IN
OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
AND FOR RULE 37 AND 28 U.S.C. § 1927 SANCTIONS**

Defendant Farmland Foods, Inc. ("Farmland"), by and through its undersigned counsel, submits the following response in opposition to Plaintiffs' Motion for Protective Order and for Rule 37 and 28 U.S.C. § 1927 Sanctions ("Plaintiffs' Motion") [Docket No. 277], stating as follows:

## I.  INTRODUCTION

Since the early summer of 2010, Farmland has worked diligently to discover the facts necessary to defend against Plaintiffs' claims in this lawsuit.  At almost every step, Plaintiffs have erected roadblocks, raised objections, and pulled out every tool in their litigation toolbox to thwart Farmland's good faith discovery efforts.  The present Motion is Plaintiffs' latest attempt at delay and obfuscation, and it should be rejected by the Court.  Contrary to Plaintiffs' misrepresentations and mischaracterizations, Farmland fully complied with the Court's Order of November 30, 2010 by serving only twenty requests for admission on the random sample of opt-

1

in Plaintiffs.  Through their Motion, Plaintiffs simply seek to avoid responding to <u>any</u> requests for admission.  Plaintiffs' Motion lacks any merit and should be denied in its entirety.

## II.  FACTUAL BACKGROUND

On August 27, 2010, the Court entered an Order which, among other things, authorized Farmland to obtain written discovery responses from a random sample of 15% of the opt-in class members (44 individuals).  (Doc. No. 221.)  Following the Court's Order, the Parties agreed on a random sample of 44 opt-in Plaintiffs who would respond to Farmland's written discovery requests that previously had been served.  On August 31, 2010, Plaintiffs' counsel indicated that they would not provide any responses to Farmland's First Requests for Admission, which were served on June 9, 2010.  (Def.'s First Reqs. Admission, attached as Exhibit A.)  Thus, on September 15, 2010, Farmland was forced to move to compel responses to its requests for admission as to the 15% of the opt-in class members for whom the Court had ordered discovery. (Doc. No. 235.)

The Court ruled on Farmland's motion to compel responses to its First Requests for Admission on November 30, 2010, ordering each randomly-selected opt-in Plaintiff to respond to twenty Requests for Admission.  (Doc. No. 272.)  In full and good faith compliance with the Court's Order, Farmland served Amended First Requests for Admission containing only twenty requests on the random sample of opt-in Plaintiffs on December 16, 2010. (Def.'s Am. First Reqs. Admission, attached as Exhibit B.)  Thereafter, on January 20, 2011, Plaintiffs requested their <u>third</u> extension of time to complete fact discovery.  Farmland consented to this request, and under the terms of the Court's Order, class members' discovery responses were due <u>by February 18, 2010</u>.  (Doc. No. 275.)

Two days prior to the extended February 18 discovery deadline and over two months after Farmland had served its Amended First Requests for Admission, Plaintiffs filed the present Motion seeking a protective order and sanctions.  It is undisputed that Plaintiffs' counsel never raised any issues regarding Farmland's First Amended Requests for Admission with Farmland's counsel until February 8, 2011, almost two months after they had been served.  (Pls.' Index of Evidence at Ex. A [Doc. No. 283].)   In their Motion, Plaintiffs now ask the Court to prohibit Farmland from issuing any Requests for Admission.  (Pls.' Memo. Supp. at 2 [Doc. No. 278].)  To date, Farmland has not received any substantive responses to its requests for admission from any opt-in Plaintiff.   By way of further background, on four separate occasions and at Plaintiffs' request, Farmland has provided additional names of randomly-selected opt-in class members to respond to Farmland's written discovery.  According to Plaintiffs' counsel, each set of additional names was necessary because many of the randomly selected opt-in Plaintiffs would not provide discovery responses.  To date, 53 randomly-selected opt-in Plaintiffs have failed and refused to respond to any discovery.  (See Exhibit C.)  Prior to the Court-ordered February 18, 2011 deadline to submit its discovery responses, Plaintiffs had served interrogatory responses from only 11 opt-in Plaintiffs and document production responses from only 12 opt-in Plaintiffs.  On the day of the deadline and since that date, Plaintiffs have filed certificates of service for interrogatory responses from 24 more opt-in Plaintiffs and responses to document production requests from 25 additional opt-in Plaintiffs.  Plaintiffs' unjustified delay in responding to Farmland's written discovery, including the requests for admission, has precluded Farmland from identifying the Plaintiffs it will depose and has delayed such depositions, as explained in greater detail in Farmland's recent motion for extension of time [Doc. No. 290], which was granted by the Court on February 28, 2011.  (Doc. No. 291.)

