IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARIA GUZMAN MORALES and MAURICIO GUARJARDO, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FARMLAND FOODS, INC., a Delaware Corporation and subsidiary of Smithfield Foods,<br><br>Defendant. | Case No. 8:08-cv-504-JFB-TDT |

**REPLY BRIEF IN SUPPORT OF PLAINTIFFS'
MOTION FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS
AND FOR EXTENSION OF EXPERT WITNESS DEADLINES**

**I.    INTRODUCTION**

Plaintiffs have moved this Court for permission to take the deposition of two critical witnesses, Deb Paulson and Pat Schnell. These witnesses were identified by Defendant as being knowledgeable regarding Defendant's time-keeping and payroll systems at its Crete facility. Plaintiffs have also moved for an extension of the deadline to disclose their damages expert and to serve the expert's report until sixty days after the completion of the depositions of Ms. Paulson and Ms. Schnell.[1]  *See* Dkt. No. 279.

---

[1] Plaintiffs complied with the Court's expert disclosure deadline with respect to their time study expert, Dr. Ken Mericle. Dr. Mericle's identity and expert report were served on defense counsel on March 1, 2011, in advance of the deadline. With respect to the deadline for disclosure of their damages expert, the parties stipulated that this deadline would be extended for thirty days to allow the Court sufficient time to decide this motion. Plaintiffs agreed to the thirty-day extension and intended that the new deadline simply serve as a placeholder. Plaintiffs continue to request that the deadline for disclosure of their damages expert be continued to sixty days after the completion of Ms. Paulson's and Ms. Schnell's depositions, should the Court grant

1

In addition to Dr. Mericle, Plaintiffs intend to present an expert to opine and testify about the nature and extent of the economic damages incurred by Plaintiffs and the Class as a result of Farmland's unlawful conduct as alleged in this case. Ms. Paulson's and Ms. Schnell's depositions are necessary so that Plaintiffs' damages expert has a sufficient understanding of Farmland's timekeeping and payroll records and policies. The documents produced by counsel that purportedly contain Farmland's timekeeping and payroll information are not self-explanatory. In fact, Plaintiffs' expert requires further information about these documents to assist in his analysis of the nature and extent of the damages at issue in this case. Without this information, the parties run the risk of providing a less than complete damages analysis to the trier of fact.

Farmland's arguments regarding why Plaintiffs should not be permitted to complete these depositions are twofold: (1) Plaintiffs made the "strategic choice" to depose fifteen Farmland witnesses and did not include Ms. Paulson and Ms. Schnell; and (2) Plaintiffs were not diligent in seeking leave to take these depositions. *See* Dkt. No. 296.

Plaintiffs' so called "strategic choice" to take depositions of other Farmland witnesses, however, was largely dictated by Defendant filing numerous early partial summary judgment motions, all of which this Court denied. Because of Farmland's aggressive, unnecessary and wasteful litigation tactics, the majority of Plaintiffs' discovery efforts were designed to address those motions. Since the Court denied all of Farmland's dispositive motions, Plaintiffs now need to shift their focus to final trial preparation. As soon as the Court issued an order denying Farmland's motions, thereby triggering the thirty-day deadline for expert disclosure and reports,

---

this motion. In the event that the Court denies the motion, Plaintiffs will need sixty days from the date the Court issues an ordering denying motion to prepare their expert disclosure and report.

Plaintiffs began the process of reviewing the data and information with their expert. Plaintiffs raised the necessity of continuing this deadline with Farmland's counsel as soon as it was brought to their attention that their expert required further information regarding the timekeeping and payroll documents and policies. Information about the details of the payroll systems used by Farmland are crucial to Plaintiffs and their expert's understanding of and analysis of damages in this case. This collective action involves hundreds of current and former employees of Farmland, and damages must be calculated with respect to each of them. Without the additional depositions and an extension of the expert disclosure and report deadline, Plaintiffs will be severely prejudiced.

