IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARIA GUZMAN MORALES and MAURICIO GUARJARDO, on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br><br>  vs.<br><br>FARMLAND FOODS, INC., a Delaware Corporation and subsidiary of Smithfield Foods,<br><br>     Defendant. | No.  8:08-cv-504-JFB-TDT<br><br>REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR PROTECTIVE ORDER AND FOR RULE 37 AND 28 U.S.C. § 1927 SANCTIONS |

## I. INTRODUCTION

Defendant Farmland Foods, Inc.'s ("Defendant" or "Farmland") opposition to this Motion mischaracterizes the undisputed facts, as well as Orders issued by this Court and the relevant law.  In its November 30, 2010 Order, the Court unambiguously placed a limit on the burden Defendant could impose by limiting Defendant to 20 instead of 66 RFAs.  Defendant violated the Court's Order when it re-served its RFAs and combined many of its prior RFAs, thus attempting an end-run around the Court's Order.  When Court Orders are violated, sanctions are appropriate.

## II. ARGUMENT

The Court is well aware of the discovery burden imposed on plaintiffs in donning and doffing cases, and that in this case, Plaintiffs have in good faith attempted to respond to Defendant's extraordinarily burdensome requests (as well as ***seven*** unsuccessful summary judgment motions).  As of today, Plaintiffs have served discovery responses from **39** Opt-In Plaintiffs.  Included in each set of answers to interrogatories are substantive responses that even

1

Defendant admits are "similar" to the RFAs at issue.[1]  *See* Def. Opp. at 6.  Because of Defendant's tactics in this litigation, attorneys' fees and costs may exceed the amount owed to the Opt-In Plaintiffs.  Locating Opt-In Plaintiffs (a transient and mostly non-English speaking population) has been exceedingly difficult and, once located, obtaining, drafting and verifying responses takes a significant amount of time and effort.  Nonetheless, Plaintiffs have managed to serve almost all of the discovery responses that Defendant has requested.  This is a testament to the claims asserted in this case.

Unlike Defendant, Plaintiffs are not attempting to relitigate an issue already decided by the Court in its November 30, 2010 Order, namely that anything more than 20 of the 66 RFAs previously served by Defendant would be excessive and gratuitous and that burden should not be forced on Plaintiffs.  *See* Order, Dkt. No. 272, at 5.  Specifically, "[t]he court . . . reviewed the defendant's sample requests for admission and *[found] they would create an undue burden on the plaintiffs beyond any minimal benefit to the defendant.*"  *Id.*

### A.    Defendant Violated The Court's November 30, 2010 Order

Defendant's Opposition entirely misses the point.  In its November 30, 2010 Order, the Court in reviewing the 66 proposed RFAs limited Defendant to serving twenty RFAs, including any subparts.  Defendant's Opposition, however, focuses on whether the Federal Rules restrict the number of RFAs Defendant is entitled to serve and whether Defendant's subparts are

---

[1] What is truly vexing is why, despite receiving substantive responses to interrogatories that pose "similar" questions to the RFAs from 39 Opt-In Plaintiffs, Defendant refuses to comply with the Court's November 30, 2010 Order.  This highlights and exposes the true harassing motive behind Defendant's insistence that Plaintiffs respond to its oppressive RFAs.  If Defendant already has the substance sought (and of course it does), then Defendant will derive no benefit from its RFAs.  Plaintiffs, on the other hand, will suffer an extraordinary burden in responding to the RFAs.  Plaintiffs would still have to interview each Opt-In Plaintiff explaining the various nuances in Defendant's requests, draft responses tailored to the specific issues raised in the RFAs, and re-interview each Opt-In Plaintiff to obtain a verification that the responses are accurate.

properly counted as "subparts" for purposes of counting them as distinct requests. These arguments ignore that the Court has already decided these issues.

