IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARIA GUZMAN MORALES and<br>MAURICIO R. GUAJARDO,<br><br>    Plaintiffs,<br><br> vs.<br><br>FARMLAND FOODS, INC., a Delaware<br>Corporation and subsidiary of<br>Smithfield Foods,<br><br>    Defendant. | 8:08CV504<br><br>ORDER |

This matter is before the court on the plaintiffs' Motion for Protective Order and for Rule 37 and 28 U.S.C. § 1927 Sanctions for Disobeying A Court Order (Filing No. 277) and Motion for Leave to Take Additional Depositions and for Extension of the Expert Witness Deadlines (Filing No. 279). The motions are fully briefed and will be discussed below.

BACKGROUND

The plaintiffs are employees or former employees of the defendant's hog slaughter and processing facility in Crete, Nebraska. The case was filed as a class action alleging violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201, *et seq.*, regarding pay for pre- and post-production line activities, including "donning and doffing," and other activities in connection with job functions. The plaintiffs seek relief for alleged violations of federal wage-and-hour laws, including failures to pay overtime compensation for uncompensated job-related activities. The court conditionally certified a class of current and formerly employed hourly production employees on September 4, 2009. See Filing No. 81. The plaintiffs include two named plaintiffs and nearly 300 opt-in class members. The deadline for fact discovery in this case is currently April 8, 2011. See Filing No. 275 - Order. The matter has not yet been set for trial.

The parties have engaged in a variety of discovery and dispositive motion activity. In June 2010, the defendant served thirty opt-in class members with discovery requests including interrogatories, requests for production, and requests for admission. See Filing No. 147 - Certificate of Service. The defendant served the same written discovery on the remaining opt-in class members, with minor exceptions, on July 16, 2010. See Filing No.

155 - Certificate of Service. On August 27, 2010, the court granted the plaintiffs' motion for protective order (Filing No. 158), in part, to limit discovery to full discovery of the two named plaintiffs and a random sample of fifteen percent of the FLSA opt-in class members, with the provision that no opt-in class member will be allowed to testify at trial unless first responding to discovery. **See** Filing No. 221.

After entry of the August 27, 2010, order, the parties engaged in negotiations about the method, process, and scope of discovery. On September 15, 2010, the defendant filed a motion to compel. **See** Filing No. 235. On November 30, 2010, the court entered an order granting, in part, the defendant's Motion to Compel Plaintiffs to Respond to Requests for Admissions and Provide Discovery Responses From All Class Members Providing Testimony (Filing No. 235). Specifically, the court granted the defendant "leave to serve twenty requests for admissions on the random sample of fifteen percent of the FLSA opt-in class members previously selected to respond to discovery." **See** Filing No. 272. On December 16, 2010, the defendant served the plaintiffs with amended requests for admissions. **See** Filing No. 273 - Certificate of Service. The plaintiffs received an extension of time to respond to the discovery. **See** Filing No. 275 - Order (extension of time). The plaintiffs then conferred with the defendant regarding the scope of the requests. **See** Filing No. 283 - Ex. 1(A) Letter. The parties engaged in sufficient attempts to resolve their dispute without court involvement, in compliance with the federal and local rule requirements. **See** Fed. R. Civ. P. 37; NECivR 7.0.1.

A.      **Motion for Protective Order**

On February 16, 2011, the plaintiffs filed the instant motion seeking protection from having to respond to the requests for admission served by the defendant. **See** Filing No. 277. The plaintiffs filed a brief (Filing No. 278), a reply brief (Filing No. 306), and an index of evidence (Filing No. 283) in support of the motion. The plaintiffs argue that the defendant's proposed discovery constitutes at least 270 requests for admissions, after the defendant was limited to twenty. **See** Filing No. 278 - Brief. The plaintiffs contend the amended requests for admission have a fewer number of requests, but are comprised of more than half of the sixty-six previous requests, which have merely been combined with additional subparts. ***Id.*** Additionally, the plaintiffs ask the court to impose sanctions on the defendant for failure to comply with the November 30, 2010, order, the sanctions to include

disallowing any requests for admission to be served and imposing costs and attorneys' fees associated with the motion. *Id.*

