IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARIA GUZMAN MORALES & MAURICIO R. GUARJARDO, On behalf of themselves and all other similarly situated individuals, <br><br> Plaintiffs, <br><br> v. <br><br> FARMLAND FOODS, INC, <br><br> Defendant. | ) ) ) ) ) ) CASE NO.  8:08-cv-504 ) ) ) ) ) ) ) |

**DEFENDANT FARMLAND FOODS, INC.'S BRIEF
IN SUPPORT OF MOTION FOR A SHOW CAUSE ORDER**

Defendant Farmland Foods, Inc. ("Farmland"), by and through its undersigned counsel and pursuant to Federal Rules of Civil Procedure 16, 37, and 41 and NECivR 41.2, files this memorandum in support of its Motion for A Show Cause Order as to the 66 randomly-selected opt-in Plaintiffs who have failed to respond to Court-ordered discovery.  These individuals voluntarily chose and consented to participate in this lawsuit as plaintiffs.  Pursuant to this Court's Order dated August 27, 2010 (Doc. No. 221), they were selected by a random selection process to respond to Farmland's discovery requests.  In direct violation of the Court's order and process, these individuals have failed to provide <u>any</u> discovery responses.  Thus, they have elected to stop participating in this litigation.  Indeed, it is unclear whether they are even in communication with their counsel at all.  For the reasons below, the Court should issue an order requiring these non-responsive opt-in Plaintiffs to show cause within 14 days as to why their claims should not be dismissed with prejudice.

## I.  BACKGROUND

Plaintiffs brought this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA").  On September 16, 2009, the Court approved a notice of this action to be mailed to potential opt-in Plaintiffs.  (Doc. No. 86.)  The notice expressly advised potential opt-in Plaintiffs that, if they chose to join in the suit, they "may be required <u>to provide information</u>, sit for a deposition and/or testify in court while the suit is proceeding . . . ."  (Doc. No. 84-2 (emphasis added).)  Approximately 298 individuals responded to the notice by filing a consent to join in this collective action as an opt-in Plaintiff.[1]  On the consent form, each opt-in Plaintiff declared: "I hereby consent, agree and opt-in to become a Plaintiff herein, <u>participate in the prosecution of the asserted claims</u>, and be bound by any judgment of the Court or any settlement of this action."  (Doc. No. 84 at 11 (emphasis added).)

On August 27, 2010, the Court entered an Order authorizing Farmland to serve written discovery on 15% percent of the opt-in class members (44 individuals), to be identified by a random sampling process.  (Doc. No. 221.)  Following the Court's Order, the Parties assigned each opt-in Plaintiff a number and used a random number generator to select the 44 opt-in Plaintiffs who would be required, pursuant to the Order, to respond to Farmland's First Set of Interrogatories, First Requests for Production, and First Requests for Admissions originally served on July 22, 2010.  (Exhibit 1 to Dec. of Allison Balus, Exhibit A.)

The majority of the 44 individuals selected pursuant to the Court's Order failed or refused to comply with the Order.  After extended delay, on November 2, 2010, Plaintiffs' counsel

---

[1]     Of those 298 opt-in Plaintiffs, 5 have withdrawn from the case.  (*See* Doc. Nos. 292, 315.)  On March 11, 2011, Plaintiffs' counsel advised Farmland's counsel that Trang Nguyen, another opt-in Plaintiff, also wishes to withdraw from the case.  However, almost three months later, no notice of withdrawal has been filed with the Court for Trang Nguyen.  It is unclear whether his counsel are even in touch with him.

requested the names of an <u>additional 26 opt-in Plaintiffs</u>, because 26 of the 44 selected under the Court's Order would not to respond to Farmland's discovery requests. (Exhibit 2.) Farmland provided Plaintiffs' counsel with 26 additional randomly selected names, bringing the total number of opt-in Plaintiffs to 70, 44 who were originally selected and 26 more. On December 8, 2010, Plaintiffs' counsel stated that they needed <u>13 more names</u>, in addition to the combined total of 70 previously provided. (Exhibit 3.) On January 10, 2011, Plaintiffs' counsel asked for <u>12 more opt-in Plaintiffs</u> to respond to discovery, bringing the total number of names to 95. (Exhibit 4.) On January 28, 2011, Plaintiffs' counsel requested the names of <u>10 additional opt-in Plaintiffs</u>. (Exhibit 5.) Most recently, on March 16, 2011, Plaintiffs' counsel asked for <u>5 more names</u>, bringing the total number of randomly-selected opt-in Plaintiffs to 110.[2] (Exhibit 6.) A total of 66 of these opt-in Plaintiffs have <u>completely</u> failed to respond to Farmland's discovery requests. A list of the 66 non-responsive opt-in Plaintiffs is attached as Exhibit 7.

