## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MARIA GUZMAN MORALES and** | ) | |
| **MAURICIO R. GUAJARDO,** | ) | |
| | ) | **8:08CV504** |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **FARMLAND FOODS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court on the defendant's Motion for a Show Cause Order (Filing No. 331).  The defendant seeks an order requiring opt-in plaintiffs who have not provided requested discovery to show cause why their claims should not be dismissed. The defendant filed a brief (Filing No. 332) and an index of evidence (Filing No. 333) in support of the motion.  The plaintiffs filed a brief (Filing No. 336), with evidence attached, in opposition to the motion.  The defendant filed a brief (Filing No. 339) in reply.


## BACKGROUND

The plaintiffs are employees or former employees of the defendant's hog slaughter and processing facility in Crete, Nebraska.  The case was filed as a class action alleging violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201, *et seq.*, regarding pay for pre- and post-production line activities, including "donning and doffing," and other activities in connection with job functions.  The plaintiffs seek relief for alleged violations of federal wage-and-hour laws, including failure to pay overtime compensation for uncompensated job-related activities.  The court conditionally certified a class of current and formerly employed hourly production employees on September 4, 2009.  **See** Filing No. 81.  Fact discovery has been completed, but the parties continue with discovery related to expert witnesses.  **See** Filing Nos. 311 and 328.  The court scheduled trial for March 19, 2012.  **See** Filing No. 322.

The plaintiffs include two named plaintiffs and nearly 300 opt-in class members. After court approval, the parties provided potential opt-in plaintiffs with notice about this

lawsuit, advising that if an individual chose to opt-in as a plaintiff such individual "may be required to provide information, sit for a deposition and/or testify in court while the suit is proceeding . . . ."  **See** Filing No. 84 - Ex. A Notice p. 3 § IV Effect of Joining This Suit; **see also** Filing No. 86 - Order.  Approximately 298 individuals responded to the notice by filing a consent to join in this collective action as an opt-in plaintiff.  Each signed consent form provides:  "I hereby consent, agree and opt-in to become a Plaintiff herein, participate in the prosecution of the asserted claims, and be bound by any judgment of the Court or any settlement of this action."  **See** Filing No. 84 - Ex. B Consent to Join ¶ 3.

The parties have engaged in a variety of discovery and dispositive motion activity. In June 2010, the defendant served thirty opt-in class members with discovery requests including interrogatories, requests for production, and requests for admission.  **See** Filing No. 147 - Certificate of Service.  The defendant served the same written discovery on the remaining opt-in class members, with minor exceptions, on July 16, 2010.  **See** Filing No. 155 - Certificate of Service.  On August 27, 2010, the court granted the plaintiffs' motion for protective order (Filing No. 158), in part, to limit discovery to full discovery of the two named plaintiffs and a random sample of fifteen percent of the FLSA opt-in class members, with the provision that no opt-in class member will be allowed to testify at trial unless first responding to discovery.  **See** Filing No. 221.

After entry of the August 27, 2010, order, the parties engaged in negotiations about the method, process, and scope of discovery.  At that time, the parties randomly selected 44 opt-in plaintiffs to respond to discovery and generated a list of extra randomly chosen opt-in plaintiffs in the event substitutes were necessary.  **See** Filing No. 333 - Ex. A Balus Aff. ¶ 2. On September 15, 2010, the defendant filed a motion to compel certain discovery from the random sample of opt-in plaintiffs.  **See** Filing No. 235.  Without explanation, the plaintiffs requested an additional 26 randomly selected opt-in plaintiffs' names on November 2, 2010.  **See** Filing No. 333 - Ex. A Balus Aff. ¶ 3; Ex. A-2 Nov. Correspondence.  On November 30, 2010, the court entered an order granting, in part, the defendant's Motion to Compel Plaintiffs to Respond to Requests for Admissions and Provide Discovery Responses From All Class Members Providing Testimony (Filing No. 235).  Specifically, the court granted the defendant "leave to serve twenty requests for

2

admissions on the random sample of fifteen percent of the FLSA opt-in class members previously selected to respond to discovery." **See** Filing No. 272.  On December 8, 2010, the plaintiffs requested an additional 13 randomly selected names.  **See** Filing No. 333 - Ex. A Balus Aff. ¶ 4; Ex. A-3 Dec. Correspondence.  On December 16, 2010, the defendant served the pre-selected opt-in plaintiffs with amended requests for admissions.  **See** Filing No. 273 - Certificate of Service.  From January through March 2011, the plaintiffs requested an additional 27 randomly selected names.  **See** Filing No. 333 - Ex. A Balus Aff. ¶¶ 5-7.  The defendant sought explanations for the additional names and requested an agreement to dismiss any non-responsive opt-in plaintiffs.  **See, e.g.**, Filing No. 333 - Ex. A-3 Dec. Correspondence.  The defendant notes five of the sixty-six opt-in plaintiffs voluntarily filed notices to withdraw from this lawsuit rather than respond to discovery.  **See, e.g.**, Filing Nos. 292 and 315.

