**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| MARIA GUZMAN MORALES and ) <br> MAURICIO R. GUAJARDO, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> FARMLAND FOODS, INC., ) <br> ) <br> Defendant. ) | 8:08CV504 <br><br> ORDER |

This matter is before the court on the defendant's motion to compel (Filing No. 340).¹ The defendant filed a brief (Filing No. 341) and an index of evidence (Filing No. 342 and Filing No. 343) in support of the motion. Specifically, the defendant seeks an order dismissing three of the plaintiffs, Han Nguyen, Lisa Schwab, and Elliot Fair, for their failure to appear for their depositions in this matter.

Depositions are governed by Federal Rule of Civil Procedure 30. Pursuant to Rule 30: "A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." Fed. R. Civ. P. 30(a)(1) (the exceptions, including the deponent having already been deposed in the case or the deponent being confined in prison, are inapplicable in this instance). However, "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party." Fed. R. Civ. P. 30(b)(1). Absent compliance with such reasonable written notice, "a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). "The court where the action is pending may, on motion, order sanctions if: (i) a party . . . fails, after being served with proper notice, to appear for that person's deposition. . . ." Fed. R. Civ. P. 37(d)(1)(A). Furthermore, "[i]f the court where the discovery is taken orders a deponent to be sworn or

---

¹ See the court's July 25, 2011, order construing the defendant's motion to dismiss to be a motion to compel. See Filing No. 345.

to answer a question and the deponent fails to obey, the failure may be treated as contempt of court." Fed. R. Civ. P. 37(b)(1). Under these circumstances, the court may dismiss the non-compliant party's claims. Fed. R. Civ. P. 37(b)(2)(A).

In this case, the defendant's counsel states that she negotiated with the plaintiffs' counsel for an agreed-upon date and time for the deponents to appear for their depositions. **See** Filing No. 341 - Brief p. 2-4 and associated exhibits. Based upon the negotiation, on May 17, 2011, the defendant served the plaintiffs with notices for the depositions of Han Nguyen, Lisa Schwab, and Elliot Fair, among others, for June 7, 2011, and June 8, 2011, giving the plaintiffs reasonable written notice of the scheduled depositions. **See** Filing No. 324 - certificate of service; Filing No. 342-8 Ex. A-7 Correspondence. Additionally, the plaintiffs' counsel represented they had spoken to the deponents about scheduling. **See** Filing No. 342 Ex. A-3 and Ex. A-5 Correspondence. Later, the plaintiffs' counsel stated that Han Nguyen would not appear for a deposition and would be withdrawn from the lawsuit. **See** Filing No. 342 Ex. A-6 Correspondence. Lisa Schwab and Elliot Fair failed to appear at their scheduled depositions. **See** Filing No. 342 Ex. A - Owens' Decl. ¶¶ 18-2 and Ex. A-11 Depo Tr.; Filing No. 343 Ex. A-12 Depo. Tr. The plaintiffs' counsel would not give an explanation for the deponents' failure to appear. **See** Filing No. 342 Ex. A - Owens' Decl. ¶¶ 18-2 and Ex. A-11 Depo Tr.; Filing No. 343 Ex. A-12 Depo. Tr. Accordingly, the defendant seeks an order issuing sanctions against the non-compliant plaintiffs for their failure to appear for depositions.

The court finds the defendant gave the plaintiffs reasonable written notice of the depositions. Han Nguyen, Lisa Schwab, and Elliot Fair failed to appear at the noticed depositions. Additionally, it appears the defendant attempted to confer with the plaintiffs' counsel to secure the plaintiffs' attendance at the depositions. The plaintiffs' counsel gave no information about why Han Nguyen, Lisa Schwab, and Elliot Fair failed to appear. Upon consideration,

**IT IS ORDERED:**

1. The defendant's motion to compel (Filing No. 340) is granted.

2. Han Nguyen, Lisa Schwab, and Elliot Fair shall present themselves for depositions to be rescheduled at the convenience of the parties and their counsel **on or before August 26, 2011**. Failure to appear may result in dismissal of the non-compliant party's claims. Fed. R. Civ. P. 37(b)(2)(A).

Dated this 26th day of July, 2011.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge