# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARIA GUZMAN MORALES and<br>MAURICIO R. GUAJARDO,<br><br>   Plaintiffs,<br><br>vs.<br><br>FARMLAND FOODS, INC.,<br>a Delaware Corporation and<br>subsidiary of Smithfield Foods,<br><br>   Defendant. | 8:08CV504<br><br><br>FINDINGS AND<br>RECOMMENDATION |

   This matter is before the court on the defendant's "Renewed Motion to Dismiss the Claims of Opt-In Plaintiffs Nguyen, Schwab and Fair" (Filing No. 355); "Motion to Dismiss Opt-In Plaintiffs Trang Nguyen, Huynh Hau, Nam Nguyen and Paula Mendez Based on Order to Show Cause (Filing No. 344)" (Filing No. 359); and "Motion to Dismiss Forty-Two Non-Responsive Opt-In Plaintiffs Based on Order to Show Cause (Filing No. 344)" (Filing No. 369). The defendant filed a brief (Filing No. 370) and an index of evidence (Filing No. 371) in support of the third motion. The plaintiff filed a brief (Filing No. 372) and an index of evidence (Filing No. 373) in opposition to the defendant's third motion. The defendant filed a brief (Filing No. 391) and an index of evidence (Filing No. 392) in reply. The parties filed no other briefing in relation to these motions.

## BACKGROUND

   The plaintiffs are employees or former employees of the defendant's hog slaughter and processing facility in Crete, Nebraska. The case was filed as a class action alleging violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201, *et seq.*, regarding pay for pre- and post-production line activities, including "donning and doffing," and other activities in connection with job functions. The plaintiffs seek relief for alleged violations of federal wage-and-hour laws, including failure to pay overtime compensation for uncompensated job-related activities. The court conditionally certified a class of current

and formerly employed hourly production employees on September 4, 2009.  **See** Filing No. 81.  Fact discovery has been completed and the case is scheduled for trial on March 19, 2012.  **See** Filing No. 322.

The plaintiffs include two named plaintiffs and nearly 300 opt-in class members. After court approval, the parties provided potential opt-in plaintiffs with notice about this lawsuit, advising that if an individual chose to opt-in as a plaintiff such individual "may be required to provide information, sit for a deposition and/or testify in court while the suit is proceeding . . . ."  **See** Filing No. 84 - Ex. A Notice p. 3 § IV Effect of Joining This Suit; **see also** Filing No. 86 - Order.  Approximately 298 individuals responded to the notice, each by filing a consent to join in this collective action as an opt-in plaintiff.  Each signed a consent form which provides:  "I hereby consent, agree and opt-in to become a Plaintiff herein, participate in the prosecution of the asserted claims, and be bound by any judgment of the Court or any settlement of this action."  **See** Filing No. 84 - Ex. B Consent to Join ¶ 3.

In June 2010, the defendant served thirty opt-in class members with discovery requests including interrogatories, requests for production, and requests for admission. **See** Filing No. 147 - Certificate of Service.  The defendant served the same written discovery on the remaining opt-in class members, with minor exceptions, on July 16, 2010. **See** Filing No. 155 - Certificate of Service.  On August 27, 2010, the court granted the plaintiffs' motion for protective order (Filing No. 158), in part, to limit discovery to full discovery of the two named plaintiffs and a random sample of fifteen percent of the FLSA opt-in class members, with the provision that no opt-in class member will be allowed to testify at trial unless they have responded to discovery.  **See** Filing No. 221.

After entry of the August 27, 2010, order, the parties engaged in negotiations about the method, process, and scope of discovery.  At that time, the parties randomly selected forty-four opt-in plaintiffs to respond to discovery and generated a list of extra randomly chosen opt-in plaintiffs in the event substitutes were necessary.  **See** Filing No. 333 - Ex. A Balus Aff. ¶ 2.  On September 15, 2010, the defendant filed a motion to compel certain discovery from the random sample of opt-in plaintiffs.  **See** Filing No. 235.  Without explanation, the plaintiffs requested an additional 26 randomly selected opt-in plaintiffs'

