# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARIA GUZMAN MORALES & | ) | |
| MAURICIO R. GUAJARDO, | ) | |
| on behalf of themselves and all other | ) | |
| similarly situated individuals, | ) | |
| | ) | |
| Plaintiffs, | ) | CASE NO.  8:08-cv-504 |
| | ) | |
| v. | ) | |
| | ) | |
| FARMLAND FOODS, INC, | ) | |
| | ) | |
| Defendant. | ) | |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement" or "Agreement") is entered into between Plaintiffs Maria Guzman Morales and Mauricio R. Guajardo, on behalf of themselves and all other similarly situated individuals as defined herein, and Defendant Farmland Foods, Inc. ("Farmland" or "Defendant"), subject to the approval of the Court.

## I.    DEFINITIONS

As used in this Agreement, the following terms shall have the following meanings:

A.    "Claims Administrator" means Rust Consulting, Inc.

B.    "Claims Released" is defined in Section IV below.

C.    "Collective Action" refers to the above-captioned civil action, as amended, titled *Maria Guzman Morales and Mauricio R. Guajardo, et al. v. Farmland Foods, Inc.*, pending in the United States District Court for the District of Nebraska, Civil Action No. 8:08-cv-504.

D.    "Class Counsel" means (i) Berger & Montague, P.C., (ii) Schneider Wallace Cottrell Brayton Konecky LLP, and (iii) The Downey Law Firm, LLC.

E.    "Class Member" means the Named Plaintiffs and all individuals who executed Opt-In Consent Forms that were filed in the Collective Action and who have not been dismissed from the Action ("Opt-In Plaintiffs").  Class Member also includes the following persons who submitted Opt-in Consent Forms that were deficient:  Benny Kilson, Ofelia Perez, Leonardo Gomez Nava and Ahren Ambrose, assuming the Court approves the Parties' joint request that their Opt-In Consent Forms be accepted for late filing thereby allowing them to participate in this settlement.  If the Court approves the Parties' request, the claims of these four individuals

will be considered filed as of December 4, 2009.  In the event the Court does not approve the Parties' request and these four individuals are not considered Class Members for purposes of participation in this settlement, this will in no way affect the enforceability of this Settlement Agreement. The Parties agree that Exhibit A sets forth a complete list of all Class Members (including, subject to Court approval, the four individuals named in this paragraph).

F.     The "Class Period" is defined for each Class Member as the period during which the Class Member was employed at Farmland's Crete, Nebraska facility, beginning no earlier than three years prior to the Class Member's filing of an Opt-In Consent Form, until the Class Member's termination date or the date on which the Court enters the Preliminary Approval Order, whichever is earlier.  The Parties agree that Exhibit A sets forth the correct dates for each such Class Member ("Tenure Dates") through December 31, 2011, and that Defendant shall update that Exhibit as of the date on which the Court enters the Preliminary Approval Order.

G.     "Effective Date."  The Settlement embodied in this Settlement Agreement shall become effective on the Settlement "Effective Date," which is defined as the later of: (i) the date when the time for appeal has expired from the date of entry of the Final Order of Approval and the Dismissal With Prejudice of the Collective Action; (ii) the date of the dismissals without prejudice of those persons who are dismissed without prejudice pursuant to Sections VI.B.9 and VI.D.2; or (iii) the date of the final resolution of any appeal or other judicial review of the Settlement if an appeal has been filed and not dismissed.

H.     "Eligible Class Members" means each and every Class Member (i) who does not opt out of the Settlement Agreement as provided in Section VI.B.9 below, and (ii) who is not excluded from the Settlement Agreement and dismissed without prejudice as provided in Section VI.D.2 below.

I.     "Maximum Settlement Amount" means the maximum amount of funds that Farmland shall pay, subject to the terms and conditions hereof, in exchange for the release of all Released Claims, as defined below, by the Class Members.  The Maximum Settlement Amount shall be the sum of Two Hundred and Seventy-Five Thousand Dollars ($275,000.00).  In no event shall the Maximum Settlement Amount exceed that sum, plus the employer's share of FICA and FUTA payroll taxes on the amounts paid to Class Members as "unpaid wages" to the extent required by law, which shall be paid in addition to the $275,000.00.  The Maximum Settlement Amount also expressly does not include Class Counsel's attorneys' fees and costs, which shall be determined by the Court pursuant to the process set forth in Section I.X, below.

J.     "Named Plaintiffs" means Maria Guzman Morales and Mauricio R. Guajardo.

K.     "Net Settlement Amount" means the Maximum Settlement Amount of Two Hundred and Seventy-Five Thousand Dollars ($275,000.00), minus any Service Awards approved by the Court.

L.     "Parties" means the Named Plaintiffs, all Opt-In Plaintiffs and Defendant.

M.      "Plaintiffs" means the Named Plaintiffs and all Opt-In Plaintiffs.

N.      "Released Parties" means (i) Farmland; (ii) any current or former subsidiary, parent company, affiliated entity, related entity, successor, assign, or division of Farmland; and (iii) any current or former officer, director, trustee, agent, employee, shareholder, representative, advisor, insurer, attorney, or employee benefit or welfare program or plan (including the administrators, trustee, fiduciaries, and insurers of such program or plan) of an entity referenced in or encompassed by subsection (i) or (ii) hereof.

O.      "Settlement Agreement" means this Agreement and all Exhibits attached to it.

P.      "Settlement Award" means the gross payment that each Class Member shall be entitled to receive pursuant to the terms of the Settlement Agreement.

Q.      "Service Awards." If approved by the Court, Service Awards will be paid out of the Maximum Settlement Amount in an amount not to exceed Five Thousand Dollars ($5,000.00) for each of the two Named Plaintiffs and Two Thousand, Five Hundred Dollars ($2,500.00) to each of the ten Class Members (excluding the Named Plaintiffs) who gave depositions in this case, as listed below:

1. Michael Calkin
2. Elija Davis
3. Tom Disney
4. Tammi Filipi
5. John Gatluak
6. John Hochstein
7. Josefa Morales
8. Jose Quiroz
9. Robert Radin
10. Manuel Valdez.

In the Joint Motion for Preliminary Approval pursuant to Section V. below, Plaintiffs will request the Court to approve the Service Awards, and Farmland will not oppose that request. This Settlement Agreement shall not be contingent on the Court's determination of the amount of any Service Award or the persons to receive any Service Award.

## II.   **RECITALS**

A.      Plaintiffs Maria Guzman Morales and Mauricio R. Guajardo originally filed this Collective Action on November 13, 2008, and amended their Complaint on November 17, 2008 and April 27, 2009.

B.      Plaintiffs retained Class Counsel to pursue their legal claims in the Collective Action.

C.      On January 10, 2012, the Parties participated in mediation in Richmond, Virginia, overseen by Joan Morrow, Esq., an experienced mediator, and continued negotiations through the mediator thereafter.  On February 8, 2012, the Parties reached the settlement and proceeded to complete the process of finalizing documentation. On March 14, 2012 the parties finalized this Settlement Agreement. The settlement is subject to Court approval.

D.      NOW THEREFORE, IT IS HEREBY AGREED, BY AND BETWEEN the undersigned, that the Collective Action shall be settled, subject only to the approval of the Court and no other condition, pursuant to the following terms and conditions:

## III.      INDEPENDENT INVESTIGATION AND DECISION BY RESPECTIVE PARTIES TO SETTLE CLAIMS

A.      This Settlement Agreement is made and entered into by and between Plaintiffs and Defendant.  This Settlement Agreement is subject to the terms and conditions hereof and to the approval of the Court.  Plaintiffs and Defendant hereby agree to fully and finally settle, compromise and resolve all claims that were or could have been brought in the Collective Action, based on the factual allegations in the original and amended complaints, on the terms and conditions set forth in this Settlement Agreement.

B.      Class Counsel and Counsel for Defendant have conducted extensive discovery and investigated the facts relating to the claims alleged and have made a thorough study of the legal principles applicable to the claims asserted against Defendant.  Class Counsel have conducted a thorough investigation into the facts of the Collective Action, including an extensive review of voluminous documents and data produced to Plaintiffs, and have diligently pursued investigation and prosecution of Class Members' claims against Defendant.  Class Counsel expressly acknowledge that there are differences and disputes, stated and unstated, between the Parties as to various discovery matters.  Class Counsel have exercised their independent judgment and have determined that this settlement is proper as stated herein after fully taking into account any risk, uncertainty, or unresolved issues relating to discovery or the completeness of their investigation, uncertainty as to facts and circumstances, risk of significant delay, risk of loss or limited recovery, and the defenses asserted by Defendant.  Based upon Class Counsel's investigation, legal evaluation, and taking into account the sharply contested legal and factual issues involved, the decisions that have been issued in the Collective Action, as well as Class Counsel's assessment of the uncertainties of complex litigation and the relative benefits conferred upon the Class Members pursuant to this Settlement Agreement, Class Counsel have concluded that a settlement with Farmland on the terms set forth in this Settlement Agreement is fair, reasonable, adequate, and in the best interests of Class Members.  In making these determinations, Class Counsel and Plaintiffs have not relied and do not rely on any assurance of Defendant or Counsel for Defendant that is not expressly stated herein.  Defendant and Defendant's counsel also agree the settlement as stated in this Settlement Agreement is reasonable and fair.

C.      Farmland has asserted defenses to the claims alleged in this case and expressly denied each of the claims asserted against it and any and all liability arising out of the conduct alleged against Defendant.  Among other things, Farmland contends that, even if the activities at

issue were deemed compensable under applicable law, it has already adequately compensated the Class Members for those activities.  Plaintiffs dispute Defendant's contentions.

       D.     Nothing contained herein, nor the consummation of this Settlement Agreement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant or any Released Party.  Each of the Parties has entered into this Settlement Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.  In particular, and without limiting the generality of the foregoing, nothing in this settlement shall be offered or construed as an admission of liability, wrongdoing, impropriety, responsibility or fault whatsoever by Defendant or Released Parties, who expressly deny any liability, wrongdoing, impropriety, responsibility or fault whatsoever.

       E.     For purposes of settling this lawsuit, the Parties stipulate and agree that the requisites for establishing FLSA collective action certification with respect to the Class Members as defined herein have been and are met.  The Parties agree that this limited stipulation is for settlement purposes only and will not be offered or deemed admissible for any other purpose in this or any other proceeding.  It is the position of Farmland that if the Collective Action were to be further litigated, despite the Court's refusal to decertify the class, collective action treatment would be inappropriate, because of, among other things, manageability problems, and that it would prevail on the merits.

       F.     The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, execution of such documents and to take such other action as may be reasonably necessary to implement the terms of this Settlement Agreement. The Parties to this Settlement Agreement shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement Agreement on the terms set forth herein.  As soon as practicable after execution of this Settlement Agreement, and as further provided herein, Class Counsel shall, with the assistance and cooperation of Defendant and its counsel, take all necessary steps to secure the Court's approval of this Settlement Agreement and to dismiss the Collective Action with prejudice upon complete performance of the terms and conditions of the Settlement as approved by the Court.

## IV.   <u>RELEASES</u>

       A.     <u>Release by Named Plaintiffs and Eligible Class Members</u>.  Subject to the approval of the Court, in consideration of the benefits inuring to the Parties hereto, upon entry of the Final Approval Order, the Eligible Class Members, including the Named Plaintiffs, shall be deemed to have released and forever discharged the Released Parties from any and all Claims Released, that could have been brought in this collective action based on the factual allegations in the original and amended complaints, whether known or unknown, up to the Effective Date. "Claims Released" include, without limitation, any and all claims, debts, penalties, liabilities, demands, obligations, guarantees, damages, action or causes of action of whatever kind or nature, whether known or unknown, that were alleged or that reasonably arise out of the acts alleged in the Collective Action, which includes all claims for time worked but not recorded

as worked ("off-the-clock" claims) for wages, and including associated liquidated damages, interest, and penalty claims that were asserted or could have been asserted in this lawsuit under state or federal law between the date three years before the original filing date of the Collective Action, until the Effective Date. This release includes all off-the-clock FLSA claims plus all off-the-clock claims under state minimum wage laws, state wage payment and collection laws, state overtime statutes, state common law and unjust enrichment, and pursuant to wage contract claims. Such off-the-clock claims include any claims derivative of wage claims being released, for the period through the Effective Date of Settlement. Class Members do not agree to release any claim covered by Workers' Compensation law. Named Plaintiffs' and Eligible Class Members' claims for costs, expenses, and attorneys' fees shall be released when the Court issues its order on Class Counsel's petition for attorneys' fees and costs, and (i) the date when the time for appeal of that decision has expired; or (ii) any appeal has been resolved.

B.     Release Language on Settlement Checks. The Claims Administrator shall include the following release language, in English and Spanish, on the back of each settlement check:

> My signature on, deposit or cashing of this check constitutes my release of Farmland Foods, Inc. and all Released Parties as provided in the Settlement Agreement and Release approved by the Court in *Maria Guzman Morales and Mauricio R. Guajardo, et al. v. Farmland Foods, Inc.*, No. 8:08-cv-504 (D. Neb.).

C.     No Release for Class Members Who are not Eligible Class Members.    The Parties agree that the foregoing Section VI.A. shall not apply to Class Members who are not Eligible Class Members, either because they (i) opt out of the Settlement Agreement and are dismissed without prejudice as provided in Section VI.B.9 below, or (ii) are excluded from the Settlement Agreement and dismissed without prejudice as provided in Section VI.D.2 below.

## V.     JOINT MOTION FOR PRELIMINARY APPROVAL

A.     Joint Motion for Preliminary Approval. On or before March 16, 2012, the Parties will file a Joint Motion for Preliminary Approval with the Court to request approval of this Settlement Agreement and all supporting exhibits. The Settlement Agreement shall set forth the terms of this settlement and will include proposed forms of all notices and other documents as attached hereto necessary to implement the Settlement Agreement. The Parties will appear for a hearing if the Court so orders.

B.     Requested Order. Solely for purposes of this Settlement Agreement, the Parties will request in the Joint Motion that the Court enter a Preliminary Approval Order, substantially in the form attached as Exhibit B:

1.     Preliminarily approving the settlement;
2.     Scheduling a briefing schedule for Class Counsel's Motion for Attorneys' Fees and Costs, provided that Farmland's response to Class Counsel's Motion for Attorneys' Fees and Costs shall be due thirty (30) days after the later of the date of filing of Class Counsel's

Motion and all supporting materials or the Effective Date, and Class Counsel shall have thirty (30) days to file their reply;

      3.     Scheduling a Final Fairness Hearing;

      4.     Approving as to form and content the proposed Class Notice and Claim Form;

      5.     Directing the mailing of the Class Notice and Claim Form by first class mail to the Class Members by the Claims Administrator; and

      6.     Setting a deadline for Final Approval and the Dismissal With Prejudice of the Collective Action.

## VI.   CLASS NOTICE, CLAIMS PROCESS, AND FINAL FAIRNESS HEARING

      A.    <u>Procedures</u>.  As part of this Settlement Agreement, the Parties agree to the following procedures for notifying the Class Members, requesting final Court approval of the Settlement Agreement, and processing the Settlement Awards.

