IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARIA GUZMAN MORALES and MAURICIO GUARJARDO, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FARMLAND FOODS, INC., a Delaware Corporation and subsidiary of Smithfield Foods,<br><br>Defendant. | Case No. 8:08-cv-504-JFB-TDT<br><br>**MEMORANDUM OF LAW IN SUPPORT OF CO CLASS COUNSEL, PHILIP A. DOWNEY'S MOTION FOR ATTORNEYS' FEES AND COSTS** |

**I. INTRODUCTION**

Philip A. Downey (hereinafter "Downey") files this Motion independent of co counsel as a result of travelling on the west coast on business and being unable to coordinate his motion for fees and costs with co lead counsel. Thus, Downey files his motion to recover his respective attorneys' fees separate and apart from co class counsel Berger Montague and Schneider Wallace.

The instant Motion is filed Pursuant to Federal Rule of Civil Procedure 23(h) and as set forth in the parties' Settlement Agreement, Philip A. Downey (hereinafter "Downey"), as Co Class Counsel for Plaintiffs and the class respectfully seeks approval of his attorneys fees an award of his attorneys' fees, separate and apart from the attorneys' fees requested by co lead counsel, Berger Montague and Schneider Wallace in the amount of $55,755, plus out-of-pocket costs in the amount of $2068.73. *Billing Statement and Expense Statement of Downey*, attached hereto as Exhibits A & B, respectively. Downey hereby submits this motion for attorneys' fees and costs as co lead counsel for the Farmland Class.

Plaintiffs filed this class action in the United States District Court for the District of Nebraska November 13, 2008. Plaintiffs allege that Defendant violated the Fair Labor Standards Act ("FLSA") by failing to pay its nonexempt hourly production and support employees the minimum wage and the overtime wages to which they are entitled by law. The alleged uncompensated time includes time that employees spent donning and doffing personal protective equipment ("PPE"), obtaining and sanitizing PPE obtaining tools, equipment and supplies necessary for the performance of their work, sharpening tools, and walking and waiting to perform these work activities. Nebraska Beef denies liability.

1

After a mediation before Joan Morrow, Esq., an experienced and respected mediator, and extended arms'-length negotiations, the parties were finally able to reach a class wide settlement of this dispute. The total amount of the settlement is $275,000.00, exclusive of attorneys' fees and costs. The settlement is fair, reasonable, and extremely beneficial to the members of the Settlement Class. *See*, Joint Motion For Final Approval of Class and Collective Action Settlement. The Court granted preliminary approval of this settlement on March 21, 2012. (Dkt. No. 426.)

Downey now seeks, an award of his reasonable attorneys' fees in the amount of, $55,755, and $2068.73 as reimbursement for his personnel out-of-pocket expenses incurred in bringing this lawsuit. This amount will compensate Downey for work already performed in this case and for all of the work remaining to be performed, including making sure that the settlement is fairly administered and implemented, preparing for and attending the final fairness hearing, and obtaining dismissal of the action. The requested attorneys' fees are also in line with Eighth Circuit precedent for attorneys' fees in similar cases.

## II. LEGAL ARGUMENT

### A. The Court Should Award The Attorneys' Fees Requested By Downey.

The Eighth Circuit has declared that a strong judicial policy favors the settlement of class actions. *Little Rock School District v. Pulaski County Special School District No. 1*, 921 F.2d 1371, 1388 (8th Cir. 1990) ("Strong public policy favors agreements, and courts should approach them with a presumption in their favor."); *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1149 (8th Cir. 1999). A court should approve settlement pursuant to Rule 23(e) if a settlement "is fundamentally fair, adequate and reasonable." *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993) (internal quotation marks omitted); accord *In re Mego Fin. Corp. Sec.*

*Litig.*, 213 F.3d 454, 458 (9th Cir. 2000) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).

The Settlement that has been finally approved by the Court is not only fair and adequate, but an excellent and highly successful result for the Class. Plaintiffs and Class Members who submitted claims will receive substantial amounts for payment of relatively small amounts of unpaid time and unreimbursed expenses.