3

### III.  ARGUMENT

**A.  Farmland Fully Complied with The Court's November 30, 2010 Order And Served Only Twenty Requests for Admission.**

Contrary to Plaintiffs' misrepresentations and mischaracterizations, Farmland served only twenty requests for admission on the Court-authorized random sample of opt-in class members. (*See* Ex. B.)  None of the twenty requests for admission includes separate "subparts" as that term has been construed by the Court.  Subparts count as one request if "they are logically or factually subsumed within and necessarily related to the primary question."  *EEOC v. Dawes Co., Nebraska*, No. 8:07cv376, 2008 U.S. Dist. LEXIS 74035, at *6-7 (D. Neb. June 19, 2008) (Thalken, J.) (citation omitted).  "[S]ubparts directed at eliciting details concerning the common theme should be considered a single question." *Id.* at *7 (*citing Williams v. Board of County Comm'rs*, 192 F.R.D. 698, 701 (D. Kan. 2000).   This Court has analyzed the meaning of sub-parts in the case of *Thompson v. Regional West Medical Center*, Case No.8:06cv581, 2007 U.S. Dist. LEXIS 98367 at *11 (D. Neb. Oct. 31, 2007) (Thalken, J.).   In that case, the Court considered the following interrogatory:

> IDENTIFY each and every TELEPHONE number and facsimile number YOU used between April 1, 2005 and January 31, 2005, to make or receive calls and send or receive facsimiles relating to your investigation of Marvin W. Thompson. For each TELEPHONE and facsimile number, IDENTIFY the service provider for that TELEPHONE or facsimile number.

*Id.* at *11 (emphasis in original).  This Court rejected the argument that the interrogatory included any subparts, declaring, "the interrogatory is to be counted as a single question and is in compliance with our local rule because there is a purposeful and strong relationship between the various information that is requested."  *Id.*

4

Similarly, in this case, the requests for admission contain a common theme and "there is a purposeful and strong relationship between the various information that is requested." Plaintiffs make much of the fact that Request Nos. 5 through 14 contain an almost identical list of personal protective equipment used by some of Farmland's employees. However, each Request has a common theme and is "logically and necessarily related" to the primary question. For example, Request No. 5 states: "During your employment with Farmland Foods, if you wore or used any of the following items, you picked the item up at a distribution and collection station in your department at the start of your shift." (Exhibit B.) The Request then lists items used or worn by Farmland's employees. (*Id.*) If this were an interrogatory, it might be phrased: "Identify the items you picked up at a distribution and collection station in your department at the start of your shift." Clearly, this Request has a common, singular theme and contains no subparts. The list of items is necessarily related to the primary question. The fact that this Request and others separately identify the items by letter for ease of reference in no way alters the Request to include separate, independent subparts under the Federal Rules of Civil Procedure or this Court's local rules.

Similarly, Request No. 6 states: "During your employment with Farmland Foods, if you wore or used any of the following items, you were not required to wash the item(s) before beginning your shift." (Exhibit B.) The Request then lists items almost identical to those in Request No. 5. Again, if this were an interrogatory, it might read: "Identify the items you washed before beginning your shift." The list of items is not a distinct "subpart" as that term has been previously construed by this Court. The Request simply identifies possible items that each employee may have washed before his or her shift. The list of items is logically related to the primary question.

Farmland's Request Nos. 7 through 15 follow this same pattern. Plaintiffs filed this lawsuit alleging that they were inadequately compensated for time spent donning, doffing, and washing the items identified in the Requests. In other words, Plaintiffs have placed those items at issue in this litigation. In fact, the list of items was taken from exhibits used by Plaintiffs over and over during the depositions of Farmland's employees, to question Farmland's employees item by item at length. (*See, e.g.*, Dep. of David Boss, pp. 70-71, 138 and Exs. 5-6, attached as Exhibit D.) Through its Requests for Admission, Farmland is simply trying to establish in the record admission as to the activities in which Plaintiffs engaged before, during, and after their shifts. This information is central to Plaintiffs' allegations, and therefore is necessary for Farmland to adequately and properly prepare its defense.