For the reasons set forth in their motion, and in this reply, Plaintiffs respectfully request that the Court grant their motion to take additional depositions and extend the deadline for disclosure of their damages expert and report to sixty days after completion of the requested depositions. As established below and in their moving papers, good cause exists for Plaintiffs' request.

## II.  ARGUMENT

### A. PLAINTIFFS' "STRATEGIC CHOICES" WERE DICATED BY FARMLAND'S LITIGATION TACTICS, AND PLAINTIFFS HAVE BEEN DILLIGENT IN SEEKING DISCOVERY

The Court should grant leave to take additional depositions to the extent it is consistent with the principles stated in Rule 26(b)(2). *See* Fed. R. Civ. P. 26(b)(2). Rather than focus on these factors, however, Farmland argues that Plaintiffs have not been diligent in seeking this discovery, and, due to their "strategic choices," they should not be given leave to take the additional depositions.

Here, Plaintiffs have diligently pursued discovery from the inception of the discovery period. Due to Farmland's "strategic" decision to file protracted and eventually futile summary

3

judgment motions, Plaintiffs were largely focused on discovery necessary to address those motions. Discovery necessary to fully understand damages in this case was deferred until after the summary judgment motions were addressed. This "strategic choice" was necessitated by Defendant's litigation tactics, which were designed to overwhelm Plaintiffs with brief writing and evidence gathering to defeat its pending dispositive motions. Immediately after the Court's February 1, 2011 order denying Defendant's motions, counsel requested that Defendant stipulate to the additional payroll depositions. Further, until the Court ruled on Farmland's pending motions, Plaintiffs were uncertain how this case might be redefined or narrowed as a result of Farmland's motions. Once the Court issued an order denying Farmland's efforts to limit this case, the parameters of a damages analysis were confirmed.

Farmland cites *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006), for the proposition that a party could not meet the "good cause" standard where it was not diligent in pursuing discovery. In *Rahn*, however, the Eighth Circuit upheld the denial of an extension of time to a *pro se* litigant who "spent most of his time filing frivolous motions before the district court." *Id.* at 822. This is clearly not the case here, where Plaintiffs have spent most of their time and efforts successfully defending numerous partial summary judgment motions filed by Farmland.

Further, the "good cause" standard stated in *Rahn* is not strictly applicable in determining whether to grant Plaintiffs' request for additional depositions. *See* Fed. R. Civ. P. 26(b)(2) (factors in determining whether parties can exceed deposition limit include whether "the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought," not whether there is good cause for the discovery). To the extent that Defendant argues that Plaintiffs have not been diligent in seeking extension of the expert discovery deadlines, they

4

are incorrect, as Plaintiffs brought this request to Defendant's attention immediately after the Court denied Defendant's motions.

As set forth in the motion and supporting declaration and this reply brief, Plaintiffs have been diligent in pursuing discovery. The fact that Plaintiffs were forced to take a significant number of depositions to effectively oppose Farmland's motions should not prejudice Plaintiffs' ability to obtain all discovery necessary to prepare this case for trial.

### B.    THE DISCOVERY PLAINTIFFS SEEK IS NOT OBTAINABLE FROM ANY OTHER SOURCE OR MEANS

Defendant also contends that Plaintiffs have obtained necessary information about the payroll data from Chris Venteicher, Farmland's Division Controller. Although Mr. Venteicher was able to provide information about Farmland's payroll and timekeeping data in broad strokes, he testified that he had "no role" in setting up payroll accounts, reviewing payroll accounts, or in processing payroll accounts. *See* Dkt. No. 281-6, Venteicher Dep. 18:2-19:18. Farmland even admits that Mr. Venteicher could not provide testimony about the specific details of Farmland's payroll data. *See* Dkt. No. 296 at 7 (admitting that Venteicher "had no role in the actual entry of payroll data for production employees"). In an effort to minimize the nature of Plaintiffs' request, Defendant attempts to characterize this as a "small piece of information," and question whether such information is "even relevant" to Plaintiffs' claims. *See* Dkt. No. 296 at 7.