Defendant next argues that "[t]he Court's November 30 Order does not state that Farmland could not properly combine any related elements of any of the initial requests, and the Order does not bind Farmland to the language as contained in any of its initial requests." Def.'s Opp. at 7.[2] This is disingenuous gamesmanship. The Court's Order held that Defendant's 66 RFAs were unduly and extraordinarily burdensome. Defendant was ordered to reduce them to 20 RFAs. The Court did not anticipate Defendant combining numerous of the 66 RFAs to repackage them as 20 because such a tactic does not reduce the burden on Plaintiffs; a burden the Court expressly found to be extraordinary. *See* Order, Dkt. No. 272, at 4.

Defendant submitted the amended RFAs in identical language and simply crammed additional requests together into single RFAs. This was improper and violated the Order. In fact, since Defendant used identical language, identifying which RFAs were combined is a simple task (*see* Chart attached as Exhibit A to Plaintiffs' Opening Brief) and, more importantly, comparing the burden posed by the original 66 RFAs to that posed by the amended RFAs is a mere mathematical calculation.[3] Defendant's conduct more than warrants the minor sanctions sought by Plaintiffs.

---

[2] The logical extension of Defendant's argument shows the absurdity of Defendant's position. If all 66 of Defendant's original RFAs could have been combined into 20 in the manner committed by Defendant, Defendant would argue that it complied with the Federal Rules. Such a result, just as here, entirely ignores the purpose of the Court's clear intent to limit the burden imposed on Plaintiffs; not merely place some arbitrary limit on the number of RFAs and leaving open the option to include infinite subparts.

[3] Since the Court limited Defendant to 20 of 66 RFAs, Defendant's use of more than 40 of the original RFAs imposes **more than double** the allowable burden on Plaintiffs. Gaming the Court's Order in this way is plainly sanctionable.

3

### B.     Plaintiffs' Request For Appropriate Sanctions Is Warranted

Defendant minimizes its conduct: 1) Defendant was fully aware of the burden its initial RFAs imposed on Plaintiffs; 2) Defendant was fully aware of November 30, 2010 Order; and 3) in direct and knowing violation of that Order, Defendant then combined more than 40 of the original RFAs and repackaged them as 20. Sanctions are warranted.

Plaintiffs request sanctions pursuant to Rule 37 and 28 U.S.C. § 1927. Defendant's sole argument that it was permitted to issue RFAs ignores the fact that Defendant violated a Court Order and therefore sanctions under Rule 37 are appropriate.[4] The sanctions sought by Plaintiffs are minimal and narrowly tailored. Defendant has already tried to force Plaintiffs to respond to improper discovery twice. Defendant should not be permitted yet another opportunity to issue RFAs. Such an attempt will impose additional burdens over and above those already weighing on Plaintiffs and will cause another undue delay in this litigation.

Plaintiffs have also sought sanctions under 28 U.S.C. § 1927 which requires a different analysis as compared to Rule 37. Defendant attempts to rebut this motion for sanctions by professing good faith and averring that sanctions under Section 1927 are rare. The fact of the matter is that the type of conduct engaged in by Defendant here is also rare, and Defendant's bad faith is transparent such that sanctions under 28 U.S.C. § 1927 are warranted. In addition, the magnitude of the misconduct does not determine whether sanctions are appropriate. Rather, the magnitude of the misconduct must be proportionate to the magnitude of the sanction. So, for example, in *Tenkku v. Normandy Bank*, the district court, on motion for sanctions under Rule 11 and Section 1927 by the FDIC, imposed a monetary sanction against plaintiff in the amount of $1,305 for filing a frivolous motion to compel. *See* 348 F.3d 737 (8th Cir. 2003). Similarly, in

---

[4] Prior to bringing this Motion, Plaintiffs met and conferred with Defendants, and Plaintiffs offered to respond to RFAs submitted in accordance with the Court's November 30 Order. Defendant obstinately refused, necessitating this motion.