The defendant opposes the plaintiffs' motion for a protective order and filed a brief (Filing No. 298) and an index of evidence (Filing No. 299). The defendant argues each of the twenty requests do not contain subparts. Specifically, the defendant contends most of the requests ask about, for example, the types of items either used or washed by the employees. **See** Filing No. 298 - Response p. 4-5. Therefore, each request has a theme, then lists items that are logically and necessarily related. *Id.* Moreover, the lists for most of the requests are "almost identical." *Id.* at 5. The defendant contends the plaintiffs' construction of the requests would lead to an absurd result and limit the defendant to only one request, for example Request for Admission No. 5 addresses the items a plaintiff may obtain from a distribution station at the start of a shift and lists twenty separate possible items. *Id.* at 7. The defendant argues that the plaintiffs cannot show the requests are unduly burdensome because many of the plaintiffs have already answered similar interrogatories. *Id.* at 6.

A party may move for an order protecting disclosure or discovery, which is granted only upon a showing of good cause. **See** Fed. R. Civ. P. 26(c). The party moving for the protective order has the burden to demonstrate good cause for issuance of the order. *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 926 (8th Cir. 1999). Related to the instant dispute, the Nebraska Civil Rules provide a method of counting interrogatories served:

> In determining the number of interrogatories, including subquestions, each inquiry seeking a discrete item of information is counted as one interrogatory. For example, the following question is counted as 3 interrogatories: "Please state the name, address, and telephone number of any witness to the accident set forth in the complaint."

NECivR 33.1(c). "Parties cannot evade this presumptive limitation through the device of joining as 'subparts' questions that seek information about discrete separate subjects." Fed. R. Civ. P. 33, advisory committee's note (1993) (regarding interrogatories). Similarly, failure to separately number "the sub-parts of interrogatories does not change the fact that, if the interrogatories require discrete pieces of information, those interrogatories are to be counted as if the sub-parts were specifically itemized." *Prochaska & Assoc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 155 F.R.D. 189, 191 (D. Neb. 1993). However, "[s]ubparts

count as one interrogatory if 'they are logically or factually subsumed within and necessarily related to the primary question.'" *Waterbury v. Scribner*, No. 1:05CV764, 2008 WL 2018432, at *2 (E.D. Cal. May 8, 2008); **see also** *Williams v. Board of County Comm'rs*, 192 F.R.D. 698, 701 (D. Kan. 2000) ("subparts directed at eliciting details concerning the common theme should be considered a single question"). "On the other hand, an interrogatory that contains subparts which inquire into discrete areas or separate subjects should, in most cases, be counted as more than one interrogatory." *Semsroth v. City of Wichita*, No. 06-2376, 2008 WL 1924945, at *2 (D. Kan. Apr. 28, 2008).

The court has reviewed the requests for admission served on the plaintiffs. Although the plaintiffs rely on their earlier arguments about the requests' potential burden, the court finds the amended requests do not create such undue burden. The amended requests, as served, contain discrete pieces of information with reference to a related list of items. The items are not wholly different for each request. If the lists were different, the burden on the plaintiffs' counsel would be increased. Accordingly, the court concludes that the plaintiffs have failed to show good cause for protection from responding to the discovery sought. The plaintiff shall have two weeks to serve responses. Moreover, the court finds each party's position was substantially justified and no sanctions against either party are warranted.

**B.     Motion for Additional Depositions and Extensions**

The plaintiffs seek leave of court to take two additional depositions of witnesses identified by the defendant as having information about the defendant's timekeeping and payroll systems. **See** Filing No. 279. In connection with the request, the plaintiffs seek an extension of discovery and expert disclosure deadlines to accommodate the depositions. *Id.* The plaintiffs filed a brief (Filing No. 280), a reply brief (Filing No. 304), and an index of evidence (Filing No. 281) in support of the motion. The plaintiffs argue the two witnesses, Deb Paulson and Pat Schnell, are critical to assist the plaintiffs' expert witness to understand the defendant's timekeeping and payroll records. **See** Filing No. 304 - Reply p. 1-2. The plaintiffs argue the delay in seeking these depositions was a product of them having to make deposition choices in response to the defendant's many motions for summary judgment, which have now been denied. *Id.* at 2. The plaintiffs contend it is only at this time, they can shift their attention to trial preparation. *Id.* The plaintiffs state they purposefully did not review the relevant documents with their expert witness until after the court ruled on the motions for summary judgment, such ruling triggering the expert witness

4

disclosure deadline. *Id.* at 2-3. The plaintiffs argue they will be prejudiced in their ability to analyze damages, if the depositions and extension of time are not allowed. *Id.* at 3. The plaintiffs describe the information needed to analyze the raw data previously produced as:

> the details of the timekeeping process – how the information is provided to the payroll clerks, what format or formula the payroll clerks use to enter the data, how any allowances are allocated to employees, and how the data is aggregated to determine pay for a specific employee on a specific workweek.