Counsel for Farmland repeatedly has conferred with counsel for Plaintiffs in an effort to resolve this dispute, without success. Simply stated, 66 opt-in Plaintiffs referenced above have chosen to no longer participate in this lawsuit. As discussed below, choosing to remain passive participants is not an option for plaintiffs who opt in to a FLSA collective action. By failing to respond to the Court-ordered discovery, these opt-in Plaintiffs have not prosecuted their claims and have instead elected not to be part of this lawsuit. Therefore, the Court should issue an order requiring these individuals to show cause within 14 days as to why their claims should not be dismissed with prejudice.

---

[2] When agreeing to provide the additional names, Farmland's counsel expressly stated that Farmland was not waiving its right to later move to dismiss the opt-in Plaintiffs who failed to respond to the discovery. (Exhibits 2, 4, 6.)

## II. ARGUMENT

### A. Opt-in Plaintiffs in Collective Actions Are Active Participants in The Litigation.

Individuals who choose to opt in to a FLSA collective action become active participants in the lawsuit. Unlike class actions where a class member must affirmatively opt out of an action if they do not want to participate, § 216(b) of the FLSA expressly limits the scope of a collective action by creating an opt-in procedure. This procedure specifically requires parties to file a consent with the court if they wish to participate in the action. 29 U.S.C. § 216(b); *Kloos v. Carter-Day Co.*, 799 F.2d 397, 400 (8th Cir. 1986) ("[Section 216(b) collective] action is unlike the class action procedures of Rule 23, where parties are automatically included in the class unless they opt out."). Congress established this procedure "for the purpose of limiting private FLSA plaintiffs to employees who asserted claims <u>in their own right</u> and freeing employers from the burden of representative actions" and to specifically prevent excessive litigation involving parties with no personal interest in the outcome of the case. *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 173 (1989) (emphasis added). Additionally, Congress created the opt-in scheme to ensure that opt-in members would not have their rights adjudicated without their input and knowledge. *Otto v. Pocono Health System*, 457 F. Supp. 2d 522, 524 (M.D. Pa. 2006) ("It is clear that Congress labored to create an opt-in scheme when it created Section 216(b) specifically to alleviate the fear that absent individuals would not have their rights litigated without their input or knowledge.").

Indeed, the FLSA provides that, when an individual gives his or her written consent to join a lawsuit, they become a "party plaintiff." *See* 29 U.S.C. §216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). The consent form

signed by each opt-in Plaintiff in this case specifically stated his or her intention to become a "Plaintiff" and to "participate in the prosecution of the asserted claims." (Doc. No. 84.) Thus, the opt-in Plaintiffs have the same status and same interest in this case as the named Plaintiffs. "[B]y referring to them as 'party plaintiff[s]' [in 216(b)] Congress indicated that opt-in plaintiffs should have the same status in relation to the claims of the lawsuit as do the named plaintiffs." *Morgan v. Family Dollar Stores*, 551 F.3d 1233, 1259 (11th Cir. 2008) (quoting *Prickett v. DeKalb County*, 349 F.3d 1294, 1297 (11th Cir. 2003)); *Krueger v. New York Telephone Co.*, 163 F.R.D. 446, 449 (S.D.N.Y. 1995) ("This case involves a relatively small group of 162 people, each of whom has freely chosen to participate and each of whom has relevant information with respect to the claims and defenses in this action.").

    Here, almost 300 current and former Farmland employees have affirmatively chosen to participate in this lawsuit by filing written consents. Having opted in to the litigation, they are not passive in the same sense as absent Rule 23 class members. *See, e.g., Gonzales v. Hair Club for Men, Ltd., Inc.*, 2007 U.S. Dist. LEXIS 26160 at *6 n.2 (M.D. Fla. 2007) ("[I]n contrast to Rule 23 class actions, the existence of a collective action under § 216(b) does depend on the active participation of other plaintiffs.") (quoting *Cameron-Grant v. Maxim Health Care Servs., Inc.*, 347 F.3d 1240, 1249 (11th Cir. 2003)); *Allen v. Sears Roebuck & Co.*, 2009 U.S. Dist. LEXIS 54927 at *10-11 (E.D. Mich. June 29, 2009) ("[T]he plaintiffs in a collective action are not absent class members, such as in a class action, but rather they are active parties."). Because the 66 opt-in Plaintiffs have affirmatively chosen to become party plaintiffs in this lawsuit, they are subject to the same procedural and discovery rules as the named Plaintiffs. Their failure to participate in the Court-ordered discovery warrants dismissal of their claims with prejudice.