The defendant seeks a court order requiring each of the opt-in plaintiffs who failed to provide discovery to show cause for such failure or have his or her individual claims dismissed with prejudice.  **See** Filing No. 331 - Motion.  The defendant argues the discovery problems have caused significant and needless delay and costs, contributing to the "immeasurable" and undue prejudice suffered by the defendant.  **See** Filing No. 332 - Brief p. 9; Filing No. 339 - Reply p. 4-5.  Further, the defendant argues the failure of the initially selected random sample of opt-in plaintiffs to respond to discovery "preclud[es the defendant] from obtaining information regarding their claims that is essential to its defenses."  **See** Filing No. 332 - Brief p. 9; **see also** Filing No. 339 - Reply p. 4-5.  Specifically, the defendant contends the sampling process is no longer random due to the elimination of responses from the original sample, resulting in "responses from a group of default partisans rather than the truly randomly-selected representative sample."  **See** Filing No. 339 - Reply p. 5.  The defendant asserts the discovery responses from the truly random sample may have highlighted the differences between class members more than the current sample, leading to deprivation of evidence necessary to the defendant's defense and motion for decertification of the class.  **Id.**

By contrast, the plaintiffs argue the defendant has received sufficient discovery, has not suffered undue prejudice, and has proposed an overly harsh sanction.  **See** Filing No.

336 - Brief.  However, the plaintiffs do not object to dismissal of nine of the individual opt-in plaintiffs who expressed a desire to withdraw from the litigation.[1]  The parties engaged in sufficient attempts to resolve their dispute without court involvement, in compliance with the federal and local rule requirements.  **See** Fed. R. Civ. P. 37; NECivR 7.0.1.

## ANALYSIS

The nature of an opt-in collective action is procedurally different from an opt-out class action.  "In a class action, a potential plaintiff's claim is automatically included in the case unless he expressly 'opts out' of the class.  By contrast, a potential plaintiff's claim will be included in a collective action *only* if he expressly opts *in* to the action." ***Parker v. Rowland Express, Inc.***, 492 F. Supp. 2d 1159, 1163 (D. Minn. 2007) (emphasis in original).  "It is clear that Congress labored to create an opt-in scheme when it created Section 216(b) specifically to alleviate the fear that absent individuals would not have their rights litigated without their input or knowledge." ***Otto v. Pocono Health Sys.***, 457 F. Supp. 2d 522, 524 (M.D. Pa. 2006).  Accordingly, "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b).  "[B]y referring to them as 'party plaintiff[s]' [in 216(b)] Congress indicated that opt-in plaintiffs should have the same status in relation to the claims of the lawsuit as do the named plaintiffs." ***Morgan v. Family Dollar Stores***, 551 F.3d 1233, 1259 n.35 (11th Cir. 2008) (citation omitted).  For this reason, "the existence of a collective action under § 216(b) does depend on the active participation of other plaintiffs." Cameron-Grant v. Maxim Health Care Servs., Inc., 347 F.3d 1240, 1249 (11th Cir. 2003).  Generally, all parties are bound by and must comply with all local and federal procedural rules.  **See, e.g.**, Fed. R. Civ. P. 1; Fed. R. Civ. P. 83; NEGenR 1.1; NEGenR 1.3(a)(g).

---

[1]  The plaintiffs sent a letter to the court dated July 13, 2011, to clarify they do not oppose dismissal of the claims filed by nine individual opt-in plaintiffs because five of them have filed declarations seeking withdrawal from the lawsuit and four others expressed a desire to withdraw and refused to provide discovery. The names of these individuals are:  Be Sha, Vahida Hurko, Roger Ksionzek, Mirna Martinez, Cai Huynh, Trang Nguyen, Huynh Hau, Nam Nguyen, and Paula Mendez.

"[T]he court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: . . . (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f).  Similarly, a party is subject to sanctions if such party "fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a)." Fed. R. Civ. P. 37(b)(2)(A).  Authorized sanctions include:

> (ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii)   striking pleadings in whole or in part;
> (iv)   staying further proceedings until the order is obeyed;
> (v)    dismissing the action or proceeding in whole or in part;
> (vi)   rendering a default judgment against the disobedient party; or
> (vii)  treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).  Moreover, the court may dismiss a case with or without prejudice when "the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b).