names on November 2, 2010.  **See** Filing No. 333 - Ex. A Balus Aff. ¶ 3; Ex. A-2 Nov. Correspondence.  On November 30, 2010, the court entered an order granting, in part, the defendant's Motion to Compel Plaintiffs to Respond to Requests for Admissions and Provide Discovery Responses From All Class Members Providing Testimony (Filing No. 235).  Specifically, the court granted the defendant "leave to serve twenty requests for admissions on the random sample of fifteen percent of the FLSA opt-in class members previously selected to respond to discovery."  **See** Filing No. 272.  On December 8, 2010, the plaintiffs requested an additional 13 randomly selected names.  **See** Filing No. 333 - Ex. A Balus Aff. ¶ 4; Ex. A-3 Dec. Correspondence.  On December 16, 2010, the defendant served the pre-selected opt-in plaintiffs with amended requests for admissions.  **See** Filing No. 273 - Certificate of Service.  From January through March 2011, the plaintiffs requested an additional 27 randomly selected names.  **See** Filing No. 333 - Ex. A Balus Aff. ¶¶ 5-7.  The defendant sought explanations for the additional names and requested an agreement to dismiss any non-responsive opt-in plaintiffs.  **See, e.g.**, Filing No. 333 - Ex. A-3 Dec. Correspondence.  At that time, five of the sixty-six opt-in plaintiffs voluntarily filed notices to withdraw from this lawsuit rather than respond to discovery.  **See, e.g.**, Filing Nos. 292 and 315.

On June 8, 2011, the defendant sought a court order requiring each of the opt-in plaintiffs who failed to provide discovery to show cause for such failure or have his or her individual claims dismissed with prejudice.  **See** Filing No. 331 - Motion.  The defendant argued the discovery problems caused significant and needless delay and costs, contributing to the "immeasurable" and undue prejudice suffered by the defendant.  **See** Filing No. 332 - Brief p. 9; Filing No. 339 - Reply p. 4-5.  Further, the defendant argued the failure of the initially selected random sample of opt-in plaintiffs to respond to discovery "preclud[es the defendant] from obtaining information regarding their claims that is essential to its defenses."  **See** Filing No. 332 - Brief p. 9; **see also** Filing No. 339 - Reply p. 4-5. Specifically, the defendant argued the sampling process was no longer random due to the elimination of responses from the original sample, resulting in "responses from a group of default partisans rather than the truly randomly-selected representative sample." **See** Filing No. 339 - Reply p. 5.  The defendant asserted that the discovery responses from

the truly random sample may have highlighted the differences between class members more than the current sample, leading to a deprivation of evidence necessary to the defendant's defense and motion for decertification of the class. *Id.* The plaintiffs denied that the defendant received insufficient discovery or suffered undue prejudice, and argued dismissal of the claims was an overly harsh sanction. **See** Filing No. 336 - Brief. However, the plaintiffs indicated they do not object to dismissal of the nine individual opt-in plaintiffs who expressed a desire to withdraw from the litigation.[1]

On July 21, 2011, the court granted the defendant's June 8, 2011, motion and required the plaintiffs to provide discovery, voluntarily withdraw from the action, or show cause why certain plaintiffs' claims should not be dismissed. **See** Filing No. 344. Specifically, the order required fifty-seven of the opt-in plaintiffs, who had been randomly chosen to provide discovery responses but failed to do so, to provide the requested discovery or show cause why sanctions, which may include dismissing the claims of those individual opt-in plaintiffs, should not be imposed upon them in accordance with Fed. R. Civ. P. 37. *Id.* Additionally, the order identified four opt-in plaintiffs, Trang Nguyen, Huynh Hau, Nam Nguyen, and Paula Mendez[2], who were required to show cause why their claims should not be dismissed with prejudice. *Id.* Similarly, on July 26, 2011, the court granted the defendant's July 18, 2011, motion to compel the plaintiffs Han Nguyen, Lisa Schwab, and Elliot Fair to present themselves for depositions within thirty days or be subject to sanctions including dismissal of the non-compliant party's claims pursuant to Fed. R. Civ. P. 37(b)(2)(A). **See** Filing No. 346.

Subsequent to the court's show cause orders, one opt-in plaintiff, Linh Tong, voluntarily withdrew his claims from the action and fourteen opt-in plaintiffs provided discovery responses. **See** Filing Nos. 349, 350, and 358. The plaintiffs also notified the

---

[1] The plaintiffs sent a letter to the court dated July 13, 2011, to clarify they do not oppose dismissal of the claims filed by nine individual opt-in plaintiffs because five of them have filed declarations seeking withdrawal from the lawsuit and four others expressed a desire to withdraw and refused to provide discovery. The names of these individuals are: Be Sha, Vahida Hurko, Roger Ksionzek, Mirna Martinez, Cai Huynh, Trang Nguyen, Huynh Hau, Nam Nguyen, and Paula Mendez.