      B.    <u>Class Notice and Claim Form</u>.  Notice of the settlement shall be provided to the Class Members, along with a Claim Form.  With respect to those Class Members who are subject to the Court's Order of December 29, 2011 [Doc. No. 404] (the "Bankruptcy Order"), if as of the date of Preliminary Approval such Class Member has not yet filed with the Court a notice of abandonment in compliance with the Bankruptcy Order, the Class Notice and Claim Form shall be provided both to those Class Members and their respective Bankruptcy Trustees.  Class Counsel will furnish the last known names and addresses of the respective Bankruptcy Trustees to the Claims Administrator for that purpose not less than ten (10) business days before the deadline for mailing the Class Notice. The Parties agree that the following proposed procedures for notice provide the best practicable notice to the Class Members:

      1.     The Claims Administrator shall be responsible for preparing, printing and mailing to all Class Members the Class Notice and Claim Form, attached hereto as Exhibit C, as directed and approved by the Court.  Each Class Member's Class Notice shall state the Claims Administrator's good-faith estimate of the number of weeks during the Class Period that the Class Member is entitled to damages under this Settlement Agreement, based upon the Tenure Dates as shown in Exhibit A, as updated based on the personnel files and payroll records of Defendant as to Class Members for the period from December 31, 2011, through the date of submission of the Joint Motion for Preliminary Approval as described above.  This good-faith estimate shall be subject to revision to the extent that any Class Members work additional weeks between December 31, 2011 and the date on which the Court enters the Preliminary Approval Order.

      2.     Five (5) business days after entry of the Preliminary Approval Order, Defendant shall provide to the Claims Administrator an Excel spreadsheet identifying the Class Members by name and including their last known address, last known telephone number, and social security number, as well as the payroll records for such person necessary to calculate each Class Members' Settlement Shares under this Settlement Agreement. Exhibit A, which is based on Defendant's human resource records, states the dates and number of weeks of service for which each Class Member shall be deemed eligible for credit in determining his or her *pro rata*

share of the Maximum Settlement Amount, subject only to the addition of any weeks actually worked by a Class Member between December 31, 2011 and the date on which the Court enters the Preliminary Approval Order.

       3.     Ten (10) business days after entry of the Preliminary Approval Order, the Claims Administrator shall send a copy of the Class Notice and Claim Form substantially in the form attached hereto as Exhibit C and as approved by the Court to all Class Members, via first-class mail, postage prepaid, using the most current mailing address information available as set forth above.  In order to provide the best notice practicable, the Claims Administrator will run the class list through the United States Postal Service's National Change of Address database ("NCOA").

       4.     Any Class Notice and Claim Form returned to the Claims Administrator before expiration of the Objection and Opt-Out Period as non-delivered shall be sent to the forwarding address affixed thereto.  If no forwarding address is provided for a Class Notice and Claim Form that is returned before expiration of the Objection and Opt-Out Period as non-delivered, the Claims Administrator shall perform a standard skip trace to attempt to determine the most current mailing address, and shall resend the Class Notice to that address.

       5.     The objection and opt-out deadlines below shall not be extended *pro rata* for Class Members whose original notices are re-mailed pursuant to the previous paragraph.

       6.     In addition to the notice procedures set forth above, Defendant may, in its sole discretion, also provide notice of the settlement to, and communicate about the settlement with, any or all of its current employees.

       7.     All Settlement Award determinations shall be based on personnel files and payroll records for Class Members that Defendant will make available as needed to the Claims Administrator.  There is a rebuttable presumption that Defendant's personnel files and payroll records are correct, but the Class Members will have the opportunity, should they disagree with Defendant's records, to provide documentation and/or an explanation to show a contrary number of weeks worked.  Each Class Notice will contain a statement identifying the number of weeks worked by the Class Member.  If there is a dispute or contrary evidence, the Claims Administrator shall evaluate and make a determination based on all the information provided. Prior to accepting or rejecting a Class Member's documentation or explanation of disagreement, the Claims Administrator shall provide written notice of the issue to Class Counsel and Defendant's Counsel within five (5) business days of the Claims Administrator receiving notice of the disagreement and allow five (5) business days for counsel to propose an amicable resolution of the issue through meet and confer.  The Claims Administrator's decision regarding the number of weeks worked will be final.  The Claims Administrator will notify the Class Member, Class Counsel and Defendant's Counsel by mail (or email to counsel) of its decision within five (5) business days of the meet and confer meeting set forth in this subparagraph.  If the Claims Administrator determines that the Class Member's estimate of weeks worked is correct, that change will be reflected in the Class Member's Settlement Award.

8.    Deadline for Submission of Claim Form. Class Members shall have 60 days from the date of mailing of the Class Notice and Claim Form to execute the Claim Form and submit it to the Claims Administrator. Only those Class Members who timely submit the executed Claim Form shall be Eligible Class Members. In order to be considered, the Claim Form must actually be received by the Claims Administrator on or before the sixtieth (60th) day following the date of mailing of the Class Notice and Claim Form.

9.    Requests for Exclusion.   The Class Notice shall provide that Class Members who wish to exclude themselves from the settlement must submit a written statement to the Claims Administrator requesting exclusion from the settlement ("opt-out"), on or before the date forty-five (45) days after the mailing of the Class Notice and Claim Forms.  Such written request for exclusion must contain the name, address and telephone number of the person requesting exclusion and the dates of his or her employment by Defendant.  The opt-out request must expressly request that Class Counsel file in the Collective Action a stipulation of dismissal without prejudice of the Class Member's claims in the Collective Action.   The opt-out request must be personally signed by the Class Member who seeks to opt out.  No opt-out request may be made on behalf of a group of Settlement Class Members. In order to be considered, the Claim Form must actually be received by the Claims Administrator on or before the forty-fifth (45th) day following the date of mailing of the Class Notice and Claim Form.  Any Settlement Class Member who requests exclusion (opts out) of the settlement shall not be an Eligible Class Member, shall not be entitled to any Settlement Award and shall not be bound by the Settlement Agreement or have any right to object, appeal or comment thereon.  Farmland shall have no obligation to pay any *pro rata* portions of the Maximum or Net Settlement Amount that would otherwise be allocable to any Class Member who opts out of the Settlement Agreement as provided herein, said amounts to be excluded as part of the calculation of the Total Settlement Amount payable to Eligible Class Members as described in Section VII below.   Upon the conclusion of the opt-out period, and in accordance with the express wishes of any person who excludes themselves from this action as set forth above, Class Counsel will execute and, after obtaining the signature of Farmland's consent thereon in accordance with Rule 41, Fed.R.Civ.P, (which shall be furnished upon reasonable notice), file a Stipulation of Dismissal Without Prejudice of all persons who opt out pursuant to this provision, dismissing such Class Members, at the same time the Parties file the Motion for Final Approval and for Dismissal of the Collective Action With Prejudice described in paragraph VI.E below.

10.    Objections.  The Class Notice shall provide that those Class Members who wish to object to the settlement must submit a written statement of objection to the Claims Administrator on or before the date forty-five (45) days after the mailing of the Class Notice and Claim Form, including their name, address and telephone number.  In order to be considered, the objection must actually be received by the Claims Administrator on or before the forty-fifth (45th) day following the date of mailing of the Class Notice and Claim Form.  The Notice of Objection must state the basis for the objection.  Members of the Settlement Class who fail to make objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement Agreement.

C.     Interim Report by the Claims Administrator.  No later than ten (10) business days following the expiration of the sixty day period following the mailing of the Class Notice and Claim Form, the Claims Administrator shall provide counsel for the Parties with a declaration setting forth: (a) due diligence and proof of mailing of the Class Notice and Claim Form; (b) the names and total number of Class Members who submitted timely Claim Forms, (c) the names and total number of Class Members who submitted timely objections to the settlement, (d) the names and total number of Class Members who opted out of the settlement as provided herein, and (e) the complete copies of all Claim Forms, Notices of Objection and Opt-Out Notices received.

D.     Farmland's Right to Void Settlement Agreement and Farmland's Alternative Options.  Fifteen (15) business days after Farmland receives from the Claims Administrator the Interim Report described above, Farmland shall have the right to elect among the options described in this paragraph D:

1.     If a combined total of more than five percent (5%) of the Class Members either opt out of the settlement or fail to submit claims, then Farmland shall have the option to void this Settlement Agreement.  Farmland may exercise that option only by providing written notice to Class Counsel and the Court.  Upon such notice, this Settlement Agreement shall be void and of no force and effect.

2.     Alternatively, separately as to each individual Class Member who does not opt out but who fails to submit a claim, Farmland shall have the option to determine in its sole discretion whether that Class Member will be dismissed without prejudice and excluded from the Settlement Agreement, in the Final Order Approving the Settlement Agreement as specified in Section VI.E below.  Within the fifteen (15) business day period stated in this paragraph D, counsel for Farmland will prepare and provide to Class Counsel one or more lists identifying each Class Member Farmland elects to have excluded and dismissed without prejudice under this option.  Class Counsel and Farmland will file said list(s) as part of the Joint Motion for Final Approval and for Dismissal of the Collective Action With Prejudice described in paragraph VI.E below.  In its sole discretion, Farmland may provide within said period separate lists for such Class Members or may combine one or more such Class Members on a single list.  Any Class Member whom Farmland elects to have  dismissed without prejudice pursuant to this provision shall not be an Eligible Class Member, shall not be entitled to any Settlement Award, and shall not be bound by the Settlement Agreement or have any right to object, appeal or comment thereon. Farmland shall have no obligation to pay any *pro rata* portions of the Maximum or Net Settlement Amount that would otherwise be allocable to any Class Member who is dismissed without prejudice as provided herein, said amounts to be excluded as part of the calculation of the Total Settlement Amount payable to Eligible Class Members as described in Section VII below.

3.     For the avoidance of doubt, the calculation of said percentage shall be based on the total number of persons listed on the attached Exhibit A; there are 247 persons so listed, and five percent (5%) thereof shall be deemed to be twelve (12) persons.

4.     Farmland shall also have the right to void this Settlement Agreement as provided in Section VI.G below.

10

      E.    <u>Joint Motion for Final Approval, for Dismissal of the Collective Action With Prejudice, and for Dismissal of Certain Class Members Without Prejudice.</u>  Within ten (10) business days after the expiration of the time period for Farmland to exercise its options as specified in paragraph D above, the Parties shall submit a Joint Motion for Final Approval of the Settlement, for Dismissal With Prejudice of the Collective Action, and for Dismissal Without Prejudice of (1) all Class Members who have opted out in compliance with Section VI.B.9, and (2) all Class Members who have been designated by Farmland for dismissal without prejudice as provided in Section VI.D.2.  Said Motion will specify the mutually-agreed *cy pres* recipient for funds from uncashed checks for purposes of Section VII.A.9 below; if the Parties cannot agree on a *cy pres* recipient, then each side will propose a *cy pres* recipient and the Court will select the *cy pres* recipient from the two proposed entities proposed by the respective Parties.  The Parties will apply for an Order finally approving the Settlement, dismissing the Collective Action with prejudice and permanently barring all Eligible Class Members from prosecuting against Defendant or any Released Party any Released Claims.

      F.    <u>Submission of any Objections and Opt-Out Notices.</u>  All Notices of Objection and Opt-Out Notices shall be submitted to the Court with the Joint Motion for Final Approval of the Settlement.  If any Class Member has timely mailed an objection as provided herein, then said objection will be submitted to the Court for determination.  Class Counsel and the Named Plaintiffs will take all lawful actions to uphold and implement the Settlement Agreement and Release.

      G.    <u>Potential Voiding Of The Settlement Agreement.</u> A failure of the Court (1) to approve any term of this Settlement Agreement, (2) to grant the Joint Motion for Final Approval of the Settlement, for Dismissal With Prejudice of the Collective Action, and for Dismissal Without Prejudice of (a) all Class Members who have opted out in compliance with Section VI.B.9, and (b) all Class Members who have been designated by Farmland for dismissal without prejudice as provided in Section VI.D.2, or (3) to dismiss this action with prejudice and simultaneously to dismiss without prejudice those Class Members identified for dismissal without prejudice pursuant to Sections VI.B.9 and VI.D.2, all prior to any obligation by Farmland under this Settlement Agreement to pay or deliver any funds to the Claims Administrator, the Named Plaintiffs, the Class Members, or Class Counsel, shall render the entire Settlement Agreement voidable as to all Parties at the option of the party adversely affected thereby.  However, neither party may void the Settlement Agreement, and the Settlement Agreement shall not be unenforceable, based on the Court's approval or non-approval of the amount of attorneys' fees and costs or determination of Service Awards or the Court's refusal to approve the Parties' request that Benny Kilson's, Ofelia Perez's, Leonardo Gomez Nava's and Ahren Ambrose's Opt-In Consent Forms be accepted for late filing thereby allowing them to participate in this settlement in accordance with Section I.3 above.

      H.    <u>All Eligible Class Members Bound.</u>  All Eligible Class Members will be bound by the final approval order and the dismissal with prejudice set forth in this Agreement.  All other Class Members, to wit, all Class Members who opt out in accordance with Section VI.B.9 above, or who are excluded in accordance with Section VI.D.2 above, shall have their claims dismissed without prejudice as provided above.

**VII.**   **SETTLEMENT FUNDS AND SETTLEMENT AWARD CALCULATION**

     A.     Calculation and Distribution of Settlement Awards.

          1.     Calculation of Claimed Settlement Awards to Eligible Class Members. Within five (5) business days following the Effective Date, the Claims Administrator shall calculate and report to Class Counsel and Counsel for Defendant the amount of the Settlement Awards for each Eligible Class Member.  "Eligible Class Member" excludes (i) any Class Members who have opted out; and (ii) any Class Members who have not timely submitted a claim form and whom Farmland has elected to have dismissed without prejudice pursuant to Section VI.D.2 above.

          a.     Solely for purposes of effectuating this Settlement Agreement and in exchange for the release of the Released Claims, the Eligible Class Members shall be paid a Settlement Award from the Net Settlement Amount.  The Claims Administrator, subject to Court approval, shall be responsible for receiving and reviewing the Claim Forms submitted by members of the Settlement Class and for determining the amount of the Settlement Awards to be paid to Eligible Class Members.  The Claims Administrator will receive or have access to personnel files and payroll records from Defendant that will permit it to verify each Eligible Class Member's Settlement Award as follows:

          i.     The Claims Administrator must first determine the total number of weeks that each Class Member worked at Farmland's Crete, Nebraska facility during the period beginning three years before he or she filed his or her consent to join the Collective Action, to the date the Court enters a Preliminary Approval Order.  Each of these weeks will be treated as a "Week" for purposes of calculating the Settlement Award.

          ii.     Each Week shall equal one Settlement Share.

          iii.     The Claims Administrator must also determine the Net Settlement Amount, by subtracting from the Maximum Settlement Amount the total of all Service Awards in the amounts approved by the Court.

          iv.     The total number of Settlement Shares for all Class Members (as shown in Exhibit A) will be added together and the resulting sum will be divided into the Net Settlement Amount to reach a Per Share Dollar Amount.

          v.     The Claims Administrator will calculate the Settlement Award for each Eligible Class Member by multiplying his or her total individual Settlement Shares by the Per Share Dollar Amount.

     b.   At the conclusion of the five (5) business day period defined above, the Claims Administrator will provide to Class Counsel and Counsel for Defendant a list showing (1) the individual Settlement Award for each Eligible Class Member; (2) the employer's share of FICA and FUTA for each Eligible Class Member; (3) the total of all of the Settlement Awards for all Eligible Class Members ("Total Settlement Award"); and the total of the employer's share of FICA and FUTA for all Eligible Class Members.