An award of attorney fees is within the sound discretion of the Court. Fed. R. Civ. P. 23(h); *Petrovic*, 200 F.3d at 1157. Substantial fee awards in successful cases, such as the present action, encourage and support meritorious class actions, and thereby promote private enforcement of, and compliance with, federal laws, including federal laws prohibiting wage theft. The continued viability of wage-and-hour laws, like the viability of other remedial statutes, depends on the ability of private litigants to seek redress through litigation. The success of these lawsuits depends on the availability and willingness of attorneys to bring them. Substantial fee awards also encourage reputable law firms with skilled, capable attorneys to take the risk of serving as "private attorneys general." Indeed, "[a]bsent an award of fees that adequately compensates Class Counsel, the entire purpose and function of class litigation under Rule 23 of the Federal Rules of Civil Procedure will be undermined and subverted to the interest of those lawyers who would prefer to take minor sums to serve their self-interest rather than obtaining real justice on behalf of their injured clients." *Allapattah Services, Inc. v. Exxon Corp.*, 454 F. Supp. 2d 1185, 1217 (S.D. Fla. 2006).

Despite having been approved at $500 per hour in cases in other jurisdictions, Downey has reduced his hourly rate to be in accordance with local rates charged by attorneys in Eastern Nebraska, thus Downey has reduced his hourly rate to $250 per hour for purposes of this case.

### B. Downey's Requested Fee Satisfies Each Of The Criteria Relied Upon By Courts In The Eighth Circuit To Determine Reasonable Attorneys Fees.

In *Zihaver v. UnitedHealth Group, Inc.*, 646 F.Supp.2d 1075 (D. Minn. Aug. 20, 2009) (same), the Court considered the following factors in analyzing the propriety of awarding requested attorneys' fees and costs: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the requisite skill required to perform the legal service properly; (4) preclusion of other employment by the attorney due to case acceptance; (5) customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) the limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) the attorneys reputation, experience and ability; (10) the case's undesirability; (11) nature and length of the professional relationship with the client; and (12) awards in similar cases. *See, Id*. Not all factors apply to every case, and courts use their discretion to tailor the considerations to the individual facts of the cases before them. *Griffin v. Jim Jamison, Inc.*, 188 F.3d 996-997 (8th Cir. 1999); *Zilhaver*, 646 F.Supp. 2d at 1082-1083. Accordingly, Downey address the applicable factors below.

#### 1. Substantial Time And Labor Was Involved And Downey Assumed Great Risk

Downey, a solo practitioner at the time this matter was filed, assumed a substantial risk in taking this case. Downey took the case on a fully contingent basis, and invested time, effort and money with no guarantee of any recovery. *Fee Agreements with Guarjardo and Guzman, and English Translations thereof*, are attached hereto as Exhibit "C". Downey also proceeded knowing that there was a chance that Farmland Foods, Inc. would prevail and that, even if Plaintiffs prevailed, there was a chance that the case would take years to bring to trial and would not be resolved without an appeal. The risk of no recovery in complex class actions of this type

4

is very real. *See, Armstrong v. Whirlpool Corp.*, 2007 U.S. Dist. LEXIS 14635 (M.D. Tenn. 2007) (denying class certification of employment claims).

This case involved a tremendous amount of work on the part of Downey, and his Co Counsel, to bring to a successful conclusion. Since the case was filed in 2008, many thousands of documents were produced and reviewed, and numerous depositions were taken. See Ex. A to Joint Motion for Preliminary Approval, Dkt. No. 425-1 (Cottrell Preliminary Approval Decl. at ¶¶ 6 and 7).

From the outset, Defendant has denied any liability and continues to do so today. Farmland Foods claims that it properly paid its workers. This case did not lend itself to easy proof of liability or damages given that off-the-clock work cases are guided by a fact intensive inquiry. The risks of the case and litigation obstacles were great, but Downey and co lead counsel, nevertheless, achieved an extremely successful result. In addition, the questions involved in the case were novel in that there were relatively few donning and doffing FLSA cases decided in the District of Nebraska when the case was filed in 2008. Thus, the first and second factors weigh heavily in favor of the fee award sought by Downey.

**2. Downey and Class Counsel Obtained an Excellent Result for the Class**

The eighth factor considers the result obtained. The total value of this settlement is $275,000, which will provide very substantial relief to the Eligible Class Members. The settlement will compensate workers for relatively small periods of unpaid time incurred in the performance of their work duties. As a result of the settlement, the Eligible Class Members will be provided with substantial monetary awards for claims that were almost certainly too small for them, or for any attorneys, practically speaking, to pursue on an individual basis.