Moreover, Plaintiffs would not be unduly burdened by responding to Farmland's Requests. Indeed, the named Plaintiffs have provided responses to Farmland's original set of sixty-six requests for admission, and several of the opt-in Plaintiffs have already answered similar questions in response to Farmland's interrogatories. For example, in Interrogatory No. 9, Farmland asked Plaintiffs what items they wore in their positions, when and where they put the items on, whether the items were washed, and where they took off the items. Several opt-in Plaintiffs provided detailed answers to these interrogatories, which demonstrates this information is available and readily obtainable, and that Plaintiffs concede the relevance of the information.[1] (*See, e.g.*, Interrogatory Responses of Pamela Starkey and Teresa Ksionzek, attached as Exhibits E and F.) This information is at the core of Plaintiffs' claims in this lawsuit, and Plaintiffs' counsel must otherwise obtain this information to prove their claims. In short, Plaintiffs' contention that responding to these Requests for Admission would be unduly burdensome is

---

[1] Nowhere in their brief do Plaintiffs even attempt to argue that Farmland's requests seek irrelevant information.

undermined by the type of information several opt-in Plaintiffs have already provided. Furthermore, the Court has previously limited the number of opt-in Plaintiffs who must respond to Farmland's discovery.

Plaintiffs' method of counting "subparts" would lead to absurd and unintended results by essentially limiting Farmland to propounding only one request. For example, Request No. 5 (quoted above) addresses the items each Plaintiff picked up from the distribution station at the start of the shift. The Request lists twenty items (a) through (t). According to Plaintiffs' novel definition of "subparts," that single request alone would constitute twenty separate requests for admission. In other words, Plaintiffs argue that one simple question would entirely exhaust Farmland's allotted number of requests for admission. Plaintiffs offer no support for their assumption that this result is what the Court intended when it limited Farmland to twenty requests for admission.

Notably absent from Plaintiffs' brief is any discussion or citation of any legal authority regarding what constitutes a "subpart." Rather than focus on this essential question, Plaintiffs spend the majority of their brief arguing that Farmland combined some of its earlier requests for admission into single requests. This argument is unpersuasive because it ignores the appropriate inquiry. Even if Farmland combined some minimal language (such as an item or two) from some of its previous requests, the resulting requests nevertheless share a common theme and are logically related to the primary question. Neither the Federal Rules of Civil Procedure nor this Court's November 30 Order allow Plaintiffs — rather than Farmland — to dictate the language in Farmland's requests for admission. The Court's November 30 Order does not state that Farmland could not properly combine any related elements of any of the initial requests, and the Order does not bind Farmland to the language as contained in any of its initial requests. Even a

7

cursory comparison of Farmland's First Requests for Admission and its Amended First Requests for Admission demonstrates that Farmland properly reduced the number of requests from sixty-six to twenty.  (*See* Exs. A and B.)  In so doing, Farmland in no way simply combined each of the initial requests to reduce the total number.  In short, Farmland served only twenty requests for admission, including subparts, and fully complied in good faith with the Court's November 30 Order.

It is also noteworthy that the authorities cited above interpreting the meaning of sub-parts all arose in the context of interrogatories.  The Federal Rules of Civil Procedure limit a party to twenty-five interrogatories, "including all discrete sub-parts." Fed. R. Civ. P. 33(a).  There is no such limitation in the federal rules as to the number of requests for admission that may be served.  Although the Court limited Farmland to twenty requests for admission in this lawsuit, Plaintiffs' Motion must be considered in light of the fact that Rule 36 contains no definition of "subparts," as well as the overriding purpose of the federal discovery rules to promote broad discovery of information.  *See, e.g., WWP, Inc. v. Wounded Warriors Family Support, Inc.*, 628 F.3d 1032, 1039 (8th Cir. 2011) ("Broad discovery is an important tool for the litigant . . . .") (*citing* Fed. R. Civ. P. 26(b)(1)).

Despite having over <u>two months</u> in which to do so, Plaintiffs have yet to respond to <u>any</u> of Farmland's Amended First Requests for Admission.  At this late date, they now seek to avoid having to respond at all.  As the foregoing discussion makes clear, the present Motion is simply the latest of Plaintiffs' strategic efforts to avoid responding to Farmland's written discovery, to preclude Farmland from obtaining information critical to its defenses, and to delay discovery in this case.  Farmland asks the Court to deny Plaintiffs' meritless Motion and order the opt-in Plaintiffs to fully respond to Farmland's Amended First Requests for Admission.  As time is of

8

the essence, Farmland asks that Plaintiffs be ordered to serve their responses within fourteen (14) days of the Court's Order.  Farmland also asks the Court to award its attorneys' fees and costs incurred in responding to Plaintiffs' Motion pursuant to Fed. R. Civ. P. 37(a)(5).