As described in Plaintiffs' motion, however, this information is crucial to provide Plaintiffs' economic damages expert with information about how the actual data is obtained, stored, processed and calculated by Farmland. Without information about the details of the timekeeping process – how the information is provided to the payroll clerks, what format or formula the payroll clerks use to enter the data, how any allowances are allocated to employees, and how the data is aggregated to determine pay for a specific employee on a specific workweek

5

– it will be incredibly difficult, if not impossible, for Plaintiffs' expert to analyze the raw data that has been produced. None of Farmland's witnesses have been able to provide this necessary and critical information.

Farmland next argues that such information could be requested through interrogatories rather than depositions. Interrogatories are not the best means of gathering such information, however, as the nature of the information sought by Plaintiffs requires explanations directly from Farmland's payroll clerks, with an opportunity for follow up questions if a full answer is not provided. *See* 8B Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ.* § 2163 (3d ed. 2010) ("[D]epositions are preferable if a searching interrogation of the other party is desired. … The flexibility and the potency of oral depositions are in large part lacking in written interrogatories."). Interrogatories will not serve Plaintiffs' required purposes.

Finally, besides its cursory arguments, Farmland provides no details as to why the depositions of Ms. Paulson and Ms. Schnell would cause undue burden. Permitting two additional depositions will not cause undue burden on Farmland, when considering the needs of the case, the amount in controversy, and the importance of the proposed discovery, as required by Rule 26(b)(2). Expenses associated with the depositions in the grand scheme of this relatively large collective action case will be minimal. *C.f. C & C Jewlery Mfg., Inc. v. West*, No. C09-01303, 2011 WL 767839 (N.D. Cal. Feb. 28, 2011) (permitting plaintiff in non-class/collective action to take 19 fact depositions); *Batts v. County of Santa Clara*, No. C08-00286, 2010 WL 3629694, at *5 (N.D. Cal. Sept. 14, 2010) (permitting plaintiff in non-class/collective action to take 16 fact depositions); *Southern Pan Servs. Co. v. S.B. Ballard Const.*, 3:07-cv-592, 2008 WL 5210870 (M.D. Fla. Dec. 11, 2008) (permitting plaintiff in non-class/collective action to take 16 fact depositions). Moreover, Farmland will be taking a large number of depositions of Opt-In

Plaintiffs in the immediate future. The parties, as they have done throughout this litigation, can coordinate the deposition schedule to reduce costs associated with these depositions.

Because the depositions are consistent with the burden vs. benefit analysis as provided in Rule 26(b)(2) and Plaintiffs have shown good cause for this discovery, Plaintiffs should be granted leave to take the depositions of Ms. Paulson and Ms. Schnell.

### C. FARMLAND'S PROPOSED LIMITATIONS IN THE EVENT THE COURT GRANTS THIS MOTION ARE UNREASONABLE

In the event that the Court grants Plaintiffs' motion, Farmland proposes several limitations. *See* Dkt. No. 296 at 11-12. Plaintiffs address each proposed limitation below.

First, Farmland proposes that any extension of expert deadlines following the depositions of Ms. Paulson and Ms. Schnell be limited to thirty days. The sixty days proposed by Plaintiffs is necessary to ensure that the transcripts are finally prepared and reviewed by their expert. Given that it generally takes two weeks to obtain final deposition transcripts (absent paying exorbitant additional costs for expedited service), a thirty-day deadline is unreasonable. A sixty-day timeframe is also necessary to ensure that Plaintiffs' expert, once educated regarding Farmland's timekeeping and payroll data and information, has sufficient time to analyze the payroll and time keeping data for the Opt-In Plaintiffs, reach conclusions regarding damages based on the data, and draft an expert report. This is a very time consuming task given the number of employees for whom damages must be calculated. Moreover, because Farmland's expert deadlines will also be pushed back accordingly, Farmland will suffer no prejudice from Plaintiffs' requested sixty-day deadline.