4

*Varner v. BNSF Ry. Co.*, No. 09-5076, 2011 WL 835887 (D.S.D. Mar. 4, 2011), the court sanctioned counsel for failure to produce an expert witness at a *Daubert* hearing and assessed defense counsel's fees and costs associated with attending the hearing. The monetary sanction totaled $4,584.

Defendant points to two Eighth Circuit cases cited by Plaintiffs in their opening brief as supporting its position that this Motion should be denied. Defendant argues that one case, *Lee v. First Lenders Insurance Services*, 236 F.3d 443 (8th Cir. 2001), is distinguishable because the conduct that warranted the sanctions was worse than Defendant's conduct here. Namely, the conduct in *Lee* consisted of filing a class action complaint, proceeding with discovery for a year and a half and then dropping the class claims without explanation. *See id.* at 445. Plaintiffs rely on *Lee* only to establish the analysis required under Section 1927. The fact that only expensive sanctions resulting from particularly egregious conduct have made it to the Eighth Circuit is probative of nothing with regard to the minimum degree of misconduct appropriate for sanctions. As outlined above, minimal misconduct is still sanctionable in the form of minimal sanctions. In the second case, *Perkins v. Spivey*, 911 F.2d 22 (8th Cir. 1990), Defendant notes that it was not sanctionable to litigate a case after the court had ruled against the plaintiff. Again, Plaintiff relied on *Perkins* for purposes of establishing the applicable standards in a Section 1927 analysis. Neither the conduct nor the sanction in question are comparable to the circumstances in *Perkins* where the court found that in the absence of a final judgment it was not unreasonable to continue to litigate. Thus, contrary to Defendant's argument, monetary sanctions can be imposed for vexatious and unreasonable conduct that falls short of prosecuting a case as a class action for a year and a half before abandoning class claims without explanation. Moreover, Defendant's

repeated service of unreasonable, oppressive, and extraordinarily burdensome discovery requests and violation of a Court Order constitutes bad faith sufficient to invoke Section 1927 sanctions.

### III. CONCLUSION

Based upon the reasons stated above and in Plaintiffs' opening brief, Plaintiffs respectfully request that this Motion be granted in its entirety, and that Defendant's right to issue RFAs to Opt-In Plaintiffs is waived, and also that Defendant pay Plaintiffs' attorneys' fees and costs in addressing this issue and bringing this Motion. Upon the request of this Court, Plaintiffs will submit an affidavit of fees and costs setting forth those amounts.

Dated: March 17, 2011                                   Respectfully submitted,

/s Shanon J. Carson
Shanon J. Carson
Russell D. Henkin
Sarah R. Schalman-Bergen
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA  19103
(215) 875-3000
(215) 875-4604 (Facsimile)

Todd M. Schneider
Carolyn H. Cottrell
SCHNEIDER WALLACE COTTRELL
BRAYTON KONECKY LLP
180 Montgomery Street, Suite 3000
San Francisco, CA 94104
(415) 421-7100
(415) 421 7105 (Facsimile)

WELSH & WELSH LAW FIRM
Christopher P. Welsh
9290 West Dodge Road
100 The Mark
Omaha, NE 68114
(402) 384-8160
(402) 384-8211 (Facsimile)

DOWNEY LAW FIRM
Philip A. Downey
P.O. Box 736
1555 Embreeville Road
Unionville, PA 19375
(610) 324-2848
(610) 347-1073 (Facsimile)

*Attorneys for Plaintiffs and the Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing **REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER AND FOR RULE 37 AND 28 U.S.C. § 1927 SANCTIONS** was served on the 17th day of March, 2011 via electronic filing on the following:

    L. Dale Owens, Esq.
    JACKSON LEWIS
    1155 Peachtree Street, NE, Suite 1000
    Atlanta, GA 30309-3600
    owensd@jacksonlewis.com

    Allison D. Balus
    BAIRD HOLM LLP
    1500 Woodmen Tower
    Omaha, NE 68102-2068
    Telephone: (402) 344-0500
    abalus@bairdholm.com

    /s Shanon J. Carson
    SHANON J. CARSON