*Id.* at 5-6. The plaintiffs assert interrogatories would not provide the plaintiffs with the necessary flexibility to ask follow-up questions. *Id.* at 6. Further, the plaintiffs state they cannot choose to depose one or the other of the proposed deponents, because they do not know who might provide the information they need. *Id.* at 8. Finally, the plaintiffs argue that the defendant has not yet completed depositions and two additional depositions by the plaintiffs do not create an undue burden of time or expense. *Id.* at 6.

The defendant opposes the plaintiffs' motion for leave to expand discovery and filed a brief (Filing No. 296) and an index of evidence (Filing No. 297). The defendant argues the plaintiffs have failed to diligently pursue discovery within the limits previously set by the court. **See** Filing No. 296 - Response p. 1-2. The defendant contends the plaintiffs are "strategically and unnecessarily" prolonging discovery. *Id.* at 2. Specifically, the defendant states the plaintiffs have known about the relevant witnesses for eleven months, during which time the plaintiffs had not yet exhausted their deposition limit, and chose not to take depositions regarding the documents the plaintiffs had for over a year. *Id.* at 5-9.

A motion to modify the scheduling order imposes the burden on the movant to show good cause for modification. Fed. R. Civ. P. 16(b)(4); **see** *Bradford v. DANA Corp.*, 249 F.3d 807, 809-10 (8th Cir. 2001). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "In demonstrating good cause, the moving party must establish that the 'scheduling deadlines cannot be met despite a party's diligent efforts.'" *Thorn v. Blue Cross & Blue Shield of Fla., Inc.*, 192 F.R.D. 308, 309 (M.D. Fla. 2000) (citations omitted) (**paraphrasing** Fed. R. Civ. P. 16 advisory committee notes (1983 amendment)). Moreover, "if the reason for seeking the amendment is apparent before the deadline and no offsetting factors appear, the Rule 16 deadline must govern." *Financial Holding Corp. v. Garnac Grain Co.*, 127 F.R.D. 165, 166 (W.D. Mo. 1989).

In the initial progression order, the court granted the parties' request to limit the number of depositions to ten. **See** Filing No. 38 - Order ¶ 5; **see also** Filing No. 26 -

5

Planning Report p. 19. Subsequently, at the parties' request, the court increased the number of depositions to fifteen. **See** Filing No. 91 - Order ¶ 1. The parties have periodically agreed to extensions of most deadlines in this case, which is not yet set for trial.

The court finds the plaintiffs have shown good cause for expanding the number of available depositions from fifteen to seventeen. The information sought by the plaintiffs is relevant and discoverable. Although the plaintiffs may have determined the necessity to take the additional depositions earlier, their failure to do so will not cause undue delay in resolution of this case. The defendant has not yet determined who the defendant will seek to depose (and need not do so for more than thirty days from now). Further, the additional depositions may reasonably create the need to supplement prior expert disclosure information. The time frame proposed by the plaintiffs is reasonable given the other discovery and motion activity expected in this case. Upon consideration,

**IT IS ORDERED:**

1. The plaintiffs' Motion for Protective Order and for Rule 37 and 28 U.S.C. § 1927 Sanctions for Disobeying A Court Order (Filing No. 277) is denied.

2. The plaintiffs shall have to **on or before April 7, 2011**, to serve responses to the defendant's Amended First Requests for Admissions to Opt-In Plaintiffs.

3. The defendant shall provide a list of deponents **on or before April 25, 2011**.

4. Motion for Leave to Take Additional Depositions and for Extension of the Expert Witness Deadlines (Filing No. 279) is granted.

5. The plaintiffs shall have to **on or before May 23, 2011**, to supplement their expert witness disclosures regarding the information discovered in the depositions of Deb Paulson and Pat Schnell. The court will address the need for other extensions of time, as the need arises.

DATED this 21st day of March, 2011.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.