### B. Courts Frequently Dismiss Opt-in Plaintiffs, Like The 66 in This Case, Who Fail to Respond to Discovery

Defendants sought discovery from over 290 opt-in Plaintiffs. The Court ordered that a random selection process be used to select 15% or 44 people to respond to discovery. The value of the random selection process was that it did not favor either side and did not give either side any way to exercise any control or influence over which 44 people would have to respond to discovery. Farmland was not allowed to pick the 44 people it wanted. By the same token, Plaintiffs were not allowed to pick the 44 people that they wanted. Additionally, the random selection process barred the Plaintiffs from choosing which persons would not respond to discovery.

Plaintiffs and their counsel have violated the random selection process by requesting names of an additional 66 individuals to respond to discovery. Plaintiffs' counsel has refused to furnish any information as to why these 66 people have not responded. Plaintiffs' counsel nevertheless, presumably will deny that they did anything to influence which of the individuals would respond. That leaves only two possibilities. Either the opt-in Plaintiffs refused to respond or their own counsel could not locate them. Under either scenario, they should be ordered to show cause as to why they should not be dismissed for failing to participate in Court-approved discovery process. Regardless of the reason for failing to respond, Farmland has suffered prejudice. The most logical remedy for this prejudice, and, as noted below, the remedy routinely used by other courts in this situation, is to dismiss those opt-in Plaintiffs who have failed to respond to discovery.

The Federal Rules of Civil Procedure authorize the courts to impose sanctions, including the dismissal of claims with prejudice, for failure to comply with discovery obligations. Specifically, Rule 16(f) allows for sanctions, including dismissal, of a party who "fails to obey a

scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Similarly, Rule 37(b) provides for dismissal for failure to obey a discovery order. Fed. R. Civ. P. 37(b)(2)(v). Moreover, under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with [the federal] rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). By default, dismissals under Rule 41(b) are with prejudice. *Id.* The Local Civil Rules of this Court expand upon this principle and authorize dismissal "[a]t any time, [of] a case not being prosecuted with reasonable diligence." NECivR 41.2 (emphasis added). Additionally, the Court has inherent authority "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Smith v. BNSF Railway Co.,* No. 06-2534, 2010 U.S. Dist. LEXIS 101897 at *7-8 (D. Kan. Sept. 22, 2010) (*quoting Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)).

Numerous courts have concluded that the dismissal of opt-in plaintiffs' claims is an appropriate sanction for failure to respond to discovery. For example, in *Brennan v. Qwest Communs. Int'l, Inc.*, the Court ordered the dismissal of 91 opt-in plaintiffs with prejudice, including 58 who failed to provide timely responses to the defendant's interrogatories. *Brennan,* No. 07-2024, 2009 U.S. Dist. LEXIS 47898 at *25 (D. Minn. June 4, 2009). In reaching this conclusion, the *Brennan* court quoted from the magistrate judge's report and recommendation, which stated that opt-in plaintiffs:

> have the responsibility to participate in the cases that they have affirmatively brought before the Court . . . . Having affirmatively opted in to this action, . . . these plaintiffs, through their counsel, have agreed to the discovery procedure at issue. As such, they cannot sit on the side-lines and ignore discovery obligations imposed by the [c]ourt.

*Id.* at *26 (emphasis added). The plaintiffs in *Brennan* argued that, because the court had received responses from 75% of the opt-in plaintiffs, dismissal of those who did not respond was inappropriate. *Id.* at *29. The court rejected this argument, noting that, among other things,

7

discovery from the non-responsive opt-in plaintiffs was necessary to determine whether they were similarly situated and whether individualized defenses might exist. *Id.* at *28.

In *Davis v. Westgate Planet Hollywood Las Vegas LLC,* the court reached the same conclusion where, as here, the court had ordered discovery on a random sample of opt-in plaintiffs. *Davis,* No. 08-722, 2010 U.S. Dist. LEXIS 126988 (D. Nev. Nov. 8, 2010.) In *Davis*, 23 of the randomly-selected opt-in plaintiffs failed to respond to discovery and were therefore dismissed. *Id.* at *21. The court reasoned:

> The non-compliant [p]laintiffs' failure to respond, and failure to comply with the court's order has delayed expeditious resolution of this litigation, and interfered with the court's ability to manage its docket. [The] [d]efendants have been prejudiced by their inability to obtain routine discovery from these non-compliant opt-in [p]laintiffs . . . . [L]ess drastic sanctions will not effectively address these [p]laintiffs' failure to participate in discovery as they agreed to do when they elected to opt in.

*Id.*; *see also Scott v. Raudin McCormick, Inc.*, No. 08-4045-EFM, Doc. No. 533 at 8-13 (D. Kan. Aug. 6, 2010) (dismissing 706 opt-in plaintiffs who failed to respond to discovery) (Exhibit 8, to the Declaration of Allison Balus.). These cases support dismissal as an appropriate sanction for opt-in plaintiffs who fail to respond to discovery even where, like here, only a certain percentage of opt-in plaintiffs was required to respond.