The defendant argues the plaintiffs, more specifically sixty-six of the opt-in plaintiffs, failed to comply with a court order when they failed to respond to court-ordered discovery. **See** Filing No. 332 - Brief p. 6-7.  The defendant, however, does not seek to compel responses to discovery, as contemplated by Rule 37(a).  Rather, the defendant seeks an order requiring the opt-in plaintiffs to show cause, within fourteen to twenty-eight days, why their individual claims should not be dismissed.  *Id.* at 9; Filing No. 339 - Reply p. 11 n.4.

The court's August 27, 2010, order limited discovery to full discovery of the two named plaintiffs and a random sample of fifteen percent of the FLSA opt-in class members, with the provision that no opt-in class member will be allowed to testify at trial unless first responding to discovery.  **See** Filing No. 221.  The parties devised a method of determining which of the opt-in plaintiffs would respond to discovery.  The court has not entered an order requiring or compelling any particular opt-in plaintiff to respond to discovery.  Moreover, the defendant fails to explain why it did not seek to compel discovery responses earlier to timely cure the prejudice of being deprived of evidence from the randomly-selected opt-in plaintiffs while preparing a motion for class decertification.

In any event, the parties do not dispute the method of determining the random sample of opt-in plaintiffs or whether the particular opt-in plaintiffs, through counsel, were served with the subject discovery requests, but failed to serve timely responses. Absent compliance with reasonable discovery requests, "a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Thereafter, the court will consider sanctions "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a)." Fed. R. Civ. P. 37(b)(2)(A).

In this case, counsel for the parties negotiated a method for determining the identity of the random sample of opt-in plaintiffs who would respond to discovery. The methodology included generating a list of extra randomly chosen opt-in plaintiffs in the event substitutes were necessary. Counsel also kept in contact about the number of responses received and the number of substitute plaintiffs required over time. Initially, counsel for the plaintiffs did not seek an extension of time to provide responses in order to locate particular opt-in plaintiffs or give any explanation for their requests for additional names. Likewise, the defendant suggested dismissing any non-responsive plaintiffs, rather than making any sincere attempts to resolve the discovery dispute.

The plaintiffs have now provided the court with some explanation for why the chosen opt-in plaintiffs failed to provide requested discovery responses. A few of the chosen opt-in plaintiffs refused to respond to discovery and requested to withdraw from the lawsuit. With regard to the remaining chosen opt-in plaintiffs, counsel describe their efforts in attempting to locate those individuals and obtain discovery responses. **See** Filing No. 336 Ex. 1 - Madden Aff. and Ex. 2 - Bjorkman Aff. Although the court is sympathetic to the challenges stemming from representation of nearly three hundred plaintiffs in a collective action, the inability of counsel to locate any particular plaintiff does not excuse failure to respond to discovery.

The court finds sixty-six of the chosen opt-in plaintiffs failed to respond to properly served discovery requests. Additionally, the parties made some attempt to confer with

6

each other about a resolution for the discovery gap.  Similarly, the plaintiffs' counsel provided the court with some explanation about why these chosen opt-in plaintiffs failed to provide discovery.  The plaintiffs' explanation is legally insufficient to avoid compliance with the federal discovery rules.  Although, it remains unclear whether, and to what extent, sanctions are warranted under the circumstances, the defendant's motion to show cause will be granted.  Upon consideration,

**IT IS ORDERED:**

1.      The defendant's Motion for a Show Cause Order (Filing No. 331) is granted.

2.      The plaintiffs shall have to **on or before August 22, 2011**, to voluntarily withdraw Trang Nguyen, Huynh Hau, Nam Nguyen, and Paula Mendez from this action, or show cause why their claims should not be dismissed with prejudice.[2]

3.      The remaining fifty-seven opt-in plaintiffs randomly chosen to provide discovery responses shall have to **on or before August 22, 2011**, to provide complete responses to the previously served discovery or show cause why sanctions, which may include dismissing the claims of those individual opt-in plaintiffs, should not be imposed upon them in accordance with Fed. R. Civ. P. 37.

DATED this 21st day of July, 2011.

BY THE COURT:

 s/ Thomas D. Thalken
United States Magistrate Judge

---

[2]  This order does not apply to Be Sha, Vahida Hurko, Roger Ksionzek, Mirna Martinez, and Cai Huynh, who have already voluntarily withdrawn from this action.

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.