[2] The four plaintiffs were those indicated in the plaintiffs' July 13, 2011, letter who expressed a desire to withdraw from the lawsuit.

defendant that Han Nguyen would not appear for a deposition and counsel was unable to contact Lisa Schwab and Elliot Fair. **See** Filing No. 254 - Ex. A Owens Aff. ¶ 4. In September, the defendant filed two motions to dismiss opt-in plaintiffs Trang Nguyen, Huynh Hau, Nam Nguyen, Paula Mendez, Han Nguyen, Lisa Schwab, and Elliot Fair who did not appear for their depositions or show cause why their claims should not be dismissed. **See** Filing Nos. 355 and 359. The plaintiffs did not respond to these motions to dismiss.

On October 7, 2011, the defendant filed a motion to dismiss forty-two additional opt-in plaintiffs who did not provide discovery responses or show cause why their claims should not be dismissed. **See** Filing No. 369. The defendant argues the forty-two opt-in plaintiffs' failure to comply with the court's July 21, 2011, order justifies dismissal of their claims. **See** Filing No. 370 - Brief; Filing No. 371-11 Ex. B-1 List of Opt-In Plaintiffs. Specifically, the defendant contends these opt-in plaintiffs have effectively abandoned their claims by failing to provide discovery or comply with the court order. **See** Filing No. 370 - Brief p. 2. Moreover, the defendant asserts these opt-in plaintiffs' claims should be dismissed with prejudice because such plaintiffs affirmatively chose to participate in this action, then failed to provide discovery and failed to abide by court orders, causing additional cost and delay. *Id.* at 6-7. Additionally, the defendant contends it is prejudiced by the process of choosing a random sample of plaintiffs for discovery and having many of those chosen fail to provide discovery. *Id.* at 7-8. The prejudice stems from the failure of the available discovery to represent a random sample of the plaintiffs and impacts the defendant's ability to determine whether the plaintiffs are similarly situated. *Id.* at 8-10. Finally, the defendant argues the plaintiffs' conduct is evidence of a willful failure to comply with discovery obligations and court orders because these plaintiffs chose to participate in this lawsuit and agreed to provide discovery. *Id.* at 11-14.

The plaintiffs argue dismissal of the non-responsive opt-in plaintiffs' claims is unnecessary because the defendant has discovery responses from fifty-eight plaintiffs, representing nearly twenty percent of the class. **See** Filing No. 372 - Response p. 1. Because the defendant has responses from more than the initially required fifteen percent, the plaintiffs contend the defendant cannot show material prejudice. *Id.* at 2. Additionally,

the plaintiffs agreed to present as trial witnesses only those plaintiffs who have provided discovery. *Id.* The plaintiffs highlight the representative nature of the claims to argue the insignificance of the missing or absent plaintiffs. *Id.* Further, the plaintiffs assert many of the plaintiffs at issue may not be aware of the discovery requests or court order due to counsels' unsuccessful, yet diligent, efforts to contact these plaintiffs. *Id.* at 4-5. The plaintiffs argue the randomness of the sample of responsive plaintiffs was not compromised by the non-responsive plaintiffs because the sample is still random and the defendant received more discovery than originally ordered. *Id.* at 5-7. Specifically, the parties generated six sets of names for random selection of opt-in plaintiffs to provide discovery. *Id.* at 6. In the first three sets of names there were eighty-three opt-in plaintiffs selected and forty-five of those plaintiffs have provided full discovery with nine expressing a desire to withdraw from the lawsuit. *Id.* at 7. The plaintiffs argue this evidence contradicts the defendant's claim of prejudice. *Id.* In any event, the plaintiffs contend the opt-in plaintiffs would suffer greater prejudice through dismissal of their claims compared to the minimal prejudice alleged by the defendant. *Id.* at 7-8. The plaintiffs acknowledge some sanction is appropriate and suggest the non-responsive plaintiffs be precluded from offering any evidence in support of the plaintiffs' case in the future. *Id.* at 11-12. In the alternative, the plaintiffs seek to have any dismissal of claims be without prejudice. *Id.* at 12. The plaintiffs ask that one opt-in plaintiff, Trinh Nguyen, be spared any sanction as counsel inadvertently failed to contact him during discovery. *Id.* Similarly, the plaintiffs ask that the eleven opt-in plaintiffs from the three later sets of names randomly drawn be spared any sanction because their names would not have been drawn, and are now unnecessary, based on the number of opt-in plaintiffs who have provided discovery responses. *Id.* at 13. The defendant opposes the plaintiffs' suggestions for limited sanctions. **See** Filing No. 391 - Reply.