     2.   <u>Deposit</u>.  Within ten (10) business days after the Claims Administrator provides to Class Counsel and Counsel for Defendant the list showing (1) the individual Settlement Award for each Eligible Class Member, and (2) the total of all of the Settlement Awards for all Eligible Class Members ("Total Settlement Award"), Defendant shall deliver to the Claims Administrator the Total Settlement Award and the employer's share of FICA and FUTA for all Eligible Class Members as determined above, as well as any amounts owed for Service Awards as approved by the Court, subject to any outstanding garnishment, qualified domestic relations order, or other applicable process of law consistent with any applicable federal, state, and local laws and garnishment proceedings.  Upon receipt by the Claims Administrator, the Total Settlement Award shall be transferred immediately into a Qualified Settlement Fund pursuant to the Internal Revenue Code § 1.468B-1.  Also within five (5) business days after the Effective Date, Defendant shall execute an election statement provided by the Claims Administrator which shall be affixed to the initial tax return of the Qualified Settlement Fund in order to establish the start date of the Qualified Settlement Fund.  No party shall have any further obligation or liability for any payment under this Agreement to Named Plaintiffs, the Class Members, or Class Counsel (except for such amounts to be paid to Class Counsel for attorneys' fees and reimbursement of expenses as determined by the Court, subject to Section I.X, below).

     3.   <u>Disbursement by Claims Administrator</u>.  All disbursements to Eligible Class Members shall be made from the Qualified Settlement Fund account.  The Claims Administrator shall be the only entity authorized to make withdrawals or payments from the Qualified Settlement Fund Account.  In the event an appeal is filed by an objector, the Claims Administrator shall maintain the Qualified Settlement Fund account for the benefit of the Class Members pending the outcome of the appeal.  In the event that this Settlement Agreement is modified or reversed on appeal, the Claims Administrator shall have the obligation to return the entire Qualified Settlement Fund to Defendant at Defendant's election.

     4.   <u>Interest</u>.  The funds deposited by Defendant with the Claims Administrator will be placed in a non-interest-bearing account and no interest will accrue.

     5.   <u>Allocation between Back Wages and Liquidated Damages.</u> The Parties agree that fifty percent (50%) of the portion of each Settlement Award shall be treated as back wages paid by Defendant to each Class Member and that fifty percent (50%) shall be treated as liquidated damages.  Accordingly, on each Settlement Award, the Claims Administrator shall effectuate federal and applicable state income and employment tax withholding as required by law with respect to the back wage portion of each Settlement Award distributed, and Defendant shall pay the employer's share of all required FICA and FUTA taxes on such amounts.  Amounts

withheld will be remitted by the Claims Administrator from the Qualified Settlement Fund to the appropriate governmental authorities. To the extent an Eligible Class Member does not cash the check for his or her Settlement Award within one year from the date of issuance and the check is cancelled pursuant to subparagraph 9 herein, the Claims Administrator will promptly seek a refund of the taxes previously deposited into the Qualified Settlement Fund by Defendant with respect to that particular Settlement Award, shall use reasonable diligence in pursuing and obtaining such a refund from the relevant tax authority, and shall refund those amounts to Defendant within ten (10) business days after it obtains said refund . The liquidated damages portion of each such Settlement Award shall be treated by all Parties and the Claims Administrator as non-wage penalties, to be reported to the Class Member on an IRS Form 1099, and shall not be subject to FICA and FUTA withholding taxes. Defendant shall cooperate with the Claims Administrator to provide payroll tax information to the Claims Administrator as shall be necessary to accomplish the income and employment tax withholding on the wage portion of each Settlement Award and the Form 1099 reporting for the non-wage portion of each Settlement Award.

6.      With regards to Service Awards for the Named Plaintiffs and the ten (10) Class Members who gave depositions as provided in Section I.Q above, the Qualified Settlement Fund shall issue a Form 1099 for these payments.

7.      Deadline for Payment. Settlement Awards and Service Awards shall be paid to Eligible Class Members by the Claims Administrator no later than thirty (30) days after the Effective Date.

8.      Bankruptcy Plaintiffs.  With respect to each Eligible Class Member subject to the Bankruptcy Order, if such Eligible Class Member has filed with the Court a notice of abandonment in compliance with the Bankruptcy Order, the check shall be made payable solely to such Eligible Class Member.  If no such notice of abandonment has been filed, the check shall be made payable jointly to the Eligible Class Member and his or her Bankruptcy Trustee.

9.      Deadline to Cash Checks. All checks for Settlement Awards shall remain valid and negotiable for one year from the date of their issuance and shall thereafter automatically be cancelled if not cashed by the Eligible Class Member within that time, at which time the Eligible Class Member's right to recover any Settlement Award will be deemed void and of no further force and effect. The Claims Administrator will include with the checks a letter in English and Spanish stating that the check must be cashed or deposited within one year or it will be cancelled.  All funds from checks not cashed will revert to a *cy pres* recipient agreed to by the Parties or selected by the Court as provided in Section VI.E., above.

10.      Aggregate Service Awards and Settlement Awards To Class Members Shall Not Exceed The Maximum Settlement Amount. The aggregate amount of the Service Awards and Settlement Awards to Class Members shall not under any circumstances exceed the Maximum Settlement Amount.  Defendant shall have no obligation to pay any amounts to Class Members in excess of his or her *pro rata* share of the Maximum Settlement Amount as

calculated in accordance with this Settlement Agreement, plus any Service Award determined as provided herein.

        11.    <u>No Claim Based Upon Distributions or Payments in Accordance with this Settlement Agreement</u>.  No person shall have any claim against Defendant or any of the Released Parties, the Named Plaintiffs, the Settlement Class Members, Class Counsel, or the Claims Administrator based on distributions or payments made in accordance with this Settlement Agreement.  Notwithstanding this provision, any payments hereunder are subject to garnishment, qualified domestic relations order, or other applicable process of law consistent with any applicable federal, state, and local laws and garnishment proceedings, and payment of any amounts due hereunder in response to garnishment or other lawful process shall be deemed payments to or for the respective Eligible Class Member.

## VIII.   **DISPUTE RESOLUTION**

    A.    Except as otherwise set forth herein, all disputes concerning the interpretation, calculation or payment of settlement claims, or other disputes regarding compliance with this Settlement Agreement shall be resolved as follows:

        1.    If the Named Plaintiffs or Class Counsel, on behalf of the Named Plaintiffs or any Settlement Class Member, or Defendant at any time believes that the other party has breached or acted contrary to the Settlement Agreement, that party shall notify the other party in writing of the alleged violation.

        2.    Upon receiving notice of the alleged violation or dispute, the responding party shall have ten (10) business days to correct the alleged violation and/or respond to the initiating party with the reasons why the party disputes all or part of the allegation.

        3.    If the response does not address the alleged violation to the initiating party's satisfaction, the Parties shall negotiate in good faith for up to ten (10) business days to resolve their differences.

        4.    If the Parties are unable to resolve their differences after twenty (20) business days, either party may file an appropriate motion for enforcement with the Court.

## IX.   **ATTORNEYS' FEES AND EXPENSES OF CLASS COUNSEL**

    A.    It is expressly agreed that this Settlement Agreement does not address or resolve any issues as to any Plaintiffs' or Class Counsel's claims for an award of attorneys' fees or reimbursement of expenses as a prevailing party pursuant to the Fair Labor Standards Act, and the Parties expressly agree that the Court will decide this issue upon a litigated Motion for Attorneys' Fees and Expenses, to be filed by Class Counsel as provided for herein.

    B.    All issues as to any claims for attorneys' fees or expenses of Class Counsel shall be submitted to the Court for decision after the Effective Date.  All Parties reserve their respective rights on all such issues.

C.     This Settlement Agreement is without prejudice to the rights of the Parties to separately negotiate and enter into, if they mutually so agree, a resolution of all issues as to any claims for an award of attorneys' fees and expenses, subject to Court approval.

## X.    MISCELLANEOUS

A.     <u>Fees and Costs of Claims Administrator</u>.  The Parties agree that in addition to the Maximum Settlement Amount, Defendant will be responsible for paying the Claims Administrator's fees and costs, except as expressly provided above.  Such fees and costs are in addition to and will not be taken out of the Maximum Settlement Amount.

B.     <u>Impact of Appellate Review</u>.  In the event an appeal is filed from any of the Court's Orders, or any other appellate review is sought prior to the Effective Date, administration of the settlement shall be stayed pending final resolution of the appeal or other appellate review, except that the Claims Administrator will be paid by Defendant for its costs through the date it is notified that the settlement has been stayed by appellate review.

C.     <u>Various Proceedings Stayed</u>.  The Parties agree to hold, and to jointly move the Court as part of the Joint Motion for Preliminary Approval, to hold all proceedings in the Collective Action, except such proceedings as may be necessary to implement and complete the Settlement Agreement, in abeyance pending the ruling by the Court on final approval of this Settlement Agreement.

D.     <u>Use of Defendant's Data and Documents</u>.  The Named Plaintiffs and Class Counsel agree that none of the documents provided to them by Defendant shall be used for any purpose other than the settlement of this Collective Action.  Should Named Plaintiffs or Class Counsel have any originals or copies of documents of Defendant in any format, Named Plaintiffs and Class Counsel agree to destroy or return such originals and copies of documents within ten (10) days after the Effective Date.

E.     <u>Defense Fees and Costs</u>.  All of Defendant's own attorneys' fees and legal costs and expenses incurred in the Collective Action shall be borne by Defendant from Defendant's separate funds and not from the Maximum Settlement Amount.

F.     <u>Schedule of Deadlines</u>.  The Named Plaintiffs and Defendant agree that the deadlines contained in this Settlement Agreement shall govern implementation of the Settlement Agreement, and that the dates set forth in the Settlement Agreement shall only be continued based on (i) the mutual consent of counsel for the Parties, (ii) delays due to the Court's schedule, or (iii) by Order of the Court.

G.     <u>Authorization to Execute Agreement and Effectuate Settlement and Agreement to Cooperate</u>.  Counsel for all Parties warrant and represent that they are expressly authorized by the Parties whom they represent to negotiate and execute this Settlement Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Settlement Agreement to effectuate the terms hereof, and to execute any other documents

required to effectuate the terms of this Settlement Agreement.  Class Counsel expressly represent that they have such authority on behalf of only the Named Plaintiffs, which is the reason for the notice process to Class Members set forth in this Settlement Agreement.  The Parties and their respective counsel will cooperate with each other and take all lawful action to effect the implementation of the Settlement Agreement strictly according to its terms.  In the event the Parties are unable to reach agreement on the form or content of any documents needed to implement the Settlement Agreement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement Agreement, the Parties may seek the assistance of the Court to resolve such disagreement so as to enforce the Settlement Agreement strictly according to its terms.

H.  <u>Binding Scope; No Prior Assignment</u>.  This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators and successors. The Parties hereto represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released an discharged except as set forth herein.

I.  <u>Governing Law</u>.  All terms of this Settlement Agreement and the Exhibits hereto shall be governed by and interpreted according to the laws of the State of Nebraska and the United States of America, where applicable.

J.  <u>Counterparts</u>.  This Settlement Agreement may be executed in one or more counterparts and by facsimile or email.  All executed copies of this Settlement Agreement, and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

K.  <u>Exhibits</u>.  The terms of this Settlement Agreement include the terms set forth in the attached Exhibits, which are incorporated by this reference as though fully set forth herein. The Exhibits to this Settlement Agreement are an integral part of the Settlement Agreement. Unless specifically provided otherwise in the Exhibits to this Settlement Agreement, in the event of any conflict between the Settlement Agreement and the Exhibits, the terms of the Settlement Agreement shall control.

L.  <u>Construction</u>.  The Parties believe the terms of the settlement as set forth in this Settlement Agreement are a fair, adequate and reasonable settlement of this Collective Action and have arrived at this Settlement Agreement in arms-length negotiations, taking into account all relevant factors.  This Settlement Agreement has been drafted jointly by counsel for the Parties.  Hence, in any construction or interpretation of this Settlement Agreement, the same shall not be construed against any of the Parties.

M.  <u>Retention of Jurisdiction</u>.  The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing

the settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

N.    No Signature Required by Class Members on Settlement Agreement.  Because the Class Members are so numerous, and because this Settlement Agreement must be approved by the Court, and because Class Members will receive notice of this Settlement and the opportunity to object and opt-out, it is impossible or impractical to have each one execute this Settlement Agreement.  The Court-approved Class Notice and Claim Form and accompanying Exhibits will advise all Class Members of the binding nature of the release and such shall have the same force and effect as if this Settlement Agreement were executed by each Named Plaintiff and each other Class Member.

O.     Notices.  Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder by any party to this Settlement Agreement shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by first class or certified mail, or overnight carrier, return receipt requested, addressed as shown in the respective signature section at the end of this Settlement Agreement.

P.    Recitals; Titles and Captions of No Force.    The terms of this Settlement Agreement include the Recitals and Definitions.  Paragraph titles or captions contained herein are inserted as a matter of convenience and for a reference, and in no way define, limit, extend, or describe the scope of this Settlement Agreement or any of its provisions.  Each term of this Settlement Agreement is contractual and not merely a recital.

Q.    Mutual Full Cooperation.  The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, executing such documents and taking such other action as may reasonably be necessary to implement the terms of this Settlement Agreement, and taking all lawful steps to defend and uphold the Settlement Agreement and Release.

R.    Invalid Without Court Approval.    This Settlement Agreement is subject to approval by the Court.  In the event it is not approved, it shall be deemed null and void, of no force and effect, and of no probative value, and the Parties hereto represent, warrant, and covenant that it will not be used or referred to for any purpose whatsoever.  In the event the Court does not approve the settlement, the Parties shall return to their respective positions immediately prior to the execution of this Agreement.

S.    No Publicity. Each of the Named Plaintiffs, Class Counsel, Defendant and its Counsel agree to limit any media comments or publications to matters derived from or contained in the Settlement Agreement or documents filed of record in this case.  Defendant or any parent or affiliate may report or describe this Settlement Agreement to the extent necessary or appropriate in the course of public reporting under any regulatory provisions applicable to any of them.

T.    Modification.  This Settlement Agreement may not be changed, altered, or modified except in writing and signed by the Parties hereto which refers expressly to this Settlement Agreement, and approved by the Court. This Settlement Agreement may not be discharged except by

performance in accordance with its terms or by a writing signed by the Parties hereto which refers expressly to this Settlement Agreement.

U.    **Integration Clause.** This Settlement Agreement constitutes the entire agreement between the Parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, agreed to by the Parties in this matter, are merged herein. No rights hereunder may be waived except in a writing signed by the Parties hereto, which refers expressly to this Settlement Agreement.

IN WITNESS WHEREOF, the undersigned have duly executed this Settlement Agreement as of this 16th day of March, 2012:

On Behalf of Named Plaintiffs

Shanon J. Carson
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, Pennsylvania 19103
Tel: (215) 875-4656
Fax: (215) 875-4604
scarson@bm.net

Philip A. Downey
P.O. Box 736
Unionville, Pennsylvania 19375
Tel: (610) 324-2848
Fax: (610) 347-1073
downeyjustice@gmail.com

Todd M. Schneider
Carolyn H. Cottrell
SCHNEIDER WALLACE
COTTRELL BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Tel: (415) 421-7100
Fax: (415) 421-7105
tschneider@schneiderwallace.com
ccottrell@schneiderwallace.com

On Behalf of Farmland Foods, Inc.

Name: MIKE BROWN
Title: PRESIDENT & COO

19

performance in accordance with its terms or by a writing signed by the Parties hereto which refers expressly to this Settlement Agreement.

U.     Integration Clause. This Settlement Agreement constitutes the entire agreement between the Parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, agreed to by the Parties in this matter, are merged herein.  No rights hereunder may be waived except in a writing signed by the Parties hereto, which refers expressly to this Settlement Agreement.