5

### 3. The Case Required Significant Skill Of Experienced Counsel To Bring To A Successful Conclusion.

Downey, Berger Montague and Schneider Wallace are nationally recognized leaders in employment class actions and put the full use of their skill and experience to work in the service of Plaintiffs and the Class in this case. See Ex. A to Joint Motion for Preliminary Approval, Dkt. No. 425-1 (Cottrell Preliminary Approval Decl. at ¶ 2-5). *See also, Downey Declaration,* attached hereto as Exhibit "D". Class Counsel's highly-informed, diligent and efficient prosecution of this matter positioned Plaintiffs to successfully settle this case, affording redress to the settlement class, and avoided the expenses and risk attendant with a protracted trial and possible appeal.

The quality of opposing counsel is also important in evaluating the quality of Class Counsel's work.[1] As the Court is aware, Defendant is represented by experienced and skilled lawyers (Dale Owens represents Smithfield and its subsidiaries in multiple matters around the country) from law firms with a reputation for vigorous advocacy in the defense of complex cases. The ability of Class Counsel to obtain this settlement in the face of such legal opposition confirms the quality of Class Counsel's representation. Accordingly, the third and ninth factors strongly support the requested fee.

### 4. The Reaction Of The Settlement Class Supports The Requested Fee

To date, 130 valid and timely Claims Forms have been returned by Class Members to participate in this settlement, representing approximately 57% of the class and approximately 55% of the maximum potential value of the Net Settlement Amount. See Ex. 3 to filed in support

---

[1] See *In re KeySpan Corp. Sec. Litig.*, No. CV 2001-5852 (ARR) (MDG), 2005 U.S. Dist. LEXIS 29068, at *35 (E.D.N.Y. Aug. 25, 2005) ("The quality of opposing counsel is also important in evaluating the quality of Class Counsel's work.").

of Joint Motion For Final Approval (Roe Decl. at ¶ 15).  A single Class Member objected to the settlement, and only one person requested an exclusion.  These facts weigh heavily in favor of approval of Class Counsel's requested fee.

Case law makes clear that the paucity of objections to a proposed class settlement and request for attorneys' fees is strong evidence that the fees are fair and reasonable. *DeBoer v. Mellon Mortgage Co.*, 64 F.3d 1171, 1178 (8th Cir. 1995) ("The fact that only a handful of class members objected to the settlement similarly weighs in [class counsel's] favor."); *Xcel Energy, Inc.* 364 F.Supp.2d at 996 ("The court considers both the number and the quality of objections when determining how the class has reacted to an attorney fee request."). "[N]umerous courts have [noted] that 'the lack of objection from members of the class is one of the most important'" factors in determining reasonableness of the requested fee. *In re Prudential Sec. Ltd. P'ships. Litig.*, 985 F. Supp. 410, 416 (S.D.N.Y. 1997); *Maley v. Del Global Technologies Corp.*, 186 F. Supp. 2d 358, 374 (S.D.N.Y. 2002) ("The reaction by members of the Class is entitled to great weight by the Court."); *In re Crazy Eddie Sec. Litig.*, 824 F. Supp. 320, 327 (E.D.N.Y. 1993) (holding that the lack of objections to the requested fee supported its reasonableness); *Stoetzner v. United States Steel Corp.*, 897 F.2d 115, 118-19 (3d Cir. 1990) (objections by "only" 10% of the class "strongly favors settlement").  Only one objection here strongly supports Class Counsels' fee request.

### C. Class Counsel's Expenses Are Reasonable And Should Be Reimbursed

Downey has incurred expenses in this litigation in the amount of $2068.73.  The expenses are of the type typically billed by attorneys to paying clients in the marketplace and include such costs as copying fees, computerized research and travel and lodging in connection with this litigation.  All of the expenses were reasonable and necessary for the successful prosecution of this case and should be approved.

8

**III. CONCLUSION**

      For the foregoing reasons, Downey submit that the Settlement Agreement provides an excellent resolution of this wage and hour case, and Downey respectfully requests that the Court approve his request for $55,755 in attorneys' fees and $2068.73 in reimbursement of out-of-pocket costs.

Date: September 10th, 2012                                      Respectfully submitted,

                                                                    s/ Philip A. Downey
                                                                    Philip A. Downey (admitted *pro hac vice*)
                                                                    The Downey Law Firm, LLC
                                                                    P.O. Box 1021
                                                                    Unionville, PA 19375
                                                                    Phone: 610-324-2848
                                                                    Fax: 610-813-4579
                                                                    downeyjustice@gmail.com

                                                                    Attorneys for Plaintiffs and the Class