## B.   Plaintiffs' Request for Sanctions Is Frivolous And Should Be Denied.

Plaintiffs have further moved for sanctions against Farmland both under Rule 37 and under 28 U.S.C. § 1927.  For the reasons stated above, Plaintiffs' Motion should be denied because it lacks any merit.  Farmland further responds to Plaintiffs' request for sanctions as follows.

### 1.   <u>Sanctions under Rule 37(b) Are Improper.</u>

Farmland's good faith actions do not warrant Rule 37 sanctions.  Rule 37(b)(2) allows for permissive sanctions against a party that fails to obey an order to provide or permit discovery. Fed. R. Civ. P. 37(b)(2).  A court has discretion regarding whether to impose a sanction and what type of sanction to impose, but a "court's 'discretion is bounded by the requirement of Rule 37(b)(2) that the sanction be 'just' and relate to the claim at issue in the order to provide discovery.'" *Hairston v. Alert Safety Light Prods.*, 307 F.3d 717, 719 (8th Cir. 2002) (citation omitted).  "In assessing the 'justice' of a sanction, relevant factors include the materiality of the issue on which discovery is withheld and the difficulty posed to the seeking party by the withholding." *Onkka v. Herman*, No. 8:97cv252, 1997 U.S. Dist. LEXIS 15058 at *7 (D. Neb. Sept. 19, 1997.)  As discussed above, it is <u>Plaintiffs</u> who have continuously refused to provide responses to any of Farmland's requests for admission, forcing Farmland to file a Motion to Compel on September 15, 2010.  The Court ordered Plaintiffs to provide responses to twenty requests for admission, and Plaintiffs continue to refuse to do so.  Thus, it is Plaintiffs — not

Farmland — who have failed to "obey an order to provide or permit discovery." *See* Fed. R. Civ. P. 37(b)(2)(A).

Plaintiffs' objective in bringing this Motion is highlighted by their requested relief. Plaintiffs have asked the Court to prohibit Farmland from serving <u>any</u> requests for admission. (Pls.' Memo in Supp. at 2.)   Throughout the discovery process, the opt-in Plaintiffs have obstinately refused to provide responses to any requests for admission.   Despite the Court's November 30 Order, Plaintiffs continue to refuse to comply with their discovery obligations. Again, Farmland is simply attempting to exercise its discovery rights and gather facts that will enable it to properly and fairly defend against the claims Plaintiffs have placed at issue by bringing this lawsuit.   It is Farmland, not Plaintiffs, that has been prejudiced in connection with the requests for admission. *See Onkka*, 1997 U.S. Dist. LEXIS 15058 at * 7 ("A party is prejudiced if the failure to make discovery impairs the party's ability to determine the factual merits of the opponent's claim or defense.")   Plaintiffs fail to cite any authority for the imposition of Rule 37(b) sanctions under circumstances similar to those present here.   At all times, Farmland has acted in good faith and not for an improper purpose.   Thus, Farmland respectfully requests that Plaintiffs' request for sanctions be denied.

## 2.  <u>Sanctions Against Defense Counsel under 28 U.S.C. § 1927 Are Unwarranted.</u>

Plaintiffs have also moved, rather cavalierly, under 28 U.S.C. § 1927, for the extreme sanction of forcing Farmland's counsel to personally pay Plaintiffs' costs in responding to the requests for admission.   Section 1927 allows for the imposition of sanctions against counsel who "so multiply the proceedings unreasonably and vexatiously."   28 U.S.C. § 1927.   The power of the Court to impose excess costs personally on attorneys should be exercised only in instances of "serious and studied disregard for orderly processes of justice."   *Jaquette v. Black Hawk County*,

10

710 F.2d 455, 462 n.16 (8th Cir. 1983) (*quoting Kiefel v. Las Vegas Hacienda, Inc.*, 404 F.2d 1163, 1167 (7th Cir. 1968). "The imposition of such sanctions . . . is highly unusual and requires a clear showing of bad faith on the part of [the nonmoving party]." *West Virginia v. Chas. Pfizer & Co.*, 440 F.2d 1079, 1092 (2d Cir. 1971) (cited with approval in *Jaquette,* 710 F.3d at n.16).