Second, Farmland proposes that the Court permit the deposition of either Ms. Paulson or Ms. Schnell, but not both. Plaintiffs do not currently know whether Ms. Paulson and Ms. Schnell possess information that will be duplicative, or whether they each have information that

will be necessary to understand Farmland's payroll and timekeeping data, and accordingly, cannot agree to this limitation. Plaintiffs assume that there is a reason why Farmland designated **both** Ms. Paulson and Ms. Schnell as persons with discoverable information regarding its timekeeping and payroll systems and information. However, in the spirit of compromise, Plaintiffs will agree to Farmland producing one 30(b)(6) witness to testify regarding all aspects of its time keeping and payroll systems, data and documents at its Crete facility. The one caveat is that Farmland must agree to fully prepare its designated 30(b)(6) witness. Furthermore, Plaintiffs must have the option of taking a second deposition if the designated witness does not possess all necessary information.

Third, Farmland requests that "Plaintiffs be ordered to pay Farmland's attorneys' fees and expenses for appearing for any additional deposition(s)." *See* Dkt. No. 296 at 12. Plaintiffs will not agree to Farmland's request, and it is improper. As an initial matter, Farmland has provided no legal support or basis for its request that Plaintiffs be required to pay its associated fees and costs. The Federal Rules of Civil Procedure only discuss fee shifting in the context of sanctions, which is inapplicable here. Plaintiffs are required to seek leave of Court before taking depositions beyond the limitations set by the Court, which they have done. The Rule 26(b)(2) factors support Plaintiffs' request, and leave should be granted for this minimal discovery. There is no basis to require Plaintiffs to pay Farmland's fees and costs associated with these depositions.

## III.  CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court grant their motion to take the depositions of Ms. Paulson and Ms. Schnell. Plaintiffs also request that the Court grant their request to extend the deadline for expert disclosure and reports, for their damages expert, to sixty days from the date the depositions are completed. In the event the Court denies this motion,

Plaintiffs requests that the deadline be extended to sixty days from the date of the order denying said motion.

Dated:  March 16, 2011	Respectfully submitted,

/s Shanon J. Carson
Shanon J. Carson
Russell D. Henkin
Sarah R. Schalman-Bergen
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA  19103
(215) 875-3000
(215) 875-4604 (Facsimile)

Todd M. Schneider
Carolyn H. Cottrell
SCHNEIDER WALLACE
COTTRELL BRAYTON KONECKY LLP
180 Montgomery Street, Suite 3000
San Francisco, CA  94104
(415) 421-7100
(415) 421-7105 (Facsimile)

WELSH & WELSH LAW FIRM
Christopher P. Welsh
9290 West Dodge Road
100 The Mark
Omaha, NE 68114
(402) 384-8160
Fax: (402) 384-8211

DOWNEY LAW FIRM
Philip A. Downey
P.O. Box 736
1555 Embreeville Road
Unionville, PA  19375
(610) 324-2848
(610) 347-1073 (Facsimile)

*Attorneys for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS AND FOR EXTENSION OF EXPERT WITNESS DEADLINES** was served on the 16th day of March, 2011 via electronic filing, on the following:

>L. Dale Owens, Esq.
>JACKSON LEWIS
>1155 Peachtree Street, NE, Suite 1000
>Atlanta, GA 30309-3600
>owensd@jacksonlewis.com
>
>Allison D. Balus
>BAIRD HOLM LLP
>1500 Woodmen Tower
>Omaha, NE  68102-2068
>Telephone: (402) 344-0500
>abalus@bairdholm.com

>/s/ Shanon J. Carson
>SHANON J. CARSON