    **C. This Court Should Issue An Order Requiring the 66 Non-Responsive Opt-In Plaintiffs to Show Cause As to Why Their Claims Should Not Be Dismissed with Prejudice.**

As discussed above in § I, a total of 66 of the 110 opt-in Plaintiffs completely failed to respond to the Court-ordered discovery. These individuals are party plaintiffs who chose to be active participants in this lawsuit. They were advised both in the notice of this collective action and in their consents to join that they would have to actively participate in the lawsuit and prosecute their claims. (Doc. Nos. 84, 86.) However, they have failed to do so. The failure of

8

these individuals to respond to the Court-ordered discovery has significantly thwarted the Court's random selection process, has caused needless delay, and has otherwise prejudiced Farmland by precluding Farmland from obtaining information regarding their claims that is essential to its defenses. These 66 opt-in Plaintiffs have effectively abandoned their claims and should be dismissed. There is no indication that they wish to continue as opt-in Plaintiffs, and they should not be allowed to remain passive until a judgment is entered. They are merely phantom "plaintiffs" who should no longer be part of this lawsuit.

However, in the interest of fairness, rather than outright dismissal, Farmland respectfully asks the Court to issue an order requiring these 66 opt-in Plaintiffs to show cause within 14 days as to why their claims should not be dismissed with prejudice for the reasons stated above. *See, e.g., In re Food Lion*, No. 94-2360, 1998 U.S. App. LEXIS 11809 at *34-36 (4th Cir. June 4, 1998) (affirming district court's dismissal of non-responsive opt-in plaintiffs who failed to show cause why they should not be dismissed); *Morangelli v. Chemed Corp.*, No. 10-876, 2011 U.S. Dist. LEXIS 151 at *7-8 (E.D.N.Y Jan. 1, 2011) (dismissing non-responsive opt-in plaintiffs with prejudice following show cause order); *Gonzalez v. Go Relax Travel, LLC*, No. 09-573, 2010 U.S. Dist. LEXIS 64972 at *2-3 (M.D. Fl. July 9, 2010) (striking non-responsive opt-in plaintiffs following their failure to respond to court's show cause order); *see also Smith*, 2010 U.S. Dist. LEXIS 101897 at *7-8 (granting non-responsive opt-in plaintiffs an additional seven days to appear and respond to discovery to avoid dismissal with prejudice). If these individuals then fail to appear and make the requisite showing, Farmland asks that their claims be dismissed with prejudice. Farmland further asks that any individuals who come forward and show cause be compelled to respond to Farmland's written discovery as initially ordered by the Court.

### III.  CONCLUSION

For the foregoing reasons, Farmland respectfully requests that this Court enter an order requiring the 66 non-responsive opt-in Plaintiffs to show cause within 14 days as to why their claims should not be dismissed with prejudice for failing to respond to the Court-ordered discovery.

Respectfully submitted this 8th day of June 2011.

/s/ L. Dale Owens
L. Dale Owens
Admitted *Pro Hac Vice*
Georgia Bar No. 557482
Jackson Lewis LLP
1155 Peachtree Street, NE, Suite 1000
Atlanta, GA 30309-3600
Tel: (404) 525-8200
Fax: (404) 525-1173
owensd@jacksonlewis.com

Local Counsel:        Steven D. Davidson (NE # 18684)
Allison D. Balus (NE # 23270)
Baird Holm, LLP
1500 Woodmen Tower
1700 Farnam Street
Omaha, Nebraska 68102-2068
Tel: (402) 636-8254
Fax: (402) 344-0588
sdavidson@bairdholm.com
abalus@bairdholm.com

ATTORNEYS FOR DEFENDANT
FARMLAND FOODS, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARIA GUZMAN MORALES & MAURICIO R. GUARJARDO, On behalf of themselves and all other similarly situated individuals,<br><br>    Plaintiffs,<br><br>v.<br><br>FARMLAND FOODS, INC,<br><br>    Defendant. | CASE NO.  8:08-cv-504 |

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2011, I served the foregoing **DEFENDANT FARMLAND FOODS, INC.'S BRIEF IN SUPPORT OF MOTION FOR A SHOW CAUSE ORDER** through electronic filing.  Notice of this filing will be sent to the following by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

    Carolyn H. Cottrell
    Christopher P. Welsh
    James R. Welsh
    Philip A. Downey
    Shanon J. Carson
    Todd M. Schneider

I hereby certify also that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

    None.

                                                  */s/ L. Dale Owens*
                                                  L. Dale Owens