## ANALYSIS

The nature of an opt-in collective action is procedurally different from an opt-out class action. "In a class action, a potential plaintiff's claim is automatically included in the case unless he expressly 'opts out' of the class. By contrast, a potential plaintiff's claim

6

will be included in a collective action *only* if he expressly opts *in* to the action." *Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159, 1163 (D. Minn. 2007) (emphasis in original). "It is clear that Congress labored to create an opt-in scheme when it created Section 216(b) specifically to alleviate the fear that absent individuals would not have their rights litigated without their input or knowledge." *Otto v. Pocono Health Sys.*, 457 F. Supp. 2d 522, 524 (M.D. Pa. 2006). Accordingly, "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). "[B]y referring to them as 'party plaintiff[s]' [in 216(b)] Congress indicated that opt-in plaintiffs should have the same status in relation to the claims of the lawsuit as do the named plaintiffs." *Morgan v. Family Dollar Stores*, 551 F.3d 1233, 1259 n.35 (11th Cir. 2008) (citation omitted). For this reason, "the existence of a collective action under § 216(b) does depend on the active participation of other plaintiffs." *Cameron-Grant v. Maxim Health Care Servs., Inc.*, 347 F.3d 1240, 1249 (11th Cir. 2003). Generally, all parties are bound by and must comply with all local and federal procedural rules. **See, e.g.**, Fed. R. Civ. P. 1; Fed. R. Civ. P. 83; NEGenR 1.1; NEGenR 1.3(a)(g).

"[T]he court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: . . . (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Similarly, a party is subject to sanctions if such party "fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a)." Fed. R. Civ. P. 37(b)(2)(A). Authorized sanctions include:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). Moreover, the court may dismiss a case with or without prejudice when "the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *Arnold v. ADT Sec. Servs, Inc.*, 627 F.3d 716, 722 (8th Cir. 2010).

The court considers several case specific factors when determining the appropriateness of dismissal as a sanction.

> A plaintiff need not have acted in bad faith, but the district court must find that the plaintiff acted intentionally as opposed to accidentally or involuntarily. A district court should weigh its need to advance its burdened docket against the consequence of irrevocably extinguishing the litigant's claim and consider whether a less severe sanction could remedy the effect of the litigant's transgressions on the court and the resulting prejudice to the opposing party.

*Arnold*, 627 F.3d at 722 (internal quotations and citations omitted).

Courts have weighed these and other factors when considering dismissal of opt-in plaintiffs' claims in FLSA cases. See *Smith v. BNSF Ry. CO.*, No. 06-2534, 2010 WL 3862025 (D. Kan. Sept. 22, 2010) (listing factors as "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions"); **see also** *Davis v. Westgage Planet Hollywood Las Vegas*, LLC, No. 2:08CV722, 2010 WL 5490775 (D. Nev. Nov. 8, 2010) (dismissing opt-in plaintiffs from random sample chosen to provide discovery but who failed to respond in violation of court order), adopted by 2010 WL 5490770; *Scott v. Raudin McCormick, Inc.*, No. 08-4045, 2010 WL 3125955, at *3-4 (D. Kan. Aug. 6, 2010) (dismissing with prejudice 706 opt-in plaintiffs for failure to comply with a court order compelling discovery without explanation after notice of possibility of dismissal); *Brennan v. Qwest Commc'ns Int'l, Inc.*, No. 07-2024, 2009 WL 1586721, at *7-8 (D. Minn. June 4, 2009) (finding opt-in plaintiffs who failed to make themselves available for depositions or respond to discovery should be dismissed with prejudice, as lesser sanctions were insufficient). The court may consider the plaintiffs' conduct to be intentional when it demonstrates a pattern of delay and failure to comply with court orders.

*Arnold*, 627 F.3d at 722 (noting the court afforded the plaintiffs opportunities to provide discovery and warned the plaintiffs about possibility of dismissal). There is "nothing in the nature of collective actions or in the 'spirit' of the FLSA that would allow plaintiffs to flout their individual discovery obligations. When the refusal comes following notice and a court order, absent some extraordinary circumstances . . ., it can be described as nothing other than willful or intentional." *Morangelli v. Chemed Corp.*, No. 10 Civ. 876, 2011 WL 7475 (E.D.N.Y. Jan. 1, 2011) (dismissing several opt-in plaintiffs who refused to provide discovery after entry of a motion to compel, or were out of contact with counsel); **but see** *Adkins v. Mid-American Growers, Inc.*, 143 F.R.D. 171 (N.D. Ill. 1992) (noting dismissal of non-responsive plaintiffs inappropriate where individualized discovery unwarranted based on specific discovery sought and 80 out of 147 original plaintiffs provided extensive discovery).