IN  WITNESS  WHEREOF,  the  undersigned  have  duly  executed  this  Settlement Agreement as of this _____ day of March, 2012:

On Behalf of Named Plaintiffs

_____
Shanon J. Carson
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, Pennsylvania  19103
Tel: (215) 875-4656
Fax: (215) 875-4604
scarson@bm.net

Philip A. Downey
P.O. Box 736
Unionville, Pennsylvania  19375
Tel: (610) 324-2848
Fax: (610) 347-1073
downeyjustice@gmail.com

_____
Todd M. Schneider
Carolyn H. Cottrell
SCHNEIDER WALLACE
COTTRELL BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, California  94104
Tel: (415) 421-7100
Fax: (415) 421-7105
tschneider@schneiderwallace.com
ccottrell@schneiderwallace.com

On Behalf of Farmland Foods, Inc.

_____
Name: _____
Title: _____

19

L. Dale Owens
JACKSON LEWIS LLP
1155 Peachtree Street, Suite 1000
Atlanta, Georgia  30309
Tel: (404) 525-8200
Fax: (404) 525-1173
owensd@jacksonlewis.com

Kenneth M. Wentz III (NE # 23580)
JACKSON LEWIS LLP
10050 Regency Circle, Suite 400
Omaha, Nebraska 68114
Tel: (402) 391-1991
Fax: (402) 391-7363
wentzk@jacksonlewis.com

Steven D. Davidson, Esq. (NE # 18684)
Allison D. Balus, Esq. (NE # 23270)
BAIRD HOLM, LLP
1500 Woodmen Tower
1700 Farnam Street
Omaha, Nebraska 68102-2068
Tel: (402) 636-8254
Fax: (402) 344-0588
sdavidson@bairdholm.com
abalus@bairdholm.com

Attorneys for Defendant Farmland Foods, Inc.

4849-7217-2815, v. 1-6817-1279, v. 1-7083-7263, v. 1

# EXHIBIT A

| # | Employee # | Employee Name | Hire Date | Employment End Date | Consent Filing Date | Opt-in ECF Doc Number | Claim Period Start Date | Claim Period End Date | Claim Weeks from Employment Period |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 208096 | Abdallah Muzin M | 10/25/2006 | 3/15/2007 | 12/4/2009 | Doc 94-1 | 12/4/2006 | 3/15/2007 | 14 |
| 2 | 201228 | Acosta Guadalupe | 10/15/2003 | 6/30/2006 | 12/4/2009 | Doc 94-1 | 12/4/2006 | 6/30/2006 | 0 |
| 3 | 209004 | Acosta Roberto | 8/22/2007 | CURRENT | 12/4/2009 | Doc 94-1 | 8/22/2007 | 12/31/2011 | 227 |
|  | 201228 | Acosta Guadalupe | 4/12/2007 | 4/7/2011 | 12/4/2009 | Doc 94-1 | 4/12/2007 | 4/7/2011 | 208 |
| 4 | 104462 | Adame Ma | 3/27/2002 | CURRENT | 12/4/2009 | Doc 94-1 | 12/4/2006 | 12/31/2011 | 265 |
| 5 | 203637 | Aguilera-Mejia Roman E | 1/12/2005 | 3/23/2007 | 12/4/2009 | Doc 94-1 | 12/4/2006 | 3/23/2007 | 16 |
| 6 | 105545 | Aguirre-Regalado Ena | 2/7/2001 | CURRENT | 12/4/2009 | Doc 94-1 | 12/4/2006 | 12/31/2011 | 265 |
| 7 | 207439 | Ajang Lual A | 7/12/2006 | 11/21/2007 | 12/4/2009 | Doc 95-1 | 12/4/2006 | 11/21/2007 | 50 |
| 8 | 105639 | Alfaro Sebastian | 8/2/2000 | 5/15/2007 | 12/4/2009 | Doc 94-1 | 12/4/2006 | 5/15/2007 | 23 |
| 9 | 205337 | Al-Ibrahim, Tahir | 2/1/2006 | CURRENT | 2/8/2010 | Doc 104-1 | 2/8/2007 | 12/31/2011 | 255 |
| 10 | 214248 | Amau Anyath | 10/1/2008 | 2/11/2011 | 12/4/2009 | Doc 94-1 | 10/1/2008 | 2/11/2011 | 123 |
| 11 | 212596 | Amaya Josue L | 3/5/2008 | 7/25/2008 | 12/4/2009 | Doc 94-1 | 3/5/2008 | 7/25/2008 | 20 |
| 12 | 210667 | Andriyashyn Serhiy P | 11/28/2007 | 3/29/2008 | 12/4/2009 | Doc 94-1 | 11/28/2007 | 3/29/2008 | 17 |
| 13 | 106079 | Arreaga Irma | 3/22/1996 | 7/7/2009 | 12/4/2009 | Doc 94-1 | 12/4/2006 | 7/7/2009 | 135 |
| 14 | 200642 | Ath Bruce | 7/23/2003 | CURRENT | 12/4/2009 | Doc 94-1 | 12/4/2006 | 12/31/2011 | 265 |
| 15 | 212594 | Balas Muamer | 3/5/2008 | CURRENT | 12/4/2009 | Doc 94-1 | 3/5/2008 | 12/31/2011 | 199 |
| 16 | 212491 | Bandlow Orion | 2/20/2008 | 6/30/2009 | 12/4/2009 | Doc 94-1 | 2/20/2008 | 6/30/2009 | 71 |
| 17 | 208498 | Barillas Miriam | 1/4/2007 | CURRENT | 12/4/2009 | Doc 94-1 | 1/4/2007 | 12/31/2011 | 260 |
| 18 | 102428 | Beal Nyokuoth | 2/5/2003 | CURRENT | 12/4/2009 | Doc 95-1 | 12/4/2006 | 12/31/2011 | 265 |
| 19 | 401158 | Beetem Patricia | 2/17/2009 | 3/18/2009 | 12/4/2009 | Doc 94-1 | 2/17/2009 | 3/18/2009 | 4 |
| 20 | 106036 | Benevides Marlene | 6/3/1998 | CURRENT | 12/7/2009 | Doc 96-1 | 12/7/2006 | 12/31/2011 | 264 |
| 21 | 102337 | Bents Janice | 12/26/1997 | CURRENT | 12/21/2009 | Doc 97-1 | 12/21/2006 | 12/31/2011 | 262 |
| 22 | 104294 | Bernaske Alan | 4/5/1991 | CURRENT | 3/12/2010 | Doc 114-1 | 3/12/2007 | 12/31/2011 | 251 |
| 23 | 204628 | Biliew Peter B | 9/7/2005 | 3/22/2008 | 12/4/2009 | Doc 95-1 | 12/4/2006 | 3/22/2008 | 68 |
| 24 | 204785 | Bitenieks, Brian | 10/5/2005 | 1/7/2007 | 3/12/2010 | Doc 114-1 | 3/12/2007 | 1/7/2007 | 0 |
| 25 | 106188 | Borrayo Mario | 9/30/1998 | CURRENT | 12/4/2009 | Doc 94-1 | 12/4/2006 | 12/31/2011 | 265 |
| 26 | 207638 | Boyarchuk Petro | 8/16/2006 | 4/5/2009 | 12/4/2009 | Doc 94-1 | 12/4/2006 | 4/5/2009 | 122 |
|  | 207638 | Boyarchuk Petro | 7/7/2009 | 7/18/2009 | 12/4/2009 | Doc 94-1 | 7/7/2009 | 7/18/2009 | 2 |
|  | 207638 | Boyarchuk Petro | 9/1/2009 | CURRENT | 12/4/2009 | Doc 94-1 | 9/1/2009 | 12/31/2011 | 122 |
| 27 | 104299 | Brejcha Thais | 2/8/1993 | CURRENT | 12/4/2009 | Doc 95-1 | 12/4/2006 | 12/31/2011 | 265 |

| Employee # | Employee Name | Hire Date | Employment End Date | Consent Filing Date | Opt-in ECF Doc Number | Claim Period Start Date | Claim Period End Date | Claim Weeks from Employment Period |
|---|---|---|---|---|---|---|---|---|
| 28 | 212834 | Browne Samuel | 4/2/2008 | CURRENT | 12/4/2009 | Doc 94-1 | 4/2/2008 | 12/31/2011 | 195 |
| 29 | 212978 | Buckendahl Suzanne C | 4/23/2008 | 4/24/2008 | 12/4/2009 | Doc 94-1 | 4/23/2008 | 4/24/2008 | 0 |
| 30 | 104236 | Calkin Michael | 3/13/1989 | CURRENT | 12/4/2009 | Doc 94-1 | 12/4/2006 | 12/31/2011 | 265 |
| 31 | 401501 | Castro-Lule Luis | 1/16/2002 | 1/12/2008 | 12/4/2009 | Doc 94-1 | 12/4/2006 | 1/12/2008 | 58 |
| 32 | 205399 | Castro-Vento, Marlene | 3/3/2009 | CURRENT | 2/8/2010 | Doc 104-1 | 3/3/2009 | 12/31/2011 | 148 |
| 33 | 106018 | Colin Yolanda | 4/18/2007 | 7/18/2008 | 2/8/2010 | Doc 104-1 | 4/18/2007 | 7/18/2008 | 65 |
| 34 | 207548 | Cubano-Vicente Jose | 6/6/2001 | CURRENT | 12/4/2009 | Doc 95-1 | 12/4/2006 | 12/31/2011 | 265 |
| 35 | 104755 | Cunningham Michelle | 8/2/2006 | CURRENT | 12/4/2009 | Doc 94-2 | 12/4/2006 | 12/31/2011 | 265 |
| 36 | 209712 | Dah Ehti | 8/5/1994 | CURRENT | 12/4/2009 | Doc 94-2 | 12/4/2006 | 12/31/2011 | 265 |
| 37 | 103846 | Dang Thang | 8/22/2007 | 3/9/2010 | 12/4/2009 | Doc 95-1 | 8/22/2007 | 3/9/2010 | 133 |
| 38 | 213299 | Davis Elija | 10/17/1991 | CURRENT | 12/4/2009 | Doc 94-2 | 12/4/2006 | 12/31/2011 | 265 |
| 39 | 106199 | De Jesus Dominguez Martin | 6/4/2008 | 4/27/2009 | 12/4/2009 | Doc 94-2 | 6/4/2008 | 4/27/2009 | 47 |
| 40 | 208797 | De Jesus Oslan-Santiago, Ivan | 7/12/2000 | CURRENT | 12/4/2009 | Doc 94-6 | 12/4/2006 | 12/31/2011 | 265 |
| 41 | 105855 | Del Carmen Garcia Raquel | 2/21/2007 | 3/16/2007 | 12/4/2009 | Doc 129-1 | 2/21/2007 | 3/16/2007 | 3 |
| 42 | 200958 | DeLeon Carlos A | 6/21/2000 | 4/3/2008 | 12/4/2009 | Doc 94-2 | 12/4/2006 | 4/3/2008 | 69 |
| 43 | 203174 | Deng R. Agang (Agang, Deng R.) | 9/15/2003 | 8/8/2008 | 12/4/2009 | Doc 95-1 | 12/4/2006 | 8/8/2008 | 88 |
| 44 | 203175 | Deng R. Agang (Agang, Deng R.) | 10/13/2004 | 5/12/2006 | 12/4/2009 | Doc 95-1 | 5/12/2006 | 5/12/2006 | 0 |
| 45 | 104342 | Denker Jason K | 2/21/2007 | 12/8/2007 | 12/4/2009 | Doc 94-2 | 2/21/2007 | 12/8/2007 | 41 |
| 46 | 104051 | Devor Amy | 6/3/1998 | 10/3/2008 | 12/4/2009 | Doc 95-1 | 12/4/2006 | 10/3/2008 | 96 |
| 47 | 100934 | Diaz Rosa | 11/11/1994 | CURRENT | 12/4/2009 | Doc 94-2 | 12/4/2006 | 12/31/2011 | 265 |
| 48 | 212655 | Dinh Xuyen | 3/12/2008 | CURRENT | 12/4/2009 | Doc 94-2 | 3/12/2008 | 12/31/2011 | 198 |
| 49 | 205124 | Disney Thomas L | 12/7/2005 | 1/25/2008 | 12/4/2009 | Doc 94-2 | 12/4/2006 | 1/25/2008 | 60 |
| 50 | 210671 | Dit Majok | 9/4/2008 | CURRENT | 12/4/2009 | Doc 94-2 | 9/4/2008 | 12/31/2011 | 173 |
| 51 | 203170 | Do Van | 10/13/2004 | CURRENT | 12/4/2009 | Doc 95-1 | 12/4/2006 | 12/31/2011 | 265 |
| 52 | 209550 | Doan Quoc | 8/1/2007 | CURRENT | 12/4/2009 | Doc 94-2 | 8/1/2007 | 12/31/2011 | 230 |