The Eighth Circuit cases relied on by Plaintiffs actually highlight how inappropriate such sanctions would be in this case.  In the first case, the court upheld the imposition of monetary sanctions against a plaintiff's counsel who "by the filing of a class action complaint, and permitting the action to proceed with discovery and motion practice for over a year and a half, before abandoning the class claims without explanation, unreasonably and vexatiously multiplied the proceedings."  *Lee v. First Lenders Ins. Servs.*, 236 F.3d 443, 445 (8th Cir. 2001).  Here, Farmland and its attorneys have failed to take <u>any</u> action that has vexatiously multiplied the proceedings, much less something as egregious as filing a class action complaint, litigating it for over a year, and then withdrawing the complaint.  Thus, *Lee* fails to support Plaintiffs' Motion.

In the other case, *Perkins v. Spivey*, 911 F.2d 22, 36 (8th Cir. 1990), the Eighth Circuit affirmed the district court's <u>refusal</u> to impose sanctions where a party continued to litigate a case after the court had ruled against her.  Here, far from ignoring a court order, Farmland, in full compliance with the Court's November 30 Order, reduced its requests for admission from sixty-six to twenty.  Plaintiffs fail to cite any controlling authority that would support any sanctions in this case, much less the extreme sanctions under § 1927.

As discussed above, throughout this litigation, Farmland and its attorneys have acted in good faith and with reasonable diligence in seeking discovery of the facts underlying Plaintiffs' claims.  In August 2010, Farmland served its First Requests for Admission on the random sample of opt-in Plaintiffs.  Later that month, Plaintiffs' counsel informed Farmland that none of

the opt-in Plaintiffs would be responding to <u>any</u> of the requests, forcing Farmland to file a Motion to Compel.   The Court granted in part Farmland's Motion to Compel by requiring Plaintiffs to respond to a reduced number of twenty requests for admission.   Farmland properly reduced its requests to twenty and served those requests on Plaintiffs.   Two months later, and on the eve of the extended deadline for Plaintiffs' discovery responses, Plaintiffs filed the present Motion.   Plaintiffs have requested (at times with Farmland's consent), at least <u>eight</u> extensions of time in the twenty-seven months this lawsuit has been pending.   If anything, it is Plaintiffs who have delayed and multiplied these proceedings.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Farmland respectfully requests that this Court deny Plaintiffs' Motion in its entirety and order Plaintiffs to fully respond to Farmland's Amended First Requests for Admission within fourteen (14) days.   Pursuant to Fed. R. Civ. P. 37(a)(5), Farmland also asks the Court to order Plaintiffs to pay its costs and attorneys' fees incurred in preparing this response in opposition.

Respectfully submitted this 7th day of March 2011.

*/s/ L. Dale Owens*
L. Dale Owens, Esq.
Admitted *Pro Hac Vice*
Georgia Bar No. 557482
Jackson Lewis LLP
1155 Peachtree Street, NE, Suite 1000
Atlanta, GA 30309-3600
Tel: (404) 525-8200
Fax: (404) 525-1173
owensd@jacksonlewis.com

Steven D. Davidson, Esq. (NE # 18684)
Allison D. Balus, Esq. (NE # 23270)
Baird Holm, LLP
1500 Woodmen Tower

1700 Farnam Street
Omaha, Nebraska 68102-2068
Tel: (402) 636-8254
Fax: (402) 344-0588
sdavidson@bairdholm.com
abalus@bairdholm.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MARIA GUZMAN MORALES     )
MAURICIO R. GUARJARDO,     )
    )
    Plaintiffs,     )
    )     CASE NO. 8:08-cv-504
    v.     )
    )
FARMLAND FOODS, INC.,     )
    )
    Defendant.     )
    )
    )
    )
    )

## CERTIFICATE OF SERVICE

I hereby certify that on March __7__, 2011, I served the foregoing **DEFENDANT FARMLAND FOODS, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER AND FOR RULE 37 AND 28 U.S.C. § 1927 SANCTIONS** through electronic filing. Notice of this filing will be sent to the following by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    Carolyn H. Cottrell
    Christopher P. Welsh
    James R. Welsh
    Philip A. Downey
    Shanon J. Carson
    Todd M. Schneider

I hereby certify also that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

    None.

                             */s/ L. Dale Owens*

4820-1746-4328, v.  3