The court's August 27, 2010, order limited discovery to full discovery of the two named plaintiffs and a random sample of fifteen percent of the FLSA opt-in class members, with the provision that no opt-in class member will be allowed to testify at trial unless first responding to discovery. **See** Filing No. 221. The parties devised a method of determining which of the opt-in plaintiffs would respond to discovery. The court entered an order compelling these forty-two particular opt-in plaintiffs to respond to discovery. **See** Filing No. 344.

The defendant argues forty-two of the opt-in plaintiffs failed to comply with a court order when they failed to respond to court-ordered discovery and their claims should be dismissed with prejudice. **See** Filing No. 369. The plaintiffs seek more lenient sanctions and for some of the opt-in plaintiffs to be free from sanctions due to the specific circumstances impacting this case. **See** Filing No. 372 - Brief. The parties do not dispute the method of determining the random sample of opt-in plaintiffs or whether the particular opt-in plaintiffs were served with the subject discovery requests, through counsel, but failed to serve timely responses.[3]

---

[3] Although the plaintiffs sought an additional thirty days to contact opt-in plaintiff Trinh Nguyen, the record does not reflect any certificate of service for his responses between the date of the plaintiffs' brief, October 31, 2011, and today's date.

9

The plaintiffs provided the court with an explanation for why the chosen opt-in plaintiffs failed to provide requested discovery responses. A few of the chosen opt-in plaintiffs refused to respond to discovery and requested to withdraw from the lawsuit. Several have now responded to discovery and the defendant is satisfied with those plaintiffs maintaining their claims without sanctions. With regard to the remaining chosen opt-in plaintiffs, counsel describe extensive efforts in attempting to locate those individuals and obtain discovery responses. Although the court is sympathetic to the challenges stemming from representation of nearly three hundred plaintiffs in a collective action, the inability of counsel to locate any particular plaintiff does not excuse failure to respond to discovery, particularly court ordered discovery.

Forty-two of the chosen opt-in plaintiffs failed to timely respond to properly served discovery requests. Additionally the court finds that the parties made ongoing attempts to confer with each other about a resolution before seeking court involvement. The plaintiffs' counsel provided the court with some explanation about why these chosen opt-in plaintiffs failed to provide discovery and abide by the court's order. However, the explanation remains legally insufficient to avoid compliance with the federal discovery rules and the court's order compelling discovery which included a warning about the possibility of dismissal as a sanction for non-compliance. The failure to participate in the case or stay in communication with counsel, after agreeing to do so, is evidence of intentional conduct. These plaintiffs' disregard for the judicial process has caused an unnecessary burden on the court and the defendant in addressing these issues and delaying resolution of the case. The defendant also suffers prejudice associated with the failure of receiving timely responses from the original random sample of opt-in plaintiffs. After review of the available options for sanctions and the parties' suggestions, and under the circumstances present in this case, the court recommends the non-responsive opt-in plaintiffs' claims be dismissed without prejudice. By contrast, opt-in plaintiffs Trang Nguyen, Huynh Hau, Nam Nguyen, Paula Mendez, Han Nguyen, Lisa Schwab, and Elliot Fair, who indicated an desire to withdraw from the case rather than provide discovery, should be dismissed with prejudice. Upon consideration,

**IT IS RECOMMENDED TO JUDGE JOSEPH F. BATAILLON that:**

1. The defendant's "Renewed Motion to Dismiss the Claims of Opt-In Plaintiffs Nguyen, Schwab and Fair" (Filing No. 355), with prejudice, be granted;

2. The defendant's "Motion to Dismiss Opt-In Plaintiffs Trang Nguyen, Huynh Hau, Nam Nguyen and Paula Mendez Based on Order to Show Cause (Filing No. 344)" (Filing No. 359), with prejudice, be granted; and

3. The defendant's "Motion to Dismiss Forty-Two Non-Responsive Opt-In Plaintiffs Based on Order to Show Cause (Filing No. 344)" (Filing No. 369) be granted to the extent the forty-two non-responsive opt-in plaintiffs' claims be dismissed without prejudice.

**ADMONITION**

Pursuant to NECivR 72.2 any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 15th day of December, 2011.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.