| | Employee # | Employee Name | Hire Date | Employment End Date | Consent Filing Date | Opt-in ECF Doc Number | Claim Period Start Date | Claim Period End Date | Claim Weeks from Employment Period |
|---|---|---|---|---|---|---|---|---|---|
| 52 | 104468 | Doan Tung | 6/5/2002 | CURRENT | 12/4/2009 | Doc 94-2 | 12/4/2006 | 12/31/2011 | 265 |
| 53 | 208247 | Doolittle Amanda L | 11/15/2006 | 3/13/2007 | 12/4/2009 | Doc 94-2 | 3/13/2007 | 3/13/2007 | 14 |
| 54 | 210401 | Duong An Bang | 10/31/2007 | 12/2/2008 | 12/4/2009 | Doc 94-2 | 10/31/2007 | 12/2/2008 | 57 |
| 55 | 103856 | Duong Anh | 2/19/1993 | 3/1/2011 | 12/4/2009 | Doc 94-2 | 12/4/2006 | 3/1/2011 | 221 |
| 56 | 104311 | Empfield Steven | 9/24/1993 | CURRENT | 12/4/2009 | Doc 95-1 | 12/4/2006 | 12/31/2011 | 265 |
| 57 | 203379 | Escalante Carmen | 11/17/2004 | 12/10/2009 | 12/4/2009 | Doc 94-2 | 12/4/2006 | 12/10/2009 | 157 |
| 58 | 208502 | Escobar-Arriaga Yecenia | 1/4/2007 | 5/16/2007 | 12/4/2009 | Doc 94-2 | 1/4/2007 | 5/16/2007 | 19 |
|  | 208502 | Escobar-Arriaga Yecenia | 8/8/2007 | CURRENT | 12/4/2009 | Doc 94-2 | 8/8/2007 | 12/31/2011 | 229 |
| 59 | 104238 | Filipi Tammie | 8/21/1979 | 11/9/2010 | 12/4/2009 | Doc 94-3 | 12/4/2006 | 11/9/2010 | 205 |
| 60 | 203438 | Flores Virginia | 11/24/2004 | CURRENT | 12/4/2009 | Doc 94-3 | 12/4/2006 | 12/31/2011 | 265 |
| 61 | 209852 | Flores-Gonzalez Damaris | 9/6/2007 | 8/23/2008 | 12/4/2009 | Doc 95-1 | 9/6/2007 | 8/23/2008 | 50 |
| 62 | 212319 | Fondell Jared D | 1/30/2008 | 6/30/2008 | 12/4/2009 | Doc 95-1 | 1/30/2008 | 6/30/2008 | 22 |
| 63 | 207032 | Fondell Rhonda | 4/20/2006 | 5/26/2009 | 12/4/2009 | Doc 94-3 | 12/4/2006 | 5/26/2009 | 129 |
| 64 | 104251 | Fowler Eddie | 5/29/1991 | CURRENT | 12/4/2009 | Doc 94-3 | 12/4/2006 | 12/31/2011 | 265 |
| 65 | 214175 | Gai Roda | 9/24/2008 | 4/9/2010 | 12/4/2009 | Doc 94-3 | 9/24/2008 | 4/9/2010 | 80 |
| 66 | 202986 | Garcia Alicia | 9/15/2004 | CURRENT | 12/4/2009 | Doc 94-3 | 12/4/2006 | 12/31/2011 | 265 |
| 67 | 208584 | Garcia Manuela | 1/17/2007 | CURRENT | 12/4/2009 | Doc 94-3 | 1/17/2007 | 12/31/2011 | 258 |
| 68 | 200216 | Garcia Miguel A | 6/4/2003 | 5/15/2008 | 12/4/2009 | Doc 94-3 | 12/4/2006 | 5/15/2008 | 75 |
| 69 | 103687 | Garcia Mojica, Jose | 11/21/2001 | CURRENT | 1/26/2010 | Doc 102-1 | 1/26/2007 | 12/31/2011 | 257 |
| 70 | 213916 | Gomez Nestora O | 8/27/2008 | CURRENT | 12/4/2009 | Doc 94-3 | 8/27/2008 | 12/31/2011 | 174 |
| 71 | 203183 | Garcia-Jimenez Albina | 10/13/2004 | CURRENT | 12/4/2009 | Doc 94-3 | 12/4/2006 | 12/31/2011 | 265 |
| 72 | 104035 | Garcia-Montoya Francisco | 10/19/1989 | 12/12/2007 | 12/4/2009 | Doc 94-3 | 12/4/2006 | 12/12/2007 | 53 |
| 73 | 212668 | Gartzke Brian J | 3/12/2008 | CURRENT | 12/4/2009 | Doc 94-3 | 3/12/2008 | 12/31/2011 | 198 |
| 74 | 213925 | Gatluak John | 8/27/2008 | 3/4/2009 | 12/4/2009 | Doc 94-3 | 8/27/2008 | 3/4/2009 | 27 |
| 75 | 200903 | Gibson Jane | 8/27/2003 | 11/2/2007 | 12/4/2009 | Doc 94-3 | 12/4/2006 | 11/2/2007 | 48 |
| 76 | 214607 | Goodwin Irene | 11/4/2008 | CURRENT | 12/4/2009 | Doc 94-3 | 11/4/2008 | 12/31/2011 | 165 |
| 77 | 200800 | Gop James M | 8/13/2003 | 9/2/2006 | 12/4/2009 | Doc 94-3 | 12/4/2006 | 9/2/2006 | 0 |
|  | 200800 | Gop James M | 2/21/2007 | 3/14/2008 | 12/4/2009 | Doc 94-3 | 2/21/2007 | 3/14/2008 | 55 |
|  | 200800 | Gop James M | 1/20/2009 | 7/16/2010 | 12/4/2009 | Doc 94-3 | 1/20/2009 | 7/16/2010 | 77 |
| 78 | 214317 | Graham Angela | 10/6/2008 | 9/10/2009 | 12/4/2009 | Doc 94-3 | 10/6/2008 | 9/10/2009 | 48 |

| | Employee # | Employee Name | Hire Date | Employment End Date | Opt-in ECF | | Claim Period Start Date | Claim Period End Date | Claim Weeks from Employment Period |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | Consent Filing Date | Doc Number | | | |
| 79 | 204482 | Grannas Robert | 8/10/2005 | 2/6/2009 | 12/4/2009 | Doc 94-3 | 12/4/2006 | 2/6/2009 | 114 |
| 80 | 204970 | Guajardo, Mauricio | 11/9/2005 | 3/19/2007 | 12/28/2008 | Doc 20 | 12/28/2005 | 3/19/2007 | 64 |
| 81 | 213978 | Guangong Nyachoat | 9/4/2008 | 3/5/2010 | 12/4/2009 | Doc 94-3 | 9/4/2008 | 3/5/2010 | 78 |
| 82 | 106413 | Gutierrez Gloria | 2/1/2000 | CURRENT | 12/4/2009 | Doc 94-3 | 12/4/2006 | 12/31/2011 | 265 |
| 83 | 205205 | Gutierrez Maria | 1/5/2006 | 10/11/2011 | 12/4/2009 | Doc 95-1 | 12/4/2006 | 10/11/2011 | 253 |
| 84 | 106285 | Guzman-Morales,Maria | 4/26/2000 | 9/21/2007 | 12/28/2008 | Doc 20 | 12/28/2005 | 9/21/2007 | 90 |
| 85 | 214551 | Hadji Enez | 10/28/2008 | 11/10/2009 | 12/4/2009 | Doc 94-3 | 10/28/2008 | 11/10/2009 | 54 |
| 86 | 212425 | Harrison Christopher | 2/13/2008 | 6/24/2009 | 12/4/2009 | Doc 94-3 | 2/13/2008 | 6/24/2009 | 71 |
| 87 | 105609 | Hidalgo Vilma | 1/8/1999 | 3/29/2010 | 12/4/2009 | Doc 94-3 | 12/4/2006 | 3/29/2010 | 173 |
| 88 | 214315 | Hochstein John | 10/6/2008 | 1/22/2009 | 12/4/2009 | Doc 94-3 | 10/6/2008 | 1/22/2009 | 15 |
| 89 | 212725 | Howard Fallon D | 3/19/2008 | 8/8/2008 | 12/4/2009 | Doc 94-3 | 3/19/2008 | 8/8/2008 | 20 |
| 90 | 210113 | Htoo K Bah | 10/2/2007 | CURRENT | 12/4/2009 | Doc 94-4 | 10/2/2007 | 12/31/2011 | 222 |
| 91 | 400101 | Htoo May | 1/6/2009 | CURRENT | 12/4/2009 | Doc 94-4 | 1/6/2009 | 12/31/2011 | 156 |
| 92 | 103649 | Hurko Ibro | 8/13/1999 | CURRENT | 12/4/2009 | Doc 95-1 | 12/4/2006 | 12/31/2011 | 265 |
| 93 | 104120 | Huynh, Huyentran N. | 6/5/1995 | 7/5/2007 | 1/19/2010 | Doc 101-1 | 1/19/2007 | 7/5/2007 | 24 |
| 94 | 104455 | Ibarra De Avalos Aurelia | 6/19/2002 | CURRENT | 12/4/2009 | Doc 94-4 | 12/4/2006 | 12/31/2011 | 265 |
| 95 | 103694 | Ibricic Munevera | 3/14/2001 | CURRENT | 12/4/2009 | Doc 95-1 | 12/4/2006 | 12/31/2011 | 265 |
| 96 | 104320 | Inderlied David W | 9/17/1999 | 9/6/2007 | 12/4/2009 | Doc 94-4 | 12/4/2006 | 9/6/2007 | 39 |
| 97 | 213193 | Jefferson Marcus D | 5/21/2008 | 10/16/2008 | 12/4/2009 | Doc 94-4 | 5/21/2008 | 10/16/2008 | 21 |
| 98 | 209153 | Jock Martha | 5/9/2007 | CURRENT | 12/4/2009 | Doc 94-4 | 5/9/2007 | 12/31/2011 | 242 |
| 99 | 207141 | John David | 5/10/2006 | 3/11/2009 | 12/4/2009 | Doc 94-4 | 12/4/2006 | 3/11/2009 | 118 |
| 100 | 202165 | Jud Stephen | 4/7/2004 | 9/9/2004 | 12/4/2009 | Doc 94-4 | 12/4/2006 | 9/9/2004 | 0 |
| | 202165 | Jud Stephen | 7/12/2006 | 11/22/2006 | 12/4/2009 | Doc 94-4 | 12/4/2006 | 11/22/2006 | 0 |
| | 202165 | Jud Stephen | 8/13/2008 | 1/2/2009 | 12/4/2009 | Doc 94-4 | 8/13/2008 | 1/2/2009 | 20 |
| 101 | 106346 | Junes-Rios Martin | 5/4/2005 | 12/8/2006 | 12/4/2009 | Doc 95-2 | 12/4/2006 | 12/8/2006 | 1 |
| | 106346 | Junes-Rios Martin | 4/30/2008 | 12/6/2009 | 12/4/2009 | Doc 95-2 | 4/30/2008 | 12/6/2009 | 84 |
| | 106346 | Junes-Rios Martin | 7/20/2010 | CURRENT | 12/4/2009 | Doc 95-2 | 7/20/2010 | 12/31/2011 | 76 |
| 102 | 100433 | Kavaz Abdulah | 1/5/2000 | CURRENT | 12/4/2009 | Doc 95-2 | 12/4/2006 | 12/31/2011 | 265 |
| 103 | 100434 | Kavaz Ivana | 8/2/2000 | CURRENT | 12/4/2009 | Doc 95-2 | 12/4/2006 | 12/31/2011 | 265 |

| Employee # | Employee Name | Hire Date | Employment End Date | Consent Filing Date | Opt-in ECF Doc Number | Claim Period Start Date | Claim Period End Date | Claim Weeks from Employment Period |
|---|---|---|---|---|---|---|---|---|
| 214461 | Keat Luochjok (a/k/a Tut Kueth Ket) | 10/21/2008 | 3/29/2010 | 12/4/2009 | Doc 94-4 | 10/21/2008 | 3/29/2010 | 75 |
| 214461 | Keat Luochjok (a/k/a Tut Kueth Ket) | 7/19/2011 | CURRENT | 12/4/2009 | Doc 94-4 | 7/19/2011 | 12/31/2011 | 24 |
| 104358 | Kim Time | 5/31/1990 | CURRENT | 12/4/2009 | Doc 95-2 | 12/4/2006 | 12/31/2011 | 265 |
| 206656 | Kisheib Kamil O | 5/23/2007 | 6/29/2007 | 12/4/2009 | Doc 94-4 | 5/23/2007 | 6/29/2007 | 5 |
| 205129 | Kisheib Suad | 12/7/2005 | 7/7/2006 | 12/4/2009 | Doc 94-4 | 12/7/2005 | 7/7/2006 | 0 |
| 205129 | Kisheib Suad | 11/15/2006 | 7/29/2009 | 12/4/2009 | Doc 94-4 | 12/4/2006 | 7/29/2009 | 138 |
| 213804 | Knickerbocker, Adessa | 8/13/2008 | Current | 2/22/2010 | Doc 109-1 | 8/13/2008 | 12/31/2011 | 176 |
| 203464 | Kor John | 12/1/2004 | CURRENT | 12/4/2009 | Doc 95-2 | 12/4/2006 | 12/31/2011 | 265 |
| 205251 | Korol Petr A | 1/18/2006 | 2/13/2008 | 12/4/2009 | Doc 94-4 | 12/4/2006 | 2/13/2008 | 62 |
| 104012 | Kotas Carol | 5/16/1985 | CURRENT | 12/4/2009 | Doc 94-4 | 12/4/2006 | 12/31/2011 | 265 |
| 400761 | Kprazeon GaGa | 2/3/2009 | 7/3/2009 | 12/4/2009 | Doc 94-4 | 2/3/2009 | 7/3/2009 | 21 |
| 104346 | Ksionzek Teresa | 11/4/1994 | CURRENT | 12/4/2009 | Doc 95-2 | 12/4/2006 | 12/31/2011 | 265 |
| 210549 | Lam Abdourahmane Y | 11/14/2007 | 3/11/2008 | 12/4/2009 | Doc 94-4 | 11/14/2007 | 3/11/2008 | 17 |
| 209156 | Lasu James | 5/9/2007 | 6/25/2008 | 12/4/2009 | Doc 94-4 | 5/9/2007 | 6/25/2008 | 59 |
| 202997 | Lasu Obede L | 9/15/2004 | 3/9/2007 | 12/4/2009 | Doc 94-4 | 12/4/2006 | 3/9/2007 | 14 |
| 213465 | Le Xe | 7/2/2008 | CURRENT | 12/4/2009 | Doc 95-2 | 7/2/2008 | 12/31/2011 | 182 |
| 214252 | Li Kuo | 10/1/2008 | CURRENT | 12/4/2009 | Doc 94-4 | 10/1/2008 | 12/31/2011 | 169 |
| 103915 | Linares Cesar | 4/30/2001 | 2/23/2009 | 12/4/2009 | Doc 94-4 | 12/4/2006 | 2/23/2009 | 116 |
| 213130 | Livingston Jimmy | 5/14/2008 | 10/17/2011 | 12/4/2009 | Doc 94-4 | 5/14/2008 | 10/17/2011 | 179 |
| 214239 | Long Jeffrey | 10/1/2008 | 3/11/2009 | 12/4/2009 | Doc 94-4 | 10/1/2008 | 3/11/2009 | 23 |
| 209146 | Lopez Cristina | 5/9/2007 | 5/6/2009 | 12/4/2009 | Doc 94-4 | 5/9/2007 | 5/6/2009 | 104 |
| 210248 | Lujan Mireya | 10/17/2007 | 4/30/2009 | 12/4/2009 | Doc 94-5 | 10/17/2007 | 4/30/2009 | 80 |
| 104534 | Lukert Brian | 3/14/1985 | 5/13/2011 | 12/4/2009 | Doc 94-5 | 12/4/2006 | 5/13/2011 | 232 |
| 214467 | Ly Minh | 10/21/2008 | 10/17/2011 | 12/4/2009 | Doc 94-5 | 10/21/2008 | 10/17/2011 | 167 |
| 202002 | Ma Loc | 3/17/2004 | CURRENT | 12/4/2009 | Doc 94-5 | 12/4/2006 | 12/31/2011 | 265 |
| 104186 | Maduok Martin | 9/27/2001 | CURRENT | 12/4/2009 | Doc 95-2 | 12/4/2006 | 12/31/2011 | 265 |
| 200033 | Mai My | 5/7/2003 | CURRENT | 12/4/2009 | Doc 95-2 | 12/4/2006 | 12/31/2011 | 265 |
| 214468 | Makuel Gabriel | 10/21/2008 | 9/16/2009 | 9/16/2009 | Doc 94-4 | 10/21/2008 | 9/16/2009 | 47 |

| | Employee # | Employee Name | Hire Date | Employment End Date | Consent Filing Date | Opt-in ECF Doc Number | Claim Period Start Date | Claim Period End Date | Claim Weeks from Employment Period |
|---|---|---|---|---|---|---|---|---|---|
| 130 | 209145 | Mancia-Alvarado,Escarlin M | 5/9/2007 | 8/6/2007 | 12/4/2009 | Doc 95-2 | 5/9/2007 | 8/6/2007 | 13 |
| 131 | 213129 | Markut, Jody | 5/14/2008 | 3/27/2009 | 2/2/2010 | Doc 103-1 | 5/14/2008 | 3/27/2009 | 45 |
| 132 | 213360 | Masolo-Mavanga Robert | 6/18/2008 | 9/2/2010 | 12/4/2009 | Doc 95-2 | 6/18/2008 | 9/2/2010 | 115 |
| 133 | 213359 | Mbongo-Maketa Richard | 6/18/2008 | CURRENT | 12/4/2009 | Doc 94-5 | 6/18/2008 | 12/31/2011 | 184 |
| 134 | 204331 | Mendez-Lopez, Ilser | 7/13/2005 | 4/20/2007 | 2/8/2010 | Doc 104-1 | 2/8/2007 | 4/20/2007 | 10 |
| 135 | 210555 | Mensah, Memphis | 11/14/2007 | 1/4/2008 | 2/2/2010 | Doc 103-1 | 11/14/2007 | 1/4/2008 | 7 |
| 136 | 212729 | Merzah Barakat | 3/19/2008 | CURRENT | 12/4/2009 | Doc 94-5 | 3/19/2008 | 12/31/2011 | 197 |
| 137 | 101502 | Meza-C Alfonso | 5/22/2002 | 4/4/2010 | 12/4/2009 | Doc 94-5 | 12/4/2006 | 4/4/2010 | 174 |
| 138 | 212366 | Molina Nayibe R | 5/7/2008 | 5/7/2008 | 12/4/2009 | Doc 95-2 | 2/6/2008 | 5/7/2008 | 13 |
| 139 | 204224 | Molina-Ortega Wilder R | 6/20/2005 | 4/13/2007 | 12/4/2009 | Doc 95-2 | 12/4/2006 | 4/13/2007 | 19 |
| 140 | 202260 | Moradi Darakhshan | 4/21/2004 | 11/14/2008 | 12/4/2009 | Doc 95-2 | 12/4/2006 | 11/14/2008 | 102 |
| 141 | 207640 | Morales Josefa D | 8/16/2006 | 5/27/2008 | 12/4/2009 | Doc 94-5 | 12/4/2006 | 5/27/2008 | 77 |
| 142 | 207640 | Morales Josefa D | 9/1/2009 | 10/22/2009 | 12/4/2009 | Doc 94-5 | 9/1/2009 | 10/22/2009 | 7 |
| 143 | 200533 | Mora-Romero Juan | 7/7/2003 | CURRENT | 12/4/2009 | Doc 94-5 | 12/4/2006 | 12/31/2011 | 265 |
| 144 | 400116 | Nei Soe | 1/6/2009 | 8/27/2010 | 12/4/2009 | Doc 94-5 | 1/6/2009 | 8/27/2010 | 85 |
| 145 | 100384 | Ngo Mai | 1/16/1995 | CURRENT | 12/4/2009 | Doc 94-5 | 12/4/2006 | 12/31/2011 | 265 |
| 146 | 208208 | Nguth John | 11/8/2006 | 9/16/2009 | 12/4/2009 | Doc 94-5 | 12/4/2006 | 9/16/2009 | 145 |
| 147 | 104347 | Nguyen Diep | 11/11/1974 | CURRENT | 12/4/2009 | Doc 94-5 | 12/4/2006 | 12/31/2011 | 265 |
| 148 | 104370 | Nguyen Duc | 8/30/1991 | CURRENT | 12/4/2009 | Doc 95-2 | 12/4/2006 | 12/31/2011 | 265 |
| 149 | 104126 | Nguyen Hanh | 9/2/1999 | CURRENT | 12/4/2009 | Doc 94-5 | 12/4/2006 | 12/31/2011 | 265 |
| 150 | 103925 | Nguyen Hong | 9/5/2002 | CURRENT | 12/4/2009 | Doc 94-5 | 12/4/2006 | 12/31/2011 | 265 |
| 151 | 401496 | Nguyen Huong | 3/3/2009 | 10/14/2009 | 12/4/2009 | Doc 94-5 | 3/3/2009 | 10/14/2009 | 32 |
| 152 | 104678 | Nguyen Huong D. | 8/20/1993 | CURRENT | 12/4/2009 | Doc 94-5 | 12/4/2006 | 12/31/2011 | 265 |
| 153 | 103703 | Nguyen Ngoc Truc | 6/5/2002 | CURRENT | 12/4/2009 | Doc 95-2 | 12/4/2006 | 12/31/2011 | 265 |
| 154 | 103148 | Nguyen Nguyen Thanh | 9/18/2002 | 4/19/2008 | 12/4/2009 | Doc 94-5 | 12/4/2006 | 4/19/2008 | 72 |
| 155 | 104123 | Nguyen Nguyet | 7/24/1995 | CURRENT | 12/4/2009 | Doc 94-6 | 12/4/2006 | 12/31/2011 | 265 |
| 156 | 103632 | Nguyen Tham | 9/6/1996 | CURRENT | 12/4/2009 | Doc 94-6 | 12/4/2006 | 12/31/2011 | 265 |
| 157 | 204865 | Nguyen, Hue Thi | 10/19/2005 | 6/2/2008 | 12/4/2009 | Doc 94-5 | 12/4/2006 | 6/2/2008 | 78 |

| | Employee # | Employee Name | Hire Date | Employment End Date | Consent Filing Date | Opt-in ECF Doc Number | Claim Period Start Date | Claim Period End Date | Claim Weeks from Employment Period |
|---|---|---|---|---|---|---|---|---|---|
| 158 | 103941 | Nguyen, Nhung T | 1/15/2003 | 11/17/2006 | 12/4/2009 | Doc 95-3 | 12/4/2006 | 11/17/2006 | 0 |
| 159 | 209041 | Nyok, James | 4/18/2007 | 1/4/2008 | 1/4/2010 | Doc 100-1 | 4/18/2007 | 1/4/2008 | 37 |
| | 209041 | Nyok, James | 6/23/2009 | 1/27/2010 | 1/4/2010 | Doc 100-1 | 6/23/2009 | 1/27/2010 | 31 |
| 160 | 208800 | Obari Raphael | 2/21/2007 | 2/23/2007 | 2/8/2010 | Doc 104-1 | 2/21/2007 | 2/23/2007 | 0 |
| 161 | 103793 | Obermier, Roger | 4/20/1989 | CURRENT | 2/8/2010 | Doc 95-3 | 2/8/2007 | 12/31/2011 | 255 |
| 162 | 101795 | Olivo, Oralia | 12/21/1999 | 1/30/2007 | 12/4/2009 | Doc 94-6 | 12/4/2006 | 1/30/2007 | 8 |
| 163 | 401495 | Ortega-Valladares Juan | 3/3/2009 | 4/24/2009 | 12/4/2009 | Doc 94-6 | 3/3/2009 | 4/24/2009 | 7 |
| 164 | 207636 | Osman El Fateh K | 8/16/2006 | 12/23/2006 | 12/4/2009 | Doc 94-6 | 12/4/2006 | 12/23/2006 | 3 |
| 165 | 209038 | Osorio Julia | 4/18/2007 | CURRENT | 12/4/2009 | Doc 95-3 | 4/18/2007 | 12/31/2011 | 245 |
| 166 | 103899 | Padilla Maira | 12/7/1999 | CURRENT | 12/4/2009 | Doc 94-6 | 12/4/2006 | 12/31/2011 | 265 |
| 167 | 208628 | Padol Chuol | 1/24/2007 | 6/12/2009 | 12/4/2009 | Doc 94-6 | 1/24/2007 | 6/12/2009 | 124 |
| 168 | 400372 | Pae Pae | 1/20/2009 | 2/20/2010 | 12/4/2009 | Doc 94-6 | 1/20/2009 | 2/20/2010 | 57 |
| 169 | 101627 | Parker, Timmy | 5/24/1999 | CURRENT | 12/4/2009 | Doc 94-6 | 12/4/2006 | 12/31/2011 | 265 |
| 170 | 214057 | Paw Wah | 9/10/2008 | 5/18/2009 | 12/4/2009 | Doc 94-6 | 9/10/2008 | 5/18/2009 | 36 |
| | 214057 | Paw Wah | 6/21/2011 | CURRENT | 12/4/2009 | Doc 94-6 | 6/21/2011 | 12/31/2011 | 28 |
| 171 | 214105 | Perales, Ricardo | 9/17/2008 | 8/23/2010 | 2/22/2010 | Doc 109-1 | 9/17/2008 | 8/23/2010 | 101 |
| 172 | 209848 | Perez Francisco | 9/6/2007 | 5/18/2009 | 12/4/2009 | Doc 94-6 | 9/6/2007 | 5/18/2009 | 89 |
| 173 | 204289 | Perez-Mendez Norma | 6/29/2005 | CURRENT | 12/4/2009 | Doc 94-6 | 12/4/2006 | 12/31/2011 | 265 |
| 174 | 207737 | Pineda Nestor | 8/30/2006 | CURRENT | 12/4/2009 | Doc 94-6 | 12/4/2006 | 12/31/2011 | 265 |
| 175 | 106598 | Pineda-Hernandez Carlos | 11/16/1999 | 8/11/2008 | 12/4/2009 | Doc 94-6 | 1/17/2007 | 8/11/2008 | 82 |
| 176 | 208590 | Plaksin Roman A | 1/17/2007 | 12/15/2011 | 12/4/2009 | Doc 94-6 | 12/4/2006 | 12/15/2011 | 262 |
| 177 | 100466 | Prudot Nolbia | 5/23/2001 | 4/20/2007 | 12/4/2009 | Doc 94-6 | 12/4/2006 | 4/20/2007 | 20 |
| 178 | 207025 | Pulido Jose | 4/20/2006 | 4/20/2007 | 12/4/2009 | Doc 94-6 | 12/4/2006 | 4/20/2007 | 20 |
| | 207025 | Pulido Jose | 9/4/2008 | 10/29/2010 | 12/4/2009 | Doc 94-6 | 9/4/2008 | 10/29/2010 | 112 |
| | 207025 | Pulido Jose | 10/29/2010 | 10/29/2010 | 12/4/2009 | Doc 94-6 | 10/29/2010 | 10/29/2010 | 0 |
| 179 | 205326 | Pulido-Prieto, Arturo | 2/1/2006 | 9/29/2006 | 12/28/2008 | Doc 20 | 2/1/2006 | 9/29/2006 | 34 |
| 180 | 212833 | Putnam Jeffrey L | 4/2/2008 | 10/16/2008 | 12/4/2009 | Doc 94-6 | 4/2/2008 | 10/16/2008 | 28 |
| 181 | 213667 | Pyper William | 7/30/2008 | 2/4/2009 | 12/4/2009 | Doc 94-6 | 7/30/2008 | 2/4/2009 | 27 |
| 182 | 202826 | Quiroz Jose | 7/28/2004 | CURRENT | 12/4/2009 | Doc 95-3 | 12/4/2006 | 12/31/2011 | 265 |
| 183 | 207925 | Rage Victoria Y | 9/27/2006 | 6/18/2008 | 12/4/2009 | Doc 94-6 | 12/4/2006 | 6/18/2008 | 80 |
| 184 | 100473 | Ramirez Juana | 1/17/2001 | CURRENT | 12/4/2009 | Doc 94-6 | 12/4/2006 | 12/31/2011 | 265 |

| | Employee # | Employee Name | Hire Date | Employment End Date | Opt-in ECF Consent Filing Date | Opt-in ECF Doc Number | Claim Period Start Date | Claim Period End Date | Claim Weeks from Employment Period |
|---|---|---|---|---|---|---|---|---|---|
| 185 | 403410 | Ramirez Ruth | 5/12/2009 | 6/15/2009 | 12/4/2009 | Doc 94-6 | 5/12/2009 | 6/15/2009 | 5 |
| 186 | 208693 | Ramos Santos | 1/31/2007 | 9/12/2009 | 12/4/2009 | Doc 95-3 | 12/4/2006 | 9/12/2009 | 131 |
| 187 | 401181 | Ratushko Serhiy | 2/17/2009 | CURRENT | 3/12/2010 | Doc 114-1 | 2/17/2009 | 12/31/2011 | 150 |
| 188 | 104341 | Renschler Sheila M | 11/23/1999 | 10/2/2007 | 12/4/2009 | Doc 94-6 | 12/4/2006 | 10/2/2007 | 43 |
| 189 | 208258 | Revoloria, Abel | 11/15/2006 | 9/26/2008 | 1/26/2010 | Doc 102-1 | 1/26/2007 | 9/26/2008 | 87 |
| 190 | 210485 | Riek Peter P | 11/7/2007 | 3/21/2008 | 12/4/2009 | Doc 94-6 | 11/7/2007 | 3/21/2008 | 19 |
| 191 | 213284 | Rivera-Beliz Hugo A | 6/4/2008 | 7/9/2008 | 12/4/2009 | Doc 94-6 | 6/4/2008 | 7/9/2008 | 5 |
| 192 | 104000 | Robinson Larry | 12/7/1989 | CURRENT | 12/4/2009 | Doc 95-3 | 12/4/2006 | 12/31/2011 | 265 |
| 193 | 104055 | Rogers David | 3/6/1995 | CURRENT | 12/4/2009 | Doc 94-7 | 12/4/2006 | 12/31/2011 | 265 |
| 194 | 103012 | Romo Maricela | 7/17/2002 | CURRENT | 12/4/2009 | Doc 94-7 | 12/4/2006 | 12/31/2011 | 265 |
| 195 | 213025 | Rualmin, Jekow | 4/30/2008 | 7/22/2008 | 12/4/2009 | Doc 94-8 | 4/30/2008 | 7/22/2008 | 12 |
| 196 | 104350 | Ruiz Tammy | 5/31/2002 | CURRENT | 12/4/2009 | Doc 94-7 | 12/4/2006 | 12/31/2011 | 265 |
| 197 | 201808 | Sabetrasekh Kefayat | 2/4/2004 | CURRENT | 12/4/2009 | Doc 94-7 | 12/4/2006 | 12/31/2011 | 265 |
| 198 | 207142 | Sabil Adam | 5/10/2006 | 5/16/2009 | 12/4/2009 | Doc 94-7 | 12/4/2006 | 5/16/2009 | 128 |
| 199 | 213918 | Sanchez Lucio | 9/29/2009 | CURRENT | 12/4/2009 | Doc 94-7 | 9/29/2009 | 12/31/2011 | 118 |
| 200 | 209975 | Sanders Rosemary | 9/19/2007 | 12/23/2008 | 12/4/2009 | Doc 94-7 | 9/19/2007 | 12/23/2008 | 66 |
| 201 | 104223 | Saurer Jerald | 9/30/1994 | 5/4/2010 | 12/4/2009 | Doc 95-3 | 12/4/2006 | 5/4/2010 | 178 |
| 202 | 202906 | Shan Ahmed | 8/25/2004 | 7/8/2010 | 12/4/2009 | Doc 94-7 | 12/4/2006 | 7/8/2010 | 187 |
| 203 | 210409 | Smith Jimmie | 10/31/2007 | CURRENT | 12/4/2009 | Doc 95-3 | 10/31/2007 | 12/31/2011 | 217 |
| 204 | 210858 | Solares-Marroquin Neftali | 12/19/2007 | 8/28/2008 | 2/22/2010 | Doc 109-1 | 12/19/2007 | 8/28/2008 | 36 |
| 205 | 105541 | Soltero Paulo | 10/10/2001 | CURRENT | 12/4/2009 | Doc 94-7 | 12/4/2006 | 12/31/2011 | 265 |
| 206 | 105256 | Spanjer Debra | 5/3/1996 | CURRENT | 12/4/2009 | Doc 95-3 | 12/4/2006 | 12/31/2011 | 265 |
| 207 | 104573 | Spanjer Matthew | 9/29/1995 | CURRENT | 12/4/2009 | Doc 95-3 | 12/4/2006 | 12/31/2011 | 265 |
| 208 | 101559 | Starkey Pamela | 9/16/1985 | CURRENT | 12/4/2009 | Doc 94-7 | 12/4/2006 | 12/31/2011 | 265 |
| 209 | 104289 | Stastny Lynda | 1/23/1996 | CURRENT | 12/4/2009 | Doc 95-3 | 12/4/2006 | 12/31/2011 | 265 |
| 210 | 103765 | Stephens Kim | 8/2/1979 | CURRENT | 12/4/2009 | Doc 94-7 | 12/4/2006 | 12/31/2011 | 265 |
| 211 | 105193 | Stowell Dianne | 11/23/1992 | CURRENT | 12/4/2009 | Doc 94-7 | 12/4/2006 | 12/31/2011 | 265 |
| 212 | 203932 | Tapia Confesor | 9/27/2006 | CURRENT | 12/4/2009 | Doc 94-7 | 12/4/2006 | 12/31/2011 | 265 |
| 213 | 214613 | Tellez David | 11/4/2008 | 2/6/2009 | 12/4/2009 | Doc 94-7 | 11/4/2008 | 2/6/2009 | 13 |

| | Employee # | Employee Name | Hire Date | Employment End Date | Consent Filing Date | Opt-in ECF Doc Number | Claim Period Start Date | Claim Period End Date | Claim Weeks from Employment Period |
|---|---|---|---|---|---|---|---|---|---|
| 214 | 203516 | Tellez Elena R | 12/8/2004 | 10/12/2008 | 12/4/2009 | Doc 94-7 | 12/4/2006 | 10/12/2008 | 97 |
| 215 | 104156 | Tesfamichael Elsa | 12/14/1999 | 5/2/2009 | 12/4/2009 | Doc 94-7 | 12/4/2006 | 5/2/2009 | 126 |
| 216 | 103804 | Thompson David | 8/24/1981 | CURRENT | 12/4/2009 | Doc 94-7 | 12/4/2006 | 12/31/2011 | 265 |
| 217 | 100490 | Thon,Nyarial T | 7/11/2008 | 7/11/2008 | 12/4/2009 | Doc 95-3 | 7/11/2008 | 7/11/2008 | 84 |
| 218 | 104267 | Ticnor Kevin | 6/14/1985 | CURRENT | 12/4/2009 | Doc 95-3 | 12/4/2006 | 12/31/2011 | 265 |
| 219 | 104267 | Ticnor, Joyce | 8/27/1993 | CURRENT | 2/17/2010 | Doc 108-1 | 2/17/2007 | 12/31/2011 | 254 |
| 220 | 208202 | To ThuyTrinh | 11/8/2006 | CURRENT | 12/4/2009 | Doc 94-8 | 12/4/2006 | 12/31/2011 | 265 |
| 221 | 201008 | Tran Luyen | 9/15/2003 | CURRENT | 12/4/2009 | Doc 95-3 | 12/4/2006 | 12/31/2011 | 265 |
| 222 | 103603 | Tran Phuoc | 9/24/1992 | CURRENT | 12/4/2009 | Doc 94-8 | 12/4/2006 | 12/31/2011 | 265 |
| 223 | 104096 | Tran Son | 1/14/1992 | CURRENT | 12/4/2009 | Doc 95-3 | 12/4/2006 | 12/31/2011 | 265 |
| 224 | 201445 | Truong Hien Quang | 11/26/2003 | 3/26/2007 | 12/4/2009 | Doc 94-8 | 12/4/2006 | 3/26/2007 | 16 |
| 225 | 209148 | Ulloa-Alvarado Jose | 5/9/2007 | 2/7/2009 | 12/4/2009 | Doc 94-8 | 5/9/2007 | 2/7/2009 | 91 |
| 226 | 105912 | Valdes Celso E. | 6/1/2000 | 4/5/2008 | 5/18/2010 | Doc 129-1 | 5/18/2007 | 4/5/2008 | 46 |
| 227 | 102282 | Valdez David | 4/11/2001 | 6/4/2009 | 12/4/2009 | Doc 94-8 | 12/4/2006 | 6/4/2009 | 130 |
| 228 | 200917 | Valdez Manuel | 8/27/2003 | CURRENT | 12/4/2009 | Doc 94-8 | 12/4/2006 | 12/31/2011 | 265 |
| 229 | 201056 | Valasquez, Noe | 9/17/2003 | 6/19/2008 | 12/28/2008 | Doc 20 | 12/28/2005 | 6/19/2008 | 129 |
| 230 | 209157 | Vendrell-S Tomas | 5/9/2007 | 1/28/2011 | 12/4/2009 | Doc 94-8 | 5/9/2007 | 1/28/2011 | 194 |
| 231 | 101658 | Villalobos Abran | 8/15/2001 | 2/8/2010 | 12/4/2009 | Doc 94-8 | 12/4/2006 | 2/8/2010 | 166 |
| 232 | 103761 | Vlasak Gordon | 7/19/1999 | CURRENT | 12/4/2009 | Doc 95-3 | 12/4/2006 | 12/31/2011 | 265 |
| 233 | 104737 | Waller Geraldine | 9/6/1990 | CURRENT | 12/4/2009 | Doc 95-3 | 12/4/2006 | 12/31/2011 | 265 |
| 234 | 104257 | Weiss Frank | 1/18/1985 | CURRENT | 12/4/2009 | Doc 95-3 | 12/4/2006 | 12/31/2011 | 265 |
| 235 | 208543 | Wel James A | 1/10/2007 | 1/18/2008 | 12/4/2009 | Doc 94-8 | 1/10/2007 | 1/18/2008 | 53 |
| 236 | 214409 | Whitney Rhonda | 10/14/2008 | 4/17/2009 | 12/4/2009 | Doc 94-8 | 10/14/2008 | 4/17/2009 | 26 |
| 237 | 213462 | Wickwire, Chantal | 7/2/2008 | 12/11/2009 | 2/17/2010 | Doc 108-1 | 7/2/2008 | 12/11/2009 | 75 |
| 238 | 210731 | Wounded Arrow Ashley W | 12/5/2007 | 6/16/2008 | 12/4/2009 | Doc 95-3 | 12/5/2007 | 6/16/2008 | 28 |
| 239 | 208193 | Xon-Morales Manuel | 11/8/2006 | 6/16/2009 | 12/4/2009 | Doc 94-8 | 12/4/2006 | 6/16/2009 | 132 |
| 240 | 208698 | Yak, Wol O | 1/31/2007 | 2/26/2007 | 3/2/2010 | Doc 113-1 | 3/2/2007 | 2/26/2007 | 0 |
| 241 | 201346 | Younis Kawther | 10/29/2003 | CURRENT | 12/4/2009 | Doc 94-8 | 12/4/2006 | 12/31/2011 | 265 |
| 242 | 209435 | Yual John | 7/11/2007 | 11/14/2009 | 12/4/2009 | Doc 94-8 | 7/11/2007 | 11/14/2009 | 122 |
| 243 | 401168 | Zaw Than | 2/17/2009 | CURRENT | 12/4/2009 | Doc 94-8 | 2/17/2009 | 12/31/2011 | 150 |

| Employee # | Employee Name | Hire Date | Employment End Date | Consent Filing Date | Opt-in ECF Doc Number | Claim Period Start Date | Claim Period End Date | Claim Weeks from Employment Period |
|---|---|---|---|---|---|---|---|---|
| | **Additional Opt-In Plaintiffs** | | | | | | | 37273 |
| | | | | | | | | |
| 244 | 205389 | Ambrose, Ahren | 2/15/2006 | 10/10/2008 | 12/4/2009 | | 12/4/2006 | 10/10/2008 | 97 |
| 245 | 101648 | Kilson, Benny | 5/9/1997 | CURRENT | 12/4/2009 | | 12/4/2006 | 12/31/2011 | 265 |
| 246 | 100472 | Nava, Leonardo Gomez | 3/5/2003 | CURRENT | 12/4/2009 | | 12/4/2006 | 12/31/2011 | 265 |
| 247 | 209847 | Perez, Ofelia | 9/6/2007 | 1/26/2008 | 12/4/2009 | | 9/6/2007 | 1/26/2008 | 20 |
| | | | | | | | | 646 |
| | | | | | | | **Grand Total** | 37919 |

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MARIA GUZMAN MORALES and MAURICIO GUAJARDO, on behalf of themselves and all other similarly situated,** | ) ) ) ) ) | **Case No. 8:08-CV-504** |
| **Plaintiffs,** | ) ) ) | **[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF COLLECTIVE ACTION SETTLEMENT** |
| **vs.** | ) ) | |
| **FARMLAND FOODS, INC., a Delaware Corporation and subsidiary of Smithfield Foods,** | ) ) ) ) | |
| **Defendant.** | ) | |

This matter is before the Court on the parties' joint motion for preliminary approval of collective action settlement, Filing No. ___.

The Court has reviewed the proposed Settlement Agreement.  The settlement provides for a Maximum Settlement Amount of $275,000.00.   The settlement requests Service Awards totaling $35,000 to the Named Plaintiffs and certain Class Members, leaving a Net Settlement Amount of $240,000.00 available to be allocated *pro rata* among Eligible Class Members, based on their length of service during the relevant claim period.  The settlement also provides that Farmland Foods will pay the employer's share of the FICA and FUTA taxes as to the wage portions distributed to Eligible Class Members, as well as the fees and expenses of the Claims Administrator. Those payments will not reduce the Maximum Settlement Amount,

Although this is an FLSA settlement and not a Rule 23 settlement, the Settlement Agreement provides additional due process to Class Members and the ability to receive notice of the proposed settlement.  Specifically, Class Members will have the opportunity to submit a

1

Claim Form to receive money under the settlement, or to opt out of the settlement. As to any Class Members who fails to respond by either submitting a Claim Form or opting-out, at Farmland's election that person will not be bound by the settlement and will be dismissed without prejudice, consistent with this Court's previous treatment of Class Members who failed to respond to written discovery. Alternatively, Farmland has the option to include the non-responding Class Member in the settlement, in which case that person's share of the settlement fund will be mailed to that person's last known address. Any amounts from un-cashed checks after a one-year period are to be transferred to a *cy pres* recipient. The settlement provides a process for the *cy pres* recipient to be selected as part of the final settlement approval process.

Plaintiffs have requested that the Court include four additional persons in the settlement class. These persons are Benny Kilson, Ofelia Perez, Leonardo Gomez Nava and Ahren Ambrose. These persons submitted opt-in consent forms but those forms were not filed. Plaintiffs have asked that their consent forms be considered filed as December 4, 2009. Farmland Foods does not oppose Plaintiffs' request to include these four persons as stated, for purposes of the settlement.

All matters relating to the claim of the Named Plaintiffs and the Class Members for attorneys' fees and expenses as a prevailing party pursuant to the Fair Labor Standards Act are deferred for briefing and determination by the Court. The Court will decide this issue upon the Motion for Attorneys' Fees and Expenses, which shall be filed by Class Counsel ten (10) days after the Effective Date. Farmland's response shall be due within thirty (30) days, and Class Counsel shall have thirty (30) days to file their reply. This Order is without prejudice to the rights of the Parties to separately negotiate and enter into, if they mutually so agree, a resolution

of all issues as to any claims for an award of attorneys' fees and expenses, subject to Court approval.

The parties have agreed for Rust Consulting to serve as administrator of the settlement, and have agreed to a schedule and procedure for providing those to Class Members. The settlement provides for Farmland Foods to pay the fees and expenses of the Claims Administrator, and those fees and expenses do not reduce the settlement amounts to any Class Member.

The parties have shown that counsel for the respective parties have mediated this dispute and have negotiated the terms of the proposed settlement. Further, they have shown that the proposed settlement is the result of protracted, arm's length negotiations based on a comprehensive investigation of the facts and law, including extensive discovery. Plaintiffs have shown that the proposed settlement is in the best interests of the Class, based on the claims and defenses in this action, the action's procedural posture, the risk of an adverse or partially adverse result and the anticipated time and expense of trial.

The proposed settlement between the plaintiff class and the defendant Farmland Foods appears, on preliminary review, to be within the range of reasonableness and, accordingly, the Court finds the proposed Settlement Agreement should be submitted to Class Members for their consideration and a fairness hearing should be scheduled. The parties have submitted a Notice of Proposed Class Action Settlement and Claim Form to the Court. The Court has reviewed the Notice and Claim Form and finds that they are satisfactory. Accordingly,

IT IS SO ORDERED:

1.      The parties' joint motion for preliminary approval of collective action settlement is granted.

2.      The proposed Settlement Agreement is preliminarily approved.

3.      Solely for purposes relating to the settlement, the Court grants Plaintiffs' request to include Benny Kilson, Ofelia Perez, Leonardo Gomez Nava and Ahren Ambrose in the settlement class, and to deem the consent forms of these four individuals to have been filed on December 4, 2009.

4.      Rust Consulting, Inc. is approved as the Claims Administrator of the proposed settlement.

5.      The Notice of Proposed Class Action Settlement and Claim Form are approved.

6.      The parties' agreed-upon implementation schedule for completing the settlement process is approved.

7.      The Claim Administrator shall mail the Notice of Proposed Class Action Settlement and Claim Forms, in substantially the form approved by the Court to all Class Members in accordance with the implementation schedule.

8.      A Fairness Hearing is set before the undersigned on _____, at _____ a.m., in Courtroom No. 3, Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Omaha, Nebraska.

9.      The Motion for Attorneys' Fees and Expenses shall be filed pursuant to the briefing schedule set forth above.

DATED this ___ day of _____, 2012.

BY THE COURT:


s/ Joseph F. Bataillon_____
United States District Judge

4843-3450-8559, v. 1

4

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARIA GUZMAN MORALES & | ) | |
| MAURICIO R. GUAJARDO, | ) | |
| on behalf of themselves and all other | ) | |
| similarly situated individuals, | ) | |
| | ) | |
| Plaintiffs, | ) | CASE NO.  8:08-cv-504 |
| | ) | |
| v. | ) | |
| | ) | |
| FARMLAND FOODS, INC, | ) | |
| | ) | |
| Defendant. | ) | |

## IMPORTANT – Please Read This Notice Carefully.  Your Rights Are Affected.  You Are Entitled To Money From This Settlement.

**TO:**   **All individuals who signed Opt-In Consent Forms that were filed in the Collective Action, *Morales, et al v. Farmland Foods, Inc.*, Case No. 8:08-cv-00504 (D. Neb.).**

**RE:**   **Settlement of Claims for Alleged Unpaid Overtime Violations**

**IF YOU WISH TO PARTICIPATE IN THIS SETTLEMENT, YOU MUST SIGN AND RETURN THE ATTACHED CLAIM FORM TO THE CLAIMS ADMINISTRATOR BY [INSERT DATE].**

## INTRODUCTION

The purpose of this Notice is to inform you of a proposed settlement (the "Settlement") of the collective action lawsuit entitled *Morales, et al. v. Farmland Foods, Inc.*, currently pending in the United States District Court for the District of Nebraska (the "Court"), Case No. 8:08-cv-00504 (the "Lawsuit").   The Lawsuit was filed by Plaintiffs Maria Guzman Morales and Mauricio Guajardo, on behalf of themselves and others similarly situated ("Plaintiffs"), against Defendant Farmland Foods, Inc. ("Farmland") and alleges that Farmland violated the Fair Labor Standards Act ("FLSA") by failing to pay overtime wages to its hourly production workers.   You received this Notice because you previously signed an Opt-In Consent Form in this Lawsuit and became an Opt-In Plaintiff in this case.   Your rights are therefore affected by the proposed Settlement.

**THIS NOTICE INFORMS YOU ABOUT:**

1.   THE TERMS OF THE PROPOSED SETTLEMENT OF THE CASE;

2. HOW YOU MUST SUBMIT THE ENCLOSED "CLAIM FORM" TO RECEIVE A SHARE OF THE SETTLEMENT FUNDS;

3. YOUR OPTION TO DISPUTE THE NUMBER OF WEEKS YOU WORKED AT FARMLAND'S CRETE, NEBRASKA FACILITY DURING YOUR CLAIM PERIOD;

4. YOUR OPTION TO FILE WITH THE COURT ANY OBJECTIONS YOU MAY HAVE TO THE SETTLEMENT;

5. YOUR OPTION TO EXCLUDE YOURSELF FROM THE PROPOSED SETTLEMENT BY "OPTING OUT"; AND

6. THE MOTION FOR ATTORNEYS' FEES AND EXPENSES THAT WILL BE FILED BY CLASS COUNSEL.

| | |
|---|---|
| **1.** | **Why Should You Read This Notice?** |

This Notice informs you about the Settlement in this case. On _____, the Court preliminarily approved the Settlement. The Settlement will resolve your claim for unpaid overtime compensation against Farmland. The Court will hold a Settlement Fairness Hearing concerning the proposed settlement on_____, 2012 at _____ a.m., in Courtroom 3 of the United States District Court for the District of Nebraska, located at 111 South 18th Plaza, Omaha, Nebraska 68102.

| | |
|---|---|
| **2.** | **What Is This Case About?** |

On November 13, 2008, Plaintiffs filed their Complaint in the United States District Court for the District of Nebraska against Farmland. The Lawsuit alleges that Plaintiffs and those similarly situated were not paid for all of the hours they worked, including overtime, in violation of the Fair Labor Standards Act ("FLSA"). Plaintiffs sought monetary damages for unpaid overtime wages, along with attorneys' fees and costs of suit. Farmland denies all of the allegations in the Lawsuit and has asserted defenses to Plaintiffs' claims. Nothing in this Notice or the proposed Settlement shall be construed as an admission, concession, or indication by or against Farmland of any fault, wrongdoing, or liability whatsoever. The Court has expressed no opinion regarding the merits of Plaintiffs' claims, or regarding whether Farmland has any liability.

**YOU WILL GET MONEY FROM THIS SETTLEMENT PROVIDED THAT YOU SUBMIT A VALID AND TIMELY CLAIM FORM IN ACCORDANCE WITH THE INSTRUCTIONS SET FORTH BELOW.**

| | |
|---|---|
| **3.** | **Who Are the Attorneys Representing the Plaintiffs?** |

Plaintiffs and the Opt-In Plaintiffs, including you, are represented in this Lawsuit by attorneys at the law firms of Schneider Wallace Cottrell Brayton Konecky LLP; Berger & Montague, P.C.; The Downey Law Firm, LLC; and Welsh & Welsh, P.C., L.L.O. ("Class Counsel"). The contact information for these attorneys appears below:

**SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP**
Todd M. Schneider
Carolyn H. Cottrell
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
TTY: (415) 421-1665
ccottrell@schneiderwallace.com
www.schneiderwallace.com

**THE DOWNEY LAW FIRM, LLC**
Philip A. Downey
P.O. Box 1021
Unionville, Pennsylvania 19375
Telephone: (610) 324-2848
Facsimile: (610) 347-1073
downeyjustice@gmail.com

**BERGER & MONTAGUE, P.C.**
Shanon J. Carson
1622 Locust Street
Philadelphia, Philadelphia 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
scarson@bm.net
www.bm.net

**WELSH & WELSH, P.C., L.L.O.**
Christopher P. Welsh
9290 Dodge Road
100 The Mark
Omaha, Nebraska 68114
Telephone: (402) 384-8160
Toll Free: (866) 384-8160
Facsimile: (402) 384-8211
cwelsh@welsh-law.com

| |
|---|
| **4.     The Settlement Amount You Will Receive Is Based Upon How Many Weeks You Worked at Farmland During The Relevant Time Period.  You Have The Right To Dispute Farmland's Records Concerning The Number Of Weeks You Worked.** |

To receive any money from the Settlement, you **must** complete the attached Claim Form and sign it under penalty of perjury.  Class Counsel, appointed and approved by the Court for Settlement purposes only, will represent you.  You need to complete the Claim Form and promptly mail it to the Settlement Claims Administrator.

Your monetary award from the Settlement will be calculated by the Claims Administrator based on the total number of weeks that you worked as an hourly production worker for Farmland at its Crete, Nebraska facility, beginning no earlier than three years prior to the date on which your Opt-In Consent Form was filed with the Court (your "Claim Period").  Specifically, Farmland's records indicate that you worked ___ weeks at Farmland during your Claim Period.

However, if you believe that this is incorrect, you must explain your disagreement in a letter and mail it, along with any documentation supporting your claim, to the Claims Administrator at the address provided below:

INSERT ADDRESS

For your explanation and documentation to be considered, they must be received by _____, 2012.  In the event of a dispute about the number of weeks that you worked at Farmland, the Claims Administrator will review Farmland's records and your records and will then resolve the dispute.

| **5.** | **The Total Amount Of The Settlement And How It Will Be Divided.** |
|---|---|

Farmland has agreed to pay a Maximum Settlement Amount of $275,000.00 to settle the Lawsuit, which includes 247 Plaintiffs.  Deductions from this amount will be made to cover service awards of $5,000.00 to each of the Named Plaintiffs and $2,500.00 to each of the ten (10) Class Members who gave depositions.  After deductions of these amounts, what remains of the Settlement (the "Net Settlement Amount") will be available to pay all Settlement Awards for the 247 Class Members.  **The Net Settlement Amount will be divided among Class Members as follows**:

> Each Class Members' settlement share will be determined by the Claims Administrator based on the total number of weeks that each Class Member worked during the period beginning three years before his or her Opt-In Consent Form was filed with the Court, until the Eligible Class Member's termination date or the date on which the Court enters the Preliminary Approval Order, whichever is earlier.  Each of these weeks will be treated as a "Week" for purposes of calculating the Settlement Award, and each "Week" shall equate to one Settlement Share.  The Settlement Shares for each Class Member will be added together, and the resulting sum will be divided into the Net Settlement Amount to reach a per share dollar figure.  The Claims Administrator will then multiply that figure by each Class Member's number of Settlement Shares to determine the Class Member's Settlement Award.

The Claims Administrator also will deduct applicable employee payroll taxes and withholdings from the Settlement payments.  Farmland will pay its share of the payroll taxes, in addition to the Maximum Settlement Amount.

**NOTE:   YOU WILL ONLY GET MONEY FROM THE SETTLEMENT IF YOU SUBMIT A VALID CLAIM FORM.  It is your responsibility to ensure that the Claims Administrator has timely received your Claim Form.  You may contact the Claims Administrator at [INSERT toll-free number] to ensure it has been received.  It is also your responsibility to keep a current address on file with the Claims Administrator to ensure receipt of your Settlement Award.  If you fail to keep your address current, you may not receive your Settlement Award.  In addition, if you do not submit a timely and valid claim**

form, the Court will dismiss your claim and you will not receive any payment under the Settlement.

| | |
|---|---|
| **6.** | **How Will the Attorneys for the Class Be Paid?** |

The attorneys for the Named Plaintiffs and the Class ("Class Counsel") will **not** be paid from the Settlement of $275,000.00.  **You do not have to pay the attorneys out of your settlement award**.  Instead, Class Counsel will file with the Court, pursuant to a briefing schedule approved by the Court, a Motion for Attorneys' Fees and Expenses, in which Class Counsel will seek an award of attorneys' fees for the time they spent litigating this case on behalf of the Class Members, plus costs of suit for the expenses they incurred in litigating this case.  The actual amount awarded will be determined by the Court, and Farmland Foods will pay the Court-ordered attorneys' fees and costs.

| | |
|---|---|
| **7.** | **In Order To Receive Your Money, You Must Release And Dismiss Your Claims For Unpaid Wages And Overtime Against Farmland.** |

If the proposed Settlement is ultimately approved by the Court, a Judgment will be entered by the Court that will dismiss with prejudice all of your claims against Farmland for unpaid wages and overtime compensation.  The Settlement defines the claims that will be released as follows:

> **"Claims Released" means all claims that could have been brought in this collective action based on the factual allegations in the original and amended complaints, whether known or unknown, up to the Effective Date. "Claims Released" include, without limitation, any and all claims, debts, penalties, liabilities, demands, obligations, guarantees, damages, action or causes of action of whatever kind or nature, whether known or unknown, that were alleged or that reasonably arise out of the acts alleged in the Collective Action, which includes all claims for time worked but not recorded as worked ("off-the-clock" claims) for wages, and including associated liquidated damages, interest, and penalty claims that were asserted or could have been asserted in this lawsuit under state or federal law between the date three years before the original filing date of the Collective Action, until the Effective Date.  This release includes all off-the-clock FLSA claims plus all off-the-clock claims under state minimum wage laws, state wage payment and collection laws, state overtime statutes, state common law and unjust enrichment, and pursuant to wage contract claims. Such off-the-clock claims include any claims derivative of wage claims being released, for the period through the Effective Date of Settlement. Class Members do not agree to release any claim covered by Workers' Compensation law.  Named Plaintiffs' and Eligible Class Members' claims for costs, expenses, and attorneys' fees shall be released when the Court issues its order on Class Counsel's petition for attorneys' fees and costs, and (i) the date when the time for appeal of that decision has expired; or (ii) any appeal has been resolved.**

| 8. | Your Right To Opt Out Of The Settlement And Object To The Settlement |
|---|---|

**If you do not wish to receive money from the settlement and be bound by the Settlement**, you must submit a written exclusion from the Settlement ("opt-out"), and it must be received by _____, 2012.  In your written request for exclusion, you must state your name, address, and telephone number and the dates of your employment with Farmland Foods at its Crete, Nebraska facility. In your request for exclusion, you must also ask the Court to dismiss your claim in the Lawsuit without prejudice. You must personally sign your request for exclusion and send it by mail to the Claims Administrator at the address provided above.  If you exclude yourself from the Settlement, then you will NOT be entitled to any Settlement Award and you will not be bound by the Settlement Agreement, or have any right to object, appeal or comment concerning the Settlement Agreement.  **Again, if you opt out, you will NOT receive any money from this Settlement.  If you opt out of this Settlement as described above, the Court will dismiss your claim without prejudice.**

**If you wish to object to the Settlement,** you must submit an objection, and it must be received by _____ , 2012, stating why you object to the Settlement.  In your objection, you must state your full name, address, and telephone number.  The objection should be mailed to the Claims Administrator at the address provided above.  If you submit a written objection, you may also, if you wish, appear at the Settlement Fairness Hearing set for _____, 2012 at __ a.m. in Courtroom 3 of the United States District Court for the District of Nebraska, located at 111 South 18th Plaza, Omaha, Nebraska 68102, to discuss your objection with the Court and the parties to the Lawsuit.

| 9. | If You Need More Information, Have Questions, Or Wish To Review A Complete Copy Of The Settlement Agreement |
|---|---|

IF YOU NEED MORE INFORMATION OR HAVE ANY QUESTIONS OR WISH TO REVIEW A COMPLETE COPY OF THE SETTLEMENT AGREEMENT, you may contact the Claims Administrator at the address and telephone number listed below, toll free.  Please refer to the Farmland Foods Class Action Settlement.

Farmland Foods Wage and Hour Settlement Administrator, c/o
Rust Consulting, Inc., 625 Marquette Avenue, Suite 880
Minneapolis, Minnesota 55402
INSERT PHONE NUMBER

## <u>ADDITIONAL INFORMATION</u>

**This Notice only summarizes the Lawsuit, the Settlement and related matters.  For more information, you may inspect the Court files at the Office of the Clerk, 111 South 18th Plaza, Omaha, Nebraska 68102, from 8:00 a.m. to 4:30 p.m., Monday through Friday or on the Court's website at http://www.ned.uscourts.gov.**

**PLEASE DO NOT TELEPHONE THE COURT FOR INFORMATION ABOUT THIS SETTLEMENT OR THE CLAIMS PROCESS.**

**Dated:** _____

4837-6087-2463, v.  1-2387-8159, v.  1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MARIA GUZMAN MORALES &** | ) | |
| **MAURICIO R. GUARJARDO,** | ) | **CASE NO. 8:08-cv-504** |
| *On behalf of themselves and all other* | ) | |
| *similarly situated individuals* | ) | |
| | ) | **CLAIM FORM** |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **FARMLAND FOODS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

_____

## TO SHARE IN THE MONETARY RECOVERY FOR THE

## FARMLAND FOODS CLASS ACTION SETTLEMENT,

## YOU MUST COMPLETE, SIGN AND RETURN THIS CLAIM FORM.

## THE CLAIM FORM MUST BE POSTMARKED NO LATER THAN  _____, 2012

The Court's records show that you previously mailed in an Opt-In Consent Form to be a Plaintiff in the lawsuit identified above.  Farmland Foods, Inc.'s records indicate that during the three years prior to the date on which your Opt-In Consent Form was filed with the Court, you were employed as a non-exempt hog processing division line employee worker in the Crete, Nebraska plant during some or all of the period from [list periods of employment]:

_____to_____

_____ to_____

Under the terms of the settlement, the good-faith estimate of the number of weeks that will be used to calculate your *pro rata* share of the Settlement Amount is _____ weeks. Under applicable law, no compensation will be paid for weeks worked *more than three years* prior to the date on which your Opt-In Consent Form was filed with the Court. Also, no compensation will be paid for weeks worked after _____ [insert date of Court order granting preliminary approval of settlement].

If this number of weeks is incorrect, please enter the number of weeks you believe you were employed as a non-exempt hog processing division line employee in the Crete, Nebraska plant during the period from _____to_____, in the space provided: _____.

By submitting this Claim form, and contingent upon final approval of the Settlement by the Court, you are releasing the following claims, and will be barred from prosecuting any and all such claims against Farmland Foods, Inc. and the Released Parties as defined in the Settlement Agreement:

Each Class Member fully releases and forever discharges the Released Parties from any and all Claims Released, that could have been brought in this collective action based on the factual allegations in the original and amended complaints, whether known or unknown, up to the Effective Date. "Claims Released" include, without limitation, any and all claims, debts, penalties, liabilities, demands, obligations, guarantees, damages, action or causes of action of whatever kind or nature, whether known or unknown, that were alleged or that reasonably arise out of the acts alleged in the Collective Action, which includes all claims for time worked but not recorded as worked ("off-the-clock" claims) for wages, and including associated liquidated damages, interest, and penalty claims that were asserted or could have been asserted in this lawsuit under state or federal law between the date three years before the original filing date of the Collective Action, until the Effective Date.  This release includes all off-the-clock FLSA claims plus all off-the-clock claims under state minimum wage laws, state wage payment and collection laws, state overtime statutes, state common law and unjust enrichment, and pursuant to wage contract claims. Such off-the-clock claims include any claims derivative of wage claims being released, for the period through the Effective Date of Settlement. Class Members do not agree to release any claim covered by Workers' Compensation law.  Named Plaintiffs' and Eligible Class Members' claims for costs, expenses, and attorneys' fees shall be released when the Court issues its order on Class Counsel's petition for attorneys' fees and costs, and (i) the date when the time for appeal of that decision has expired; or (ii) any appeal has been resolved.

Name (First, Middle, Last):

|  |
|--|
|  |

(Please include any names used while you were employed by Farmland Foods)

|  |  |
|--|--|
|  |  |

Street Address:                                  City, State, Zip:

|  |  |
|--|--|
|  |  |

If your address changes, send the Claims Administrator your new address. It is your responsibility to keep your address on file with the Claims Administrator so that you can be sure to receive your Settlement Award.

Date: _